IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS, Natural Parent of <br> DERAVIS CAINE ROGERS, Deceased <br>     Plaintiff, <br><br> v. <br><br> CITY OF ATLANTA, a municipal <br> corporation of the State of Georgia; <br> GEORGE N. TURNER, individually and <br> in his official capacity as Chief of Police <br> of the City of Atlanta Police Department; and <br> JAMES BURNS, individually and in his <br> official capacity as a Police Officer of the <br> City of Atlanta Police Department <br>     Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 1:16-CV-02578-TCB |

**CITY DEFENDANTS' MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME Defendants City of Atlanta ("City") and Police Chief George N. Turner,[1] individually and in his official capacity as Chief of Police of the City of Atlanta ("City Defendants") and file their Motion to Dismiss Plaintiffs' Complaint and Incorporated Brief in Support of Motion to Dismiss.

I. **STATEMENT OF THE CASE**

Plaintiff Melva Rogers ("Plaintiff") brought suit against City Defendants pursuant to 42 U.S.C. Section 1983. Specifically, Plaintiff alleges City Defendants

---

[1] Chief Georgia N. Turner is appearing by special appearance as he has not yet been served.

1

violated Deravis Rogers ("Rogers") Fifth and Fourteenth Amendment rights.[2] Plaintiff is seeking exemplary and compensatory damages as well as attorney's fees.

## II.     STATEMENT OF FACTS

Plaintiff's case has its genesis in an incident occurring on June 22, 2016.[3] On that date, Defendant Burns was dispatched to the Monroe Place Apartments to assist an off-duty officer who saw a suspicious person breaking into vehicles.[4] As Defendant Burns entered the apartment complex, he observed a car driving toward his patrol car.[5] Despite the fact that Defendant Burns activated his lights and sirens in an effort to stop the vehicle driven by Deravis Rogers, the vehicle did not stop.[6] Rather, Mr. Rogers continued driving so Defendant Burns jumped out of his car and fired his weapon into the vehicle, ultimately killing Rogers.[7] The Atlanta Police Department subsequently investigated the shooting and found that Defendant Burns violated the Police Department's policies.[8]

---

[2] *See generally*, Complaint.
[3] *Id.* at ¶13.
[4] *Id.*
[5] *Id.* ¶14.
[6] *Id.*
[7] *Id.* at ¶¶15, 16.
[8] *Id.* at ¶20.

### III.  ARGUMENT AND CITATION OF AUTHORITY

#### A. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[9]  Dismissal is also proper if the allegations indicate the existence of an affirmative defense or other bar to relief.[10] "[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations reveal the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."[11]

#### B. PLAINTIFF'S CLAIMS AGAINST CHIEF GEORGE TURNER FAIL AS A MATTER OF LAW

Plaintiff's Complaint does not comply with the pleading requirements of the Federal Rules of Civil Procedure.  Indeed, in the landmark case of *Ashcroft v. Iqbal*,[12] the United States Supreme Court made clear that:

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[9] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[10] *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *adhered to en banc*, 764 F.2d 1400 (11th Cir. 1985).
[11] *Id.*
[12] 556 U.S. 662 (2009).

accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.[13]

Here, Plaintiff's complaint does not purport to contain any factual allegations against Chief George Turner. Nonetheless, Plaintiff has brought suit against Chief Turner in his *individual* capacity. However, such claims must be dismissed as they do not meet the threshold requirement for bringing can't such claims against them.

## C. PLAINTIFF'S CLAIMS AGAINST CHIEF TURNER, IN HIS INDIVIDUAL CAPACITY, MUST BE DISMISSED.

Plaintiff's claims against Chief Turner must also be dismissed as a matter of law. Not only can Chief Turner not be held liable under a theory of *respondeat superior* but he is entitled to immunity from Plaintiffs' federal and state claims.

### 1. Chief Turner cannot be held liable solely on a theory of *respondeat superior.*

For the same reason that the City of Atlanta cannot be held liable solely on the theory of *respondeat superior*, neither can Chief Turner. It is well settled that "liability in § 1983 cases cannot be premised solely upon a theory of *respondeat*

---

[13] *Id.* at 678.

