## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS, Natural Parent of | : | |
| DERAVIS CAINE ROGERS, Deceased | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | NO: 1:16-cv-02578-TCB |
| | : | |
| CITY OF ATLANTA, a municipal | : | |
| corporation of the State of Georgia; | : | |
| GEORGE N. TURNER, individually and | : | |
| and in his official capacity as Chief of Police | : | |
| of the City of Atlanta Police Department; and | : | |
| JAMES BURNS, individually and in his | : | |
| official capacity as a Police Officer of the | : | |
| City of Atlanta Police Department | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## PLAINTIFF'S RESPONSE TO CITY DEFENDANTS' MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff MELVA ROGERS, Natural Parent of DERAVIS CAINE ROGERS, Deceased Plaintiff, and hereby files *Plaintiff's Response to City Defendant's Motion to Dismiss and Incorporated Brief in Support of Its Motion to Dismiss Plaintiff's Complaint*, and show the Court the following:

## I.   <u>INTRODUCTION</u>

Defendant City of Atlanta has filed a motion to dismiss, pursuant to F.R.C.P. 12(b)(6), regarding Plaintiff's claims against Chief George Turner, in his individual and official capacity, and the claims against the City of Atlanta.  Plaintiff agrees to voluntarily dismiss without prejudice the claims against Chief Turner, and will do so by motion.  While Plaintiff agrees that the claim for exemplary damages against the City of Atlanta should be dismissed, Plaintiff opposes the dismissal of any other claims against the City of Atlanta, since the *Complaint* adequately states a claim upon which relief can be granted against the City of Atlanta, and goes far beyond the pleading requirements.  <u>See</u> *Complaint*, attached as Exhibit 1.

As shown hereon, the allegations contained within Plaintiff's *Complaint* are more than sufficient to state a claim against the City of Atlanta, under the liberal notice-pleading standard of Federal Rule of Civil Procedure 8(a), that the City of Atlanta was deliberately indifferent to Caine Rogers' clearly established constitutional rights.  <u>See</u> <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978).  The City's arguments regarding the <u>Monell</u> claims asserted in the *Complaint* are disingenuous and mischaracterize Plaintiff's allegations, and also significantly misstate the applicable law.  Applying the correct legal standard, and giving Plaintiff, as must be done at the pleading stage, the benefit

of all reasonable inferences from his allegations, this Court should deny the City of Atlanta's request that the Court dismiss the <u>Monell</u> claims.

## II.   <u>STATEMENT OF CLAIMS</u>

Plaintiff's *Complaint* states "an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the fourth and fourteen amendments to The Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia." <u>See</u> *Complaint*, ¶ 1, attached as Exhibit 1.   The claims against Chief Turner, in his official and individual capacity, were set forth in the *Complaint,* in pertinent part as follows:

Defendant GEORGE N. TURNER (hereinafter referred to as "Chief TURNER") is, and at all relevant times was, the Chief of Police for the City of Atlanta Police Department and had supervisory and managerial authority over Defendant BURNS.   In his capacity as Chief of Police, said Defendant is responsible for the management and operation of the City of Atlanta Police Department and specifically responsible for ensuring that the police officers of the City of Atlanta Police Department complied with the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police

Department. Furthermore, said Defendant is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department. Said Defendant is sued both in his official and individual capacities.

Id. at ¶ 7.

While the claims against Chief Turner in his official capacity are attributable to the City of Atlanta, Plaintiff's *Complaint* also references specific claims against the City of Atlanta, as follows:

Defendant CITY OF ATLANTA is, and at all relevant times was a municipal corporation organized and existing under the laws of the State of Georgia and is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department.

Id. at ¶ 6.

### III.   <u>STATEMENT OF FACTS</u>

The *Complaint* alleges that on "June 22, 2016, Defendant BURNS was called to the Monroe Place Apartments on 2160 Monroe Dr., NE, to assist an off-duty Atlanta Police Department officer who was patrolling the parking lot of the apartment and saw a suspicious person breaking into vehicles." <u>Id.</u> at ¶ 13.   The *Complaint* further alleges that "[a]s Defendant BURNS drove into the Monroe Place Apartments, he observed a car that was being driven driving [sic] towards his patrol car, at which point he activated his blue lights and chirped his siren, and positioned his patrol car in an attempt to stop the car, which was being driven by DERAVIS CAINE ROGERS. <u>Id.</u> at ¶ 14.  According to the *Complaint,* "[a]s DERAVIS CAINE ROGERS was driving, Defendant BURNS jumped out of his patrol car and fired his weapon into the car being driven by DERAVIS CAINE ROGERS, striking him in the head and killing him." <u>Id.</u> at ¶ 15.

Following the shooting death of Caine Rogers by Officer Burns, the Atlanta Police Department determined that Officer Burns acted without legal justification and in violation of the policies of the Atlanta Police Department, which was alleged in the *Complaint* as follows:

An investigation into this shooting by the Atlanta Police Department determined that Defendant BURNS shot into the vehicle

being driven by DERAVIS CAINE ROGERS without knowing if the person who was driving the vehicle was the person suspected of breaking into cars at Monroe Place Apartments.  This investigation also concluded that Defendant BURNS violated the policies of the Atlanta Police Department and that by shooting into the vehicle he used unnecessary and excessive force.

Id. at ¶ 20.

As further support for the constitutional violations against the City of Atlanta, the *Complaint* alleges that "[p]rior to and at the time Defendant BURNS discharged his firearm, Defendant BURNS did not know if DERAVIS CAINE ROGERS was the suspect that prompted the off-duty Atlanta Police Department officer's call for additional officers."  Id. at ¶ 17.  Furthermore, "[p]rior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS was unarmed and posed no significant threat of death or serious injury to either Defendant BURNS or the public."  Id. at ¶ 18.  Moreover, "[p]rior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS had not engaged in any illegal or criminal activity that justified Defendant BURNS' use of his firearm."  Id. at ¶19.

The *Complaint* clearly alleges facts which demonstrate that "Defendant BURNS violated DERAVIS CAINE ROGERS' civil rights under both the United

States Constitution and the United States Code, including excessive and deadly force and violation of due process." Id. at ¶ 21.  The *Complaint* also specifically alleges that the actions and omissions of the City of Atlanta contributed to the death of Caine Rogers, and was also in violation of Caine's constitutional rights.

Upon information and belief, the CITY OF ATLANTA, the City of Atlanta Police Department and its supervisors, including Chief TURNER, have maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable excessive and deadly use of force by police officers.

The acts, omissions, systemic flaws, policies, and customs of the City of Atlanta, the City of Atlanta Police Department, and its supervisors, including Chief TURNER, caused police officers of the City of Atlanta to believe that the excessive, deadly and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against DERAVIS CAINE ROGERS and others in the future.

Id. at ¶¶ 22-23.

The *Complaint* alleged liability of the City of Atlanta on several legal and factual basis.  First, that "[f]or a significant period leading up to the shooting of DERAVIS CAINE ROGERS, the CITY OF ATLANTA and the City of Atlanta Police Department have had a persistent and widespread practice of authorizing certain officers, including Defendant BURNS, to cover up the use of excessive force despite the lawful authority to use such force."  Id. at ¶ 32.  Second, "the CITY OF ATLANTA and the City of Atlanta Police Department were aware of and deliberately indifferent to this widespread and systemic corruption within the Atlanta Police Department.  Id.  Third, "their deliberate indifference allowed said corruption to flourish and increase in the years leading up to the shooting death of DERAVIS CAINE ROGERS. Such custom, policy, and practice was the driving force leading to the violation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint."  Id.

The *Complaint* sets forth several factual basis in support of the allegations that the City of Atlanta was deliberately indifferent towards the constitutional rights of Caine Rogers. First, "Defendants have a persistent and widespread practice of allowing the City of Atlanta Police officers to use unreasonable and deadly force without justification.  Further, these Defendants were deliberately indifferent to this practice and custom within the Atlanta Police Department, thereby allowing the

deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint." Id. at ¶ 33. Second, "Defendants have a persistent and widespread practice of allowing the City of Atlanta Police officers to violate the City of Atlanta Police Department's own policies and procedures. Further, these Defendants were deliberately indifferent to this practice and custom within the Atlanta Police Department by failing to enforce policies; failing to properly train; failing to properly discipline; thus creating a culture within the City of Atlanta Police Department wherein violating citizen's civil rights was not only tolerated, but also encouraged; thereby allowing the deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint." Id. at ¶ 34.

The *Complaint* also alleges several legal claims in support of Monell liability against the City of Atlanta for failing to properly train, supervise, and monitor its officers.

> Defendants have a persistent and widespread practice of failing to properly train and supervise the City of Atlanta Police officers, thereby allowing the deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint. Defendants have a persistent and widespread practice of ratifying and condoning the unlawful and illegal activity of the City of Atlanta Police

officers, thereby allowing the deprivation of DERAVIS CAINE

ROGERS' civil rights, as described in Counts One through Three of

this Complaint.  Defendants, in failing to properly train, monitor, and

supervise the City of Atlanta Police officers, deprived DERAVIS

CAINE ROGERS' of his civil rights, as described in Counts One

through Three of this Complaint.

Id. at ¶¶ 35-37.

## IV.   ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading

that states a claim for relief must contain" only "a short and plain statement of the

claim showing that the pleader is entitled to relief," which is consistent with the

Complaint filed by Plaintiff in this case, as to the claims against the City of Atlanta.

F.R.C.P. 8.   Consistent with the pleading standard set forth in Rule 8, a motion to

dismiss filed pursuant to Rule 12(b)(6), should be granted only where the facts

alleged fail to state a "plausible" claim for relief.   Bell Atlantic v. Twombly, 550

U.S. 544, 555-56 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rule 8(a)

provides for a "simplified notice pleading standard relies on liberal discovery rules

and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

A complaint must give a defendant fair notice of a claim and the grounds on which it rests – not an inch-by-inch roadmap of available proof.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).  Plausible claims are those that include sufficient factual content that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. That said, a complaint need not provide "detailed factual allegations" to survive a 12(b)(6) motion, but concededly must do more than rely on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.  Boiled down pragmatically, the plausibility test requires outline of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a proffered claim.  Id., 550 U.S at 556.

The City of Atlanta would have Plaintiff micro-plead their complaint, but Plaintiff "need not prove [their] case on the pleadings." Speaker v. CDC, 623 F.3d 1371, 1386 (11th Cir. 2010).  In assessing plausibility, allegations in the Complaint must be construed as true and in the light most favorable to the plaintiff, and afforded all reasonable inferences.  Lowell v. Am. Cyanamid Co., 177 F.3d 1228, 1229 (11th Cir.1999); Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).

**B. Plaintiff Agrees To Dismissal of Claims Against Chief George Turner**

As explained above, Plaintiff agrees to voluntary dismiss without prejudice the claims against Chief George Turner, and agrees that the exemplary damages claims against the City should be dismissed by the Court.

**C. Plaintiff Has Sufficiently Alleged Claims Against the City of Atlanta for <u>Monell</u> Violations**

Under 42 U.S.C. § 1983, liability of a local governing body, commonly known as <u>Monell</u> liability lies when "action pursuant to official municipal policy of some nature caused a constitutional tort." <u>City of Canton v. Harris</u>, 489 U.S. 378, 385-386. <u>Monell</u> liability may attach based on a policy of inaction that demonstrates deliberate indifference to constitutional rights. As the Court explained in <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658 (1978),

"[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity, inflicts the injury that the government as an entity is responsible under §1983.

<u>Monell</u>, 436 U.S. at 694.

A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality. <u>Sewell v. Town of Lake Hamilton</u>, 117 F. 3d 488, 489 (11th Cir. 1997);

Brown v. City of Fort Lauderdale, 923 F. 2d 1474, 1479-80 (11th Cir. 1991). In other words, only those officials who have final policymaking authority may render the municipality liable under § 1983.  Pembaur v. Cincinnati, 475 U.S. 469 (1986).  In City of Canton v. Harris, 489 U.S. 378, 388-9 (1998), the United States Supreme Court held that a municipality may be held liable under §1983 if it is deliberately indifferent to an officer's need for training, explaining as follows:

> [I]t may happen in the light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.  In that event, the failure to provide proper training may fairly be said to represent a policy for which the city responsible, and for which the city may be held liable if it actually causes injury.

City of Canton, 489 U.S. at 390.

As shown above, Plaintiff's *Complaint* sufficiently alleges all of the elements necessary to establish a Monell claim against the City of Atlanta.  The *Complaint* alleges that "Defendant CITY OF ATLANTA is, and at all relevant times was a municipal corporation organized and existing under the laws of the State of Georgia

13

and is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department." Id. at ¶ 6. The *Complaint* also alleges that "the CITY OF ATLANTA, the City of Atlanta Police Department and its supervisors, including Chief TURNER, have maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable excessive and deadly use of force by police officers." Id. at ¶ 22.

Furthermore, the *Complaint* alleges that "[t]he acts, omissions, systemic flaws, policies, and customs of the City of Atlanta, the City of Atlanta Police Department, and its supervisors, including Chief TURNER, caused police officers of the City of Atlanta to believe that the excessive, deadly and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against DERAVIS CAINE ROGERS and others in the future. Id. at ¶23.  In fact, Plaintiff's *Complaint* alleges numerous grounds for the City of Atlanta to be held liable pursuant to Monell, City of Atlanta for failing to properly train, supervise, and monitor its officers.

Plaintiff's *Complaint* sufficiently alleges a constitutional injury underlying its Monell claim against the City of Atlanta.  Specifically, the Complaint alleges that "[p]rior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS was unarmed and posed no significant threat of death or serious injury to either Defendant BURNS or the public."  Id. at ¶ 18.  Moreover, the *Complaint* alleges that "[p]rior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS had not engaged in any illegal or criminal activity that justified Defendant BURNS' use of his firearm."  Id. at ¶19.  Plaintiff's *Complaint* clearly alleges and sets forth a constitutional violation predicated on Officer Burn's use of excessive and unreasonable force against Caine Rogers, in violation of the Fourth Amendment.

The Supreme Court has held that the "Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest."  Graham v. Connor, 490 U.S. 386, 394-95 (1989).  In the seminal case of Tennessee v. Garner, 471 U.S. 1 (1985), the Supreme Court held that deadly force cannot be justified based merely on a slight threat.  An officer may not use deadly force "unless it is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a

significant threat of death or serious physical injury to the officer or others." Id. at 3.

In determining whether force is reasonable, federal courts must examine several factors, including (1) severity of the crime at issue, (2) the need for the application of force, (3) the relationship between the need and amount of force, and (4) the extent of the injury inflicted. Id.; Lee v. Ferraro, 284 F. 3d 1188, 1197-198 (11th Cir. 2002).  Simply put, "the force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force, which is measured by the severity of the crime, the danger to the officer, and the risk of flight."  Id. at 1198.  Generally, "more force is appropriate for a more serious offense and less force is appropriate for a less serious one."  Id.

The Eleventh Circuit and other federal courts have traditionally held that whether deadly force was reasonable and justified, as well as whether police engaged in excessive force, is usually a question of fact for the jury.  Brisk at 1311 (S.D. Fla. 1989); Hopkins, at 885 (9th Cir. 1992).  This principle has been repeatedly upheld throughout to the nation.  As demonstrated recently in Ayers v. Officer Harrison, 2012 U.S. Dist. LEXIS 20746, the Honorable Judge Richard Story held that an officer's "actions of shooting a non-dangerous citizen to prevent escape is not constitutionally sanctioned" and clearly a constitutional right long established by the

Supreme Court in <u>Garner</u>.  <u>See also</u> <u>MsCaslin v. Wilkins</u>, 183 F. 3d 775, 778 (8th Cir. 1999) (Court held that limitations on the use of deadly force to prevent escape of fleeing felon has been clearly established by Fourth Amendment in the *Garner* case); <u>Estate of Stark</u> at 234 (Court established precedent that police officers who unreasonably create a physically threatening situation in the midst of a Fourth Amendment seizure cannot be immunized from the use of deadly force.").

Despite the fact that Plaintiff's *Complaint* more than sufficiently states a claim against the City of Atlanta based on <u>Monell</u> liability, the City argues for a dismissal of the claims against the City, while completely ignoring the legal standards governing pleadings under Rule 8, and motions to dismiss under Rule 12.  In fact, the City has not cited to any cases which support the dismissal of the claims against the City, and completely ignores and disregards the relevant standard for a motion to dismiss.

The one case cited by the City that addresses the standard of review for a motion to dismiss was <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), but that case supports the Plaintiff.  In <u>Gibson</u>, the Court stated the longstanding and well-established rule that applies to a motion to dismiss for failure to state a claim for which relief can be granted:

In appraising the sufficiency of the complaint we follow, of course the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support if his claim which would entitle him to relief.

Gibson, 355 U.S. at 45-46.

While the City argues that the Plaintiff has not satisfied the Monell standard as to the claims asserted against the City of Atlanta, the allegations in the Complaint clearly show otherwise.  The City seems to confuse the standard for summary judgment with the standard that governs a motion to dismiss.  At this stage of the lawsuit, all that Plaintiff must allege is "a short and plain statement of the claim showing that the pleader is entitled to relief," according to Federal Rule of Civil Procedure 8(a)(2).

The City argues that no constitutional violation is apparent from Plaintiff's *Complaint*, even though the *Complaint* goes into considerable detail in its assertion of the facts and law alleging that Officer Burns violated the constitutional rights of Caine Rogers.

**On June 22, 2016, Defendant BURNS was called to the Monroe Place Apartments on 2160 Monroe Dr., NE, to assist an**

**off-duty Atlanta Police Department officer who was patrolling the parking lot of the apartment and saw a suspicious person breaking into vehicles.**

**As Defendant BURNS drove into the Monroe Place Apartments, he observed a car that was being driven driving towards his patrol car, at which point he activated his blue lights and chirped his siren, and positioned his patrol car in an attempt to stop the car, which was being driven by DERAVIS CAINE ROGERS.**

**As DERAVIS CAINE ROGERS was driving, Defendant BURNS jumped out of his patrol car and fired his weapon into the car being driven by DERAVIS CAINE ROGERS, striking him in the head and killing him.**

See *Complaint*, ¶¶ 13-15, attached as Exhibit 1 (emphasis added).

The City argues that no constitutional violation is "apparent" based on the facts set forth above, even though the *Complaint* makes it clear that based on the facts alleged, there was no legal justification for the use of force by Officer Burns.

**Prior to and at the time Defendant BURNS discharged his firearm, Defendant BURNS did not know if DERAVIS CAINE**

**ROGERS was the suspect that prompted the off-duty Atlanta Police Department officer's call for additional officers.**

**Prior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS was unarmed and posed no significant threat of death or serious injury to either Defendant BURNS or the public.**

**Prior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS had not engaged in any illegal or criminal activity that justified Defendant BURNS' use of his firearm.**

Id. at ¶¶ 17-19.  (emphasis added).

There is no doubt from the *Complaint* that Plaintiff sufficiently alleges that Officer Burns violated the constitutional rights of Caine Rogers.

**An investigation into this shooting by the Atlanta Police Department determined that Defendant BURNS shot into the vehicle being driven by DERAVIS CAINE ROGERS without knowing if the person who was driving the vehicle was the person suspected of breaking into cars at Monroe Place Apartments.  This investigation also concluded that Defendant BURNS violated the**

> **policies of the Atlanta Police Department and that by shooting into**
>
> **the vehicle he used unnecessary and excessive force.**

Id. at ¶ 20.  (emphasis added).

As summarized above, the *Complaint* clearly alleges facts which demonstrate that "Defendant BURNS violated DERAVIS CAINE ROGERS' civil rights under both the United States Constitution and the United States Code, including excessive and deadly force and violation of due process." Id. at ¶ 21.   Furthermore, the Complaint also alleges that the City of Atlanta, through Chief Turner and the Atlanta Police Department:

> **For a significant period leading up to the shooting of**
> **DERAVIS CAINE ROGERS, the CITY OF ATLANTA and the**
> **City of Atlanta Police Department have had a persistent and**
> **widespread practice of authorizing certain officers, including**
> **Defendant BURNS, to cover up the use of excessive force despite**
> **the lawful authority to use such force. Further, the CITY OF**
> **ATLANTA and the City of Atlanta Police Department were aware**
> **of and deliberately indifferent to this widespread and systemic**
> **corruption within the Atlanta Police Department.   Further, their**
> **deliberate indifference allowed said corruption to flourish and**

**increase in the years leading up to the shooting death of DERAVIS CAINE ROGERS. Such custom, policy, and practice was the driving force leading to the violation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint.**

Id. at ¶ 32.  (emphasis added).

## V.    CONCLUSION

For the reasons shown herein, Plaintiff respectfully requests that the City of Atlanta's motion to dismiss the Monell claims, and claim for attorney's fees against the City of Atlanta be denied.  Plaintiff agrees to the Court dismissing the punitive damages claims against the City of Atlanta.

## CERTIFICATION

Counsel for Plaintiff certifies that the foregoing response to City Defendants' Motion to Dismiss has been prepared in Times New Roman 14-point font, pursuant to LR 5.1C.

This 12th day of September, 2016.

/s/Shean D. Williams_____
Shean D. Williams, Esq.
Georgia State Bar No.: 764139
Samuel L. Starks, Esq.
Georgia State Bar No.: 676515
*Attorneys for Plaintiff*

THE COCHRAN FIRM ATLANTA
100 Peachtree Street, Suite 2600
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MELVA ROGERS, Natural Parent of : | |
| DERAVIS CAINE ROGERS, Deceased : | |
| : | |
|     Plaintiff, : | |
| : | **CIVIL ACTION FILE** |
| v. : | **NO: 1:16-cv-02578-TCB** |
| : | |
| CITY OF ATLANTA, a municipal : | |
| corporation of the State of Georgia; : | |
| GEORGE N. TURNER, individually and : | |
| and in his official capacity as Chief of Police : | |
| of the City of Atlanta Police Department; and : | |
| JAMES BURNS, individually and in his : | |
| official capacity as a Police Officer of the : | |
| City of Atlanta Police Department : | |
| : | |
|     Defendants. : | |
| _____: | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing *Plaintiff's Response to City Defendants' Motion to Dismiss and Incorporated Brief in Support of Its Motion to Dismiss Plaintiff's Complaint* to the Clerk of Court via the CM/ECF system which will send notification to registered counsel of record as follows:

Robert N. Godfrey, Esq.                 Mary A. Prebula, Esq.
Tamara N. Baines, Esq.                  Prebula & Associates, LLC
City of Atlanta Law Department          3483 Satellite Boulevard NW
55 Trinity Avenue, Suite 5000           Suite 200 The Crescent Building
Atlanta, Georgia 30303-3520             Duluth, Georgia 30096


This 12th day of September, 2016.

/s/Shean D. Williams_____
Shean D. Williams, Esq.
Georgia State Bar No.: 764139
Samuel L. Starks, Esq.
Georgia State Bar No.: 676515
*Attorneys for Plaintiff*

THE COCHRAN FIRM ATLANTA
100 Peachtree Street, Suite 2600
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com