# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS, Natural Parent of DERAVIS CAINE ROGERS, Deceased<br>　　Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, a municipal corporation of the State of Georgia; GEORGE N. TURNER, individually and in his official capacity as Chief of Police of the City of Atlanta Police Department; and JAMES BURNS, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department<br>　　Defendants. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>1:16-CV-02578-TCB |

## CITY DEFENDANTS' REPLY TO RESPONSE IN OPPOSITION TO MOTION TO DISMISS

COME NOW, Defendants City of Atlanta ("City") and Police Chief George N. Turner,[1] individually and in his official capacity as Chief of Police of the City of Atlanta ("City Defendants") and file their Reply to Plaintiff's Response in Opposition to Motion to Dismiss.

### A. PLAINTIFF'S CLAIMS AGAINST THE CITY OF ATLANTA MUST BE DISMISSED.

Plaintiff must first show a constitutional violation by Defendant Burns to sustain a claim against the City of Atlanta. In her Complaint, Plaintiff alleges a

---

[1] Chief Georgia N. Turner is appearing by special appearance as he has not yet been served.

1

violation of the Fifth Amendment (Due Process Clause/Right Against Self Incrimination) and Fourteenth Amendment (Due Process Clause/Equal Protection). However, nothing contained in Plaintiff's Complaint supports a violation of either constitutional provision.

Further, while Plaintiff challenges City Defendants' assertion that no constitutional violation was "apparent," she conveniently omits from her analysis that prior to Officer Burns discharging his weapon, he attempted to stop Mr. Rogers vehicle by placing his vehicle in the path of Mr. Roger's vehicle.  It was only after Mr. Rogers began driving his vehicle "toward" Defendant Burns that the officer discharged his weapon.

The Eleventh Circuit's historically has recognized the uniquely deadly nature of an automobile and the great deference provided to officers forced to defend themselves against such a deadly weapon.  Indeed, the Court has "'consistently upheld an officer's use of force and granted qualified immunity in cases where the decedent used or threatened to use his car as a weapon to endanger officers or civilians immediately preceding the officer's use of deadly force.'"[2] The Court noted in *Terrell, et al. v. Smith* that:

---

[2] *Terrell, et al. v. Smith,* 668 F.3d 1244 *(11th Cir. 2012) (referencing McCullough v. Antolini*, 559 F.3d 1201, 1207 (11th Cir. 2009).  The Court further noted that "[a] panel of this Court observed that '[e]ven if in hindsight the facts show that [the officer] perhaps could have escaped unharmed,' a reasonable officer could have

2

> Officer Smith was forced to make a split-second decision concerning whether the use of lethal force was necessary. Beyond himself, two other people were within a few feet of the moving vehicle as these rapidly unfolding and uncontrolled events transpired. "Even if in hindsight the facts show that [the officer] perhaps could have escaped unharmed," Robinson, 415 F.3d at 1256, an objectively reasonable law enforcement officer could well have perceived that the moving vehicle was being used as a deadly weapon, especially after the driver had been repeatedly ordered to stop. In short, Smith was attempting to make an arrest that he had the legal right to make while standing in a position where he was legally entitled to be. Zylstra refused to heed Smith's commands to stop the vehicle and turned the car "in a dangerous and aggressive manner which provided the officers with probable cause to believe that [Zylstra] . . . posed a threat of serious physical harm or death to the officers, or other passersby, especially in light of the speed with which the incident unfolded." McCullough, 559 F.3d at 1208. The use of lethal force was objectively reasonable under the *Fourth Amendment*.[3]

Certainly, parallels can be drawn between Defendant Burns and the officer in *Terrell* as both were forced to make split second decisions in the face of a vehicle being driven toward them. In contrast, in *Bunn v. City of Atlanta, et al.*,[4] the Eleventh Circuit denied qualified immunity because no evidence existed that the vehicle at issue in that case was being driven toward the officer or otherwise was being used as a deadly weapon. Interestingly, Plaintiff herself provides the key allegation supporting the use of force in the case, making it clear that Mr. Roger's vehicle was being driven "toward" Officer Burns at the time he discharged his

---

perceived that the vehicle was being used as a deadly weapon." *Robinson v. Arrugueta,* 415 F.3d 1252, 1256 (11th Cir.2005),
[3] *Id. at 1255*
[4] 556 Fed. App'x 812 (11th Cir. 2014).

3

weapon.  As such, no constitutional violation is readily apparent from the allegations and certainly no violation of the Fifth or Fourteen Amendments.

Further, to dismiss Plaintiff's claims against the City, this Court need not reach a determination of whether a constitutional violation exists as Plaintiff has also failed to show that the alleged constitutional violation is rooted in a policy, practice or custom of the City.  Plaintiff's Section 1983 claim against the City is still baseless as Plaintiff has not properly alleged a claim for deliberate indifference.  In order to state a claim for deliberate indifference, Plaintiff must show that the City of Atlanta had notice of a problem and made a conscious choice not to take action.[5]  Put simply, Plaintiff must show that prior internal complaints had merit *and* "that more effective citizens' complaint procedures would have prevented his injuries."[6]

Here, Plaintiff's claims only that the internal affairs investigation was "cursory and untimely."  Based solely on that sparse averment, Plaintiff concludes that the City has a policy of employing "certain police officers, including Defendant Burns"[7] and a "persistent and widespread practice of authorizing certain officers, including Defendant Burns, to cover up the use of excessive force."[8]  However, while taking issue with the City's internal investigations, the Plaintiff

---

[5] *Gold v. Miami*, 151 F.3d 1346 (11th Cir. 1998).
[6] *Brooks v. Sheib*, 813 F.2d 1191, 1195 (11th Cir. 1987).
[7] Complaint, ¶31
[8] Complaint, ¶32.

4

has failed to assert one fact that any particular prior complaint actually had merit and that a more effective citizen procedure to resolve the earlier complaint would have uncovered such issue and prevented Mr. Roger's death.

Indeed, Plaintiff would be hard pressed to identify such deficiencies since, as evidence of a policy, practice or custom, Plaintiff curiously cites to the Atlanta Police Department investigation of Defendant Burns' actions in this case and the fact that the City found him to be in violation of police department policies less than a month after the incident occurred.[9] Such action by the City evinces its intolerance of the force used against Plaintiff and not an endorsement of Burns' purported wrongdoing.[10] Thus, Plaintiff's own allegation that the Atlanta Police Department disciplined this officer after this incident specifically defeats his *Monell* claim against the City.

Further, Plaintiff ignores the fatal effect that her failure to provide evidence of prior notice by the City of an alleged incident which the City failed to investigate has on her claims against the City of Atlanta. Again, in *Gold v. City of Miami,* the Eleventh Circuit highlighted the importance of evidence of prior incidents. The Court, while citing several other instances in which cases lacking evidence of a prior incident were dismissed, pointed out that:

"This Court repeatedly has held that without notice of a need to train

---

[9] *Id.* at ¶20.
[10] *See generally, Skop v. City of Atlanta*, 485 F.3d 1130, 1144 (2007)

5

> or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise. For example, in *Wright v. Sheppard*, this Court held that a sheriff's department was not liable for a deputy's acts when 'no evidence of a history of widespread prior abuse… put the sheriff on notice of the need for improved training or supervision. Indeed, in *Church v. City of Huntsville*, this Court reversed a district Court's preliminary injunction against the City of Huntsville, holding that the plaintiffs were not likely to succeed on the merits of their failure-to-train claim without proof of a prior incident in which constitutional rights were similarly violated. More importantly, in *Brooks v. Sheib*, even though there had been ten citizen complaints about police officer Sheib, this Court held that the City did not have any notice of past police misconduct because the plaintiff 'never demonstrated that past complaints of police misconduct had any merit. . . ."[11]

The Court's mandate that a Plaintiff have evidence of a prior instance that was known by the City and where the City failed to act is consistent with the requirement that the alleged policy or practice be the "moving force" behind the alleged constitutional violation. Indeed, it stands to reason that unless the Atlanta Police Department (and, more specifically, the Chief of Police, as the decision to ratify such conduct must rise to the level of the chief decision maker) is aware of an incident that occurred prior to the alleged incident and deliberately fails to take action, it cannot be the moving force behind the alleged constitutional violation. As such, Plaintiffs' Complaint against the City of Atlanta fails as a matter of law.

---

[11] *Gold* at 1351. [Citations Omitted].

## B. PLAINTIFF HAS ABANDONED HER CLAIMS AGAINST CHIEF TURNER, IN HIS INDIVIDUAL CAPACITY, AND PUNITIVE DAMAGES CLAIMS.

It is well settled that a party's "[f]ailure to respond to… a party's summary judgment arguments regarding a claim constitutes an abandonment of that claim and warrants the entry of summary judgment for the opposing party."[12] Here, while Plaintiff's counsel states that he "intends" to dismiss the claims against Chief Turner, in his individual capacity, and punitive damages, it has not been done to date. Rather, Plaintiff simply failed to respond to City Defendants' arguments on these legal issues, which constitutes an abandonment of such claims.

As such, these claims must be dismissed as they have been abandoned.

## CONCLUSION

For the foregoing reasons, City Defendants request that Plaintiff's Complaint be dismissed in its entirety.

## CERTIFICATION

Counsel for City Defendants certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 16th day of September, 2016.

---

[12] *Burnette v. Northside Hosp*. 342 F.Supp. 2d 1128, 1140 (N.D.Ga. 2004) (citing *Bute v. Scheller Int'l Inc.*, 998 F.Supp. 1473, 1477 (N.D.Ga. 1998); *Welch v. Delta Airlines*, 978 F.Supp. 1133, 1137 (N.D.Ga. 1997).

7

/s/ *Tamara N. Baines*
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No. 298550
**TAMARA N. BAINES**
Sr. Assistant City Attorney
Georgia Bar No. 032460

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS, Natural Parent of<br>DERAVIS CAINE ROGERS, Deceased<br>    Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, a municipal<br>corporation of the State of Georgia;<br>GEORGE N. TURNER, individually and<br>in his official capacity as Chief of Police<br>of the City of Atlanta Police Department; and<br>JAMES BURNS, individually and in his<br>official capacity as a Police Officer of the<br>City of Atlanta Police Department<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>1:16-CV-02578-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2016, I electronically filed the forgoing response with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

                              /s/Tamara N. Baines
                              Tamara N. Baines
                              Sr. Assistant City Attorney
                              Georgia Bar No. 032460

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

9