# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MELVA ROGERS, Natural Parent of ) <br> DERAVIS CAINE ROGERS, Deceased ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ATLANTA, et al. ) <br> ) <br>     Defendant. ) | CIVIL ACTION <br> FILE NO.1:16-cv-2578 |

## ANSWER OF JAMES BURNS

Defendant, JAMES BURNS, hereby answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant Burns as to which relief can be granted.

### SECOND DEFENSE

Defendant Burns is shielded from Plaintiff's claims by official and/or qualified immunity, and Defendant has not waived any immunities.

### THIRD DEFENSE

To the extent they allege a state law cause of action, Defendant Burns is shielded from Plaintiff's claims by governmental/sovereign immunity.

## FOURTH DEFENSE

Defendant Burns took no action to deprive Plaintiff's decedent of any clearly established right, privilege, freedom or immunity secured by the Constitution and laws of the United States, the Constitution and laws of the State or Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## FIFTH DEFENSE

All actions taken by Defendant Burns were taken pursuant to lawful performance of discretionary acts and were at all times performed in good faith and without malice.

## SIXTH DEFENSE

The actions of the decedent constituted an emergency, and immunity under OCGA ¶ 35-1-7 shield Defendant Burns from Plaintiff's claims.

## SEVENTH DEFENSE

State law defenses set forth in OCGA ¶ 17-4-20 and common law preclude Plaintiff's claims against Defendant Burns.

## EIGHTH DEFENSE

Responding to the specific numbered paragraphs of the Complaint:

## JURISDICTION AND VENUE

1.

Defendant Burns admits Plaintiff seeks to file these claims under the provisions alleged.  Defendant Burns denies the remaining allegations in Paragraph

2.

Defendant Burns admits venue is proper.  Defendant Burns denies the remaining allegations in Paragraph 2.

3.

Defendant Burns admits Plaintiff seeks to file these claims under the statutes alleged.  Defendant Burns denies the remaining allegations in Paragraph 3.

4.

Defendant Burns admits Plaintiff seeks damages under the provisions alleged.  Defendant denies the remaining allegations in Paragraph 4.

## IDENTIFICATION OF PARTIES

5.

Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies same.

6.

Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies same.

7.

Defendant Burns admits that George N. Turner is the Chief of Police for the City of Atlanta Police Department.  Defendant Burns admits that Plaintiff seeks to sue Defendant Turner in his official and independent capacities.  Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7, and therefore denies same.

8.

Defendant Burns admits that he was a sworn Police officer of the City of Atlanta Police Department.  Defendant Burns denies he resided at the address stated at the time the Complaint was served and denies that he may be served at the address stated.  Defendant Burns admits that Plaintiff seeks to sue him in his official and individual capacities.  Defendant Burns denies the remaining allegations in Paragraph 8.

9.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶

XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore denies same.

## FACTUAL ALLEGATIONS

10.

Admitted.

11.

Defendant Burns admits that George N. Turner is the Chief of Police for the City of Atlanta Police Department. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies same.

12.

Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12, and therefore denies same.

13.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶

XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

14.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant denies the remaining allegations contained in Paragraph 14.

15.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns denies the remaining allegations contained in Paragraph 15.

16.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

17.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

18.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

19.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

20.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

21.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

22.

Defendant Burns denies he engaged in any system of review as alleged in the Complaint.  Defendant Burns asserts the Fifth Amendment of the U.S. Constitution , U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant in Paragraph 22.  Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and therefore denies same.

23.

Defendant Burns denies he engaged in any such policy, custom or belief as alleged in the Complaint.   Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant in Paragraph 23.  Defendant Burns is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and therefore denies same.

## COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR COMPENSATORY DAMAGES)

24.

Defendant Burns incorporates Paragraphs 1-23 of his Answer and Affirmative Defenses as though they were fully set forth herein.

25.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

## COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR EXEMPLARY DAMAGES)

26.

Defendant Burns incorporates Paragraphs 1-25 of his Answer and Affirmative Defenses as though they were fully set forth herein.

27.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶

XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

## COUNT THREE: VIOLATION OF STATUTORY CIVIL RIGHTS

### (CLAIM FOR COMPENSATORY DAMAGES)

28.

Defendant Burns incorporates Paragraphs 1-27 of his Answer and Affirmative Defenses as though they were fully set forth herein.

29.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant.

## COUNT FOUR: 42 U.S.C. § 1983 – MONELL LIABILITY

### (CLAIM FOR COMPENSATORY DAMAGES)

30.

Defendant Burns incorporates Paragraphs 1-29 of his Answer and Affirmative Defenses as though they were fully set forth herein.

31.

Defendant Burns admits that the City of Atlanta Police Department employed him as a police officer. Defendant Burns shows that the allegation is so

vague and ambiguous as to be incapable of cogent response and, therefore, he must deny the remaining allegations of Paragraph 31. To the extent the language of Paragraph 31 is deemed to incorporate language from "foregoing paragraphs" 1 through 30, Defendant Burns incorporates each response to each and every individual paragraph as if fully set forth herein.

32.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32, and therefore denies same.

33.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33, and therefore denies same.

34.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and therefore denies same.

35.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore denies same.

36.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form

34.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and therefore denies same.

35.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35, and therefore denies same.

36.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 36, and therefore denies same.

37.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37, and therefore denies same.

38.

Defendant Burns asserts the Fifth Amendment of the U.S. Constitution, U.S. Const. Am. 5, the Constitution of the State of Georgia, Ga. Const. Art.1, § 1, ¶ XVI, and OCGA § 24-5-505 and § 24-5-506, in response to allegations against this Defendant. Defendant Burns is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, and therefore denies same.

## **COUNT FIVE: ATTORNEYS' FEES**

39.

Defendant Burns incorporates Paragraphs 1-38 of his Answer and Affirmative Defenses as though they were fully set forth herein.

40.

Denied.

41.

To the extent any allegation against Defendant Burns has not been controverted, admitted or denied, it is hereby denied. Defendant Burns denies that he has any liability to Plaintiff, and denies Plaintiff is entitled to any liability or relief she seeks against him, including but not limited to, the "WHEREFORE" section of the Complaint.

WHEREFORE, having fully answered within the time allowed by law by extension, Defendant respectfully requests:

(a) That all of Plaintiff's prayers for relief against this Defendant Burns be denied;

(b) That the action against this Defendant Burns be dismissed for failure to state a claim;

(c) That Plaintiff be awarded no damages against this Defendant Burns;

(d) That Plaintiff's action for exemplary damages against this Defendant Burns be dismissed as unrecoverable;

(e) That Plaintiff's claim for attorneys' fees against this Defendant Burns be dismissed as unrecoverable; and

(f) That the Court grant such other and further relief to Defendant Burns as it deems just and proper.

Respectfully submitted this __19th__ day of September, 2016,

/s/     Mary A. Prebula
Mary A. Prebula
Georgia Bar No. 586743
PREBULA & ASSOCIATES LLC
Suite 200 The Crescent Building
3483 Satellite Boulevard, N.W.
Duluth, Georgia 30096
(770) 495-9090
(770) 497-2363 fax
mprebula@prebulallc.com
**Attorney for Defendant**
M:\Documents\Burns\Pleadings\2016 0919 Answer.docx

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed **ANSWER OF DEFENDANT JAMES BURNS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Shean D. Williams, Esq.
>Samuel L. Starks, Esq.
>The Cochran Firm Atlanta
>The Equitable Building
>100 Peachtree Street, Ste. 2500
>Atlanta, GA 30303
>SWilliams@cochranfirmatl.com
>SStarks@cochranfirmatl.com
>
>Robert N. Godfrey, Esq.
>Tamara N. Baines, Esq.
>Sr. Assistant City Attorney
>City of Atlanta Law Department
>55 Trinity Avenue, Suite 5000
>Atlanta, Georgia 30303-3520
>tbainies@atlantaga.gov

This __19th__ day of September, 2016.

>/s/ Mary A. Prebula
>Mary A. Prebula
>Georgia Bar No. 586743
>PREBULA & ASSOCIATES LLC
>Suite 200 The Crescent Building
>3483 Satellite Boulevard, N.W.
>Duluth, Georgia 30096-5800
>(770) 495-9090 phone
>(770) 497-2363 fax
>ATTORNEY FOR DEFENDANT

mprebula@prebulallc.com
M:\Documents\Burns\Pleadings\2016 0919 Answer.docx