4

*superior*."[14]  Rather, a supervisor may only be liable under the theory of *respondeat superior* where he personally participates in the unconstitutional conduct or when there is some causal connection between the supervisor's actions and the constitutional deprivation.[15]

Here, Plaintiffs' Complaint contains no allegations that Chief Turner was personally involved in the alleged unconstitutional conduct.  Plaintiffs do not allege that Chief Turner acted in a supervisory capacity; however, that is the only role Chief Turner could have played.  Additionally, Plaintiffs do not allege any specific facts from which a reasonable inference can be drawn that he was in any way aware of, much less complicit, in the alleged violations of Plaintiffs' constitutional rights.  Therefore, Plaintiffs' federal claims against Chief Turner in his individual capacity must be dismissed.

### 2. Chief Turner is entitled to qualified immunity.

Chief Turner, sued in his individual capacity, is entitled to qualified immunity and thus should be dismissed from the instant suit as a matter of law.  The doctrine of qualified immunity protects government officials performing discretionary functions from being sued in their individual capacities.[16]  The

---

[14] *Bryant v. Jones*, 575 F.3d 1281 (11th Cir. 2009).
[15] *Id.* at 1299.
[16] *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (citing *United States Dep't of State v. Ray*, 502 U.S. 164, 179

doctrine protects not only against liability, but the need for government officials to even defend against baseless lawsuits.[17]  "Only in exceptional cases will government actors have no shield against claims made against them in their individual capacities."[18]  Qualified immunity is a question of law for the court.[19]  "Because this defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss."[20]

Public officials are shielded under qualified immunity so far as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[21]  The qualified immunity analysis consists of a preliminary inquiry plus two steps.  As a preliminary matter, the defendant official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Once that inquiry is satisfied, the burden shifts to Plaintiff, whose allegations, if true, must

---

(1991) ("We must also keep in mind the fact that '[w]e generally accord . . . official conduct a presumption of legitimacy'.").
[17] *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982).
[18] *Redd v. Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998) (citing *Lassiter v. Alabama A&M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994)).
[19] *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).
[20] *Gonzalez v. Reno*, 325 F3d 1228, 1233 (11th Cir. 2003).
[21] *Harlow*, 457 U.S. at 812.

establish a constitutional violation.[22] Plaintiff must do more than refer to general rules and abstract rights to meet his burden.[23] "Qualified immunity focuses on the actual, specific details of concrete cases."[24] Only if Plaintiff's rights were violated does the court then proceed to the final step in the qualified immunity determination—whether that right was clearly established.[25] Chief Turner is entitled to qualified immunity since Plaintiff makes *no* allegations of wrongdoing against him. Therefore, he is entitled to qualified immunity.

### C. **PLAINTIFF'S CLAIMS AGAINST THE CITY OF ATLANTA MUST BE DISMISSED.**

To the extent Plaintiff has brought suit against Chief Turner in his official capacity, such a suit is, in actuality, a suit against the local government entity that the individual represents.[26] Accordingly, the court should treat the claims against Chief Turner in his official capacity as though they were asserted against the City. However, Plaintiff's claims must be dismissed as they fail to survive the rigorous standard set forth in *Monell v. Department of Social Services of the City of New York* and its progeny.

---

[22] *Wood v. Kesler*, 323 F.3d 872, 877-78 (11th Cir. 2003); *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995).
[23] *Dorsey v. Wallace*, 134 F.Supp.2d 1364, 1371 (N.D.Ga. 2000, Pannell, J.) (citing *Jones v. Cannon*, 174 F.3d 1271, 1282-83 (11th Cir. 1999)).
[24] *Jones*, 174 F.3d at 1283 (citing *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034 (1987)).
[25] *Wood*, 323 F.3d at 877-78; *Hartsfield*, 50 F.3d at 953.
[26] *Kentucky v. Graham*, 473 U.S. 159 (1985).

7

A municipal government may only be held liable under 42 U.S.C. Section 1983 where an official policy or custom causes the alleged constitutional injury.[27] A municipality may not be held liable on a theory of *respondeat superior*.[28] Municipal entities cannot be held liable simply for employing an alleged tortfeasor.[29] Instead, liability can only be imposed for injuries inflicted pursuant to an official "policy or custom" of the municipality.[30] "Where a Plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."[31] Where it is claimed that an employee was encouraged to act unlawfully by his or her recognition that the municipality would not act to stop such conduct, it must be shown that the municipality continued to adhere to an approach that it knew or should have known had failed to prevent tortious conduct in the past and was likely to result in such conduct in the future.[32] The municipality must have acted with deliberate indifference to the known or obvious

---

[27] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).
[28] *Id.* at 691.
[29] *Board of County Commissioners of Bryan County, Okla. V. Brown*, 520 U.S. 397 (1997).
[30] *Monell*, 436 U.S. at 694.
[31] *Brown*, 520 U.S. at 405.
[32] *Id.* at 407.

8

consequences.[33] Plaintiff has not satisfied this standard as to the municipal Defendant City of Atlanta.

Plaintiff must present facts showing the existence of a policy, practice, or custom leading to a violation of their constitutional rights.[34] Plaintiff must identify and produce evidence of (1) the existence of some policy, custom, or practice; (2) which is attributable to the municipality; (3) that was the moving force behind, and (4) a constitutional injury.[35] Proof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality.[36]  "A single incident would not be so pervasive as to be a custom,"[37] because a custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it."[38] Occasional acts of untrained policemen [standing alone] are not attribut[able] to city policy or custom.[39] This requirement of proof "prevents the imposition of liability based upon an isolated incident,"[40] and "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly

---

[33] *Id.*
[34] *Riley v. Newton*, 94 F.3d 632, 638 (11th Cir. 1996).
[35] *City of Oklahoma City v. Tuttle*, 471 U.S. 823-24 (1985); *Parker v. Williams*, 862 F.2d 1471, 1477-78 (11th Cir. 1989).
[36] *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).
[37] *Grech v. Clayton County*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003).
[38] *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).
[39] *Gilmere v. City of Atlanta, Ga.*, 737 F.2d 894, 904 (11th Cir. 1984) on reh'g, 774 F.2d 1495 (11th Cir. 1985).
[40] *McDowell v. Brown* 392 F.3d 1283, 1290 (11th Cir. 2004).

constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."[41]  "In the absence of a series of constitutional violations from which deliberate indifference can be inferred, the plaintiff must show that the policy itself is unconstitutional."[42]  Unless the policy itself is unconstitutional, considerably more proof than the single incident will be necessary in order to establish both the requisite fault on the part of the municipality and the casual connection between the policy and the alleged constitutional deprivation.[43]

Here, Plaintiff must first show a constitutional violation by Defendant Burns to sustain a claim against the City of Atlanta.  In her Complaint, Plaintiff alleges a violation of the Fifth Amendment (Due Process Clause/Right Against Self Incrimination) and Fourteenth Amendment (Due Process Clause/Equal Protection).  However, nothing contained in Plaintiff's Complaint supports a violation of either constitutional provision.  In fact, no constitutional violation is apparent as Plaintiff's Complaint makes clear that it was only after Mr. Rogers began driving his vehicle "toward" Defendant Burns that the officer discharged his weapon.

The Eleventh Circuit's historic recognition of the uniquely deadly nature of an automobile and the great deference provided to officers forced to defend

---

[41] *Id.* (*quoting Bd. of Cnty. Comm'rs* v Brown, 520 U.S. 397, 403-04 (1997).
[42] *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 531 (7th Cir. 2000).
[43] *Tuttle*, 471 US at 823-824; *Pembauer v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Williams v. City of Albany*, 936 F.2d 1256, 1261 (11th Cir. 1991).

themselves against such a deadly weapon.  Indeed, the Court has "'consistently upheld an officer's use of force and granted qualified immunity in cases where the decedent used or threatened to use his car as a weapon to endanger officers or civilians immediately preceding the officer's use of deadly force.'"[44]  The Court noted in *Terrell, et al. v. Smith* that:

> Officer Smith was forced to make a split-second decision concerning whether the use of lethal force was necessary. Beyond himself, two other people were within a few feet of the moving vehicle as these rapidly unfolding and uncontrolled events transpired. "Even if in hindsight the facts show that [the officer] perhaps could have escaped unharmed," Robinson, 415 F.3d at 1256, an objectively reasonable law enforcement officer could well have perceived that the moving vehicle was being used as a deadly weapon, especially after the driver had been repeatedly ordered to stop. In short, Smith was attempting to make an arrest that he had the legal right to make while standing in a position where he was legally entitled to be. Zylstra refused to heed Smith's commands to stop the vehicle and turned the car "in a dangerous and aggressive manner which provided the officers with probable cause to believe that [Zylstra] . . . posed a threat of serious physical harm or death to the officers, or other passersby, especially in light of the speed with which the incident unfolded." McCullough, 559 F.3d at 1208. The use of lethal force was objectively reasonable under the *Fourth Amendment*.[45]

Certainly, parallels can be drawn between Defendant Burns and the officer in *Terrell* as both were forced to make split second decisions in the face of a vehicle

---

[44] *Terrell, et al. v. Smith,* 668 F.3d 1244 *(11th Cir. 2012) (referencing McCullough v. Antolini*, 559 F.3d 1201, 1207 (11th Cir. 2009).  The Court further noted that "[a] panel of this Court observed that '[e]ven if in hindsight the facts show that [the officer] perhaps could have escaped unharmed,' a reasonable officer could have perceived that the vehicle was being used as a deadly weapon."  *Robinson v. Arrugueta,* 415 F.3d 1252, 1256 (11th Cir.2005),

[45] *Id. at 1255*

being driven toward them. In contrast, in *Bunn v. City of Atlanta, et al.*,[46] the Eleventh Circuit denied qualified immunity because no evidence existed that the vehicle at issue in that case was being driven toward the officer or otherwise used as a deadly weapon. Such is not the case here where Plaintiff herself admits that Mr. Rodgers was driving the vehicle toward Defendant Burns at the time that Burns discharged his weapon. As such, no constitutional violation exists.

However, even assuming a constitutional violation, Plaintiff's Section 1983 claim against the City is still baseless as Plaintiff has not properly alleged a claim for deliberate indifference. In order to state a claim for deliberate indifference, Plaintiff must show that the City of Atlanta had notice of a problem and made a conscious choice not to take action.[47] Put simply, Plaintiff must show that the internal complaint had merit *and* "that more effective citizens' complaint procedures would have prevented his injuries."[48] Here, Plaintiff's claims only that the internal affairs investigation was "cursory and untimely." Based solely on that sparse averment, Plaintiff concludes that the City has a policy of employing "certain police officers, including Defendant Burns"[49] and a "persistent and widespread practice of authorizing certain officers, including Defendant Burns, to

---

[46] 556 Fed. App'x 812 (11th Cir. 2014).
[47] *Gold v. Miami*, 151 F.3d 1346 (11th Cir. 1998).
[48] *Brooks v. Sheib*, 813 F.2d 1191, 1195 (11th Cir. 1987).
[49] Complaint, ¶31

cover up the use of excessive force."[50] However, Plaintiff has failed to allege any *facts* which show the existence of a policy, practice, or custom leading to an alleged violation of their constitutional rights. In fact, as Plaintiff points out, the Atlanta Police Department investigated Defendant Burns' actions and found him to be in violation of police department policies less than a month after the incident occurred.[51] Such action by the City evinces its intolerance of the force used against Plaintiff and not an endorsement of Burns' purported wrongdoing.[52] Thus, Plaintiff's own allegation that the Atlanta Police Department disciplined this officer after this incident specifically defeats his *Monell* claim against the City.

Further, Plaintiff's failure to provide evidence of prior notice by the City of an alleged incident which the City failed to investigate is fatal to Plaintiff's claim as further made clear in *Gold v. City of Miami*. There, the Eleventh Circuit highlighted the importance of evidence of prior incidents. The Court, while citing several other instances in which cases lacking evidence of a prior incident were dismissed, pointed out that:

> "This Court repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise. For example, in *Wright v. Sheppard*, this Court held that a sheriff's department was not liable for a deputy's acts when 'no evidence of a history of widespread prior abuse… put the sheriff on notice of the need for

---

[50] Complaint, ¶32.
[51] *Id.* at ¶20.
[52] *See generally, Skop v. City of Atlanta*, 485 F.3d 1130, 1144 (2007)

13

improved training or supervision.  Indeed, in *Church v. City of Huntsville*, this Court reversed a district Court's preliminary injunction against the City of Huntsville, holding that the plaintiffs were not likely to succeed on the merits of their failure-to-train claim without proof of a prior incident in which constitutional rights were similarly violated.  More importantly, in *Brooks v. Sheib*, even though there had been ten citizen complaints about police officer Sheib, this Court held that the City did not have any notice of past police misconduct because the plaintiff 'never demonstrated that past complaints of police misconduct had any merit. . . ."[53]

The Court's mandate that a Plaintiff have evidence of a prior instance that was known by the City and where the City failed to act is consistent with the requirement that the alleged policy or practice be the "moving force" behind the alleged constitutional violation.  Indeed, it stands to reason that unless the Atlanta Police Department (and, more specifically, the Chief of Police, as the decision to ratify such conduct must rise to the level of the chief decision maker) is aware of an incident that occurred prior to the alleged incident and deliberately fails to take action, it cannot be the moving force behind the alleged constitutional violation.  As such, Plaintiffs' Complaint against the City of Atlanta fails as a matter of law.

### D. **PLAINTIFF'S CLAIMS FOR EXEMPLARY DAMAGES AND ATTORNEY'S FEES FAILS AS A MATTER OF LAW.**

Plaintiff alleges that City Defendants acted with actual malice toward Rogers and with "willful and wanton indifference to and deliberate disregard for

---

[53] *Gold* at 1351. [Citations Omitted].

the constitutional rights"[54] of Rogers when Defendant Burns shot Rogers. However, Plaintiff's exemplary damages claim is entirely without merit as there is no independent cause of action for punitive damages in Georgia.[55] Plaintiff's claims for punitive damages are particularly without merit as it relates to the City as, absent statutory authority, punitive damages are barred against a municipality as a matter of law.[56] Finally, punitive damages cannot be awarded as a matter of public policy against the City of Atlanta, because it punishes only the taxpayers.[57] Therefore, Plaintiff's claims of punitive damages should be dismissed.

Plaintiff also seeks attorney's fees from City Defendants. Plaintiff's request for these fees must be dismissed since the underlying claims lack merit. Plaintiff's request must also be dismissed because Plaintiff cannot prove "by clear and convincing evidence that the [City Defendants'] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences"[58] despite the baseless allegations made in their complaint.

## CONCLUSION

For the foregoing reasons, City Defendants request that Plaintiff's

---

[54] Complaint, ¶27.
[55] *Franklin Credit Mgmt. Corp. v. Friedenberg,* 275 Ga. App. 236, 242 (2005).
[56] *City of Columbus v. Myszka,* 246 Ga. 571, 573 (1980); *see also Groves v. City of Atlanta*, 213 Ga. App. 455, 457 (1994).
[57] *Kent v. A.O. White*, 253 Ga.App. 492 (2002).
[58] O.C.G.A. §51-12-5.1 (b).

15

Complaint be dismissed in its entirety.

## CERTIFICATION

Counsel for City Defendants certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 1st day of August, 2016.

>	/s/ Tamara N. Baines
> **ROBERT N. GODFREY**
> Chief Counsel
> Georgia Bar No. 298550
> **TAMARA N. BAINES**
> Sr. Assistant City Attorney
> Georgia Bar No. 032460

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS, Natural Parent of DERAVIS CAINE ROGERS, Deceased<br>    Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, a municipal corporation of the State of Georgia; GEORGE N. TURNER, individually and in his official capacity as Chief of Police of the City of Atlanta Police Department; and JAMES BURNS, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>1:16-CV-02578-TCB |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2016, I electronically filed the forgoing motion with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

                                                      */s/Tamara N. Baines*
                                                      Tamara N. Baines
                                                      Sr. Assistant City Attorney
                                                      Georgia Bar No. 032460

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov