IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVA ROGERS, Natural Parent of ) <br> DERAVIS CAINE ROGERS, Deceased ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ATLANTA, et al. ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> FILE NO.1:16-cv-2578 |

**DEFENDANT JAMES BURNS' BRIEF IN SUPPORT
OF MOTION TO STAY CIVIL ACTION
PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**

COMES NOW Defendant James Burns, by and through his attorney of record, and files this his BRIEF IN SUPPORT OF MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS, and shows the Court as follows:

### I.   STATEMENT OF FACTS

Defendant is a former Atlanta Police officer who was involved in the incident that occurred on June 22, 2016, which resulted in the death of Dervais Caine Rogers (the "Decedent"). Since that date, the Fulton County District Attorney's office, jointly with the Georgia Bureau of Investigation (the "GBI"),

has been involved in the criminal investigation of the circumstances surrounding the shooting that resulted in the death of the Decedent.

On August 31, 2016, the Fulton County grand jury indicted Defendant Burns on five counts[1], including the charge of felony murder.  *The State of Georgia v. James Burns*, Fulton County Superior Court Case No. 16SC146204.  The Fulton County District Attorney's office's investigation is now active and ongoing in preparation for Defendant Burns' criminal trial.

On July 18, 2016, Plaintiff filed her Complaint in the above-styled case, relying on facts identical to those underlying the pending criminal action.  On September 8, 2016, Defendant Burns' counsel conferred with Plaintiff's counsel regarding this Motion, asking whether Plaintiff would stipulate to a stay of the civil proceedings as to Defendant Burns.  Plaintiff's counsel indicated that Plaintiff would not consent to the stay.

Defendant now files this Motion to Stay the civil proceedings as it is necessary to protect Defendant Burns' Fifth Amendment rights in connection with the criminal proceeding, and he will be greatly prejudiced by his inability to

---

[1] The charges are: Felony Murder OCGA §16-5-1; Aggravated Assault with a Deadly Weapon OCGA §16-5-21; False Statement OCGA §16-10-20; Violation of Oath by Public Officer OCGA §16-10-1; and Violation of Oath by Public Officer OCGA §16-10-1.

meaningfully defend himself in this civil action if forced to proceed prior to resolution of his criminal case.

## II.     ARGUMENT AND CITATION OF AUTHORITY

Defendant Burns is charged in a criminal indictment alleging conduct nearly identical to the allegations in the above-styled civil Complaint (the "Complaint"). There is no doubt that Defendant's Fifth Amendment rights are implicated by this overlap, and Defendant Burns will be unable to offer any meaningful defense in response to Plaintiff's allegations herein without waiving his Fifth Amendment rights.

A district court has "broad discretion to stay proceedings," and may do so "when the interests of justice seem to require such action." Clinton v. Jones, 520 U.S. 681, 706 (1997); Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995). A trial court may stay civil proceedings in a civil case pending resolution of a criminal proceeding because of the potential interference with the pending criminal prosecution only when "special circumstances" so require in the "interests of justice." United States v. Lot 5, Fox Grove, Alachua Cnty. Fla., 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1990)). Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not

compel a stay of the civil proceedings, and a "court may deny a stay so long as the privilege's invocation does not compel adverse judgment against the claimant." Id.

"Special circumstances" may be established where there is "record evidence for the criminal prosecution or [where] the criminal case … was unconstitutional or improperly instituted." S.E.C. v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008). Special circumstances, as defined herein, are implicated in the now pending criminal case. There is a substantial and legitimate question regarding the constitutionality and the propriety of the grand jury process that ultimately returned an indictment against the Defendant. See attached hereto as Exhibit 1, *Defendant's Motion to Quash Indictment,* filed in the criminal matter on September 16, 2016 (and attaching as Exhibit B thereto, *Defendant's Emergency Motion to Continue the Grand Jury Proceeding due to the Lack of the Proceeding and Undue Influence by Outside Sources*, filed in the criminal matter on August 30, 2016).

District courts within the Eleventh Circuit have considered the following factors in determining whether the interests of justice require a stay:  (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously

weighed against the prejudice to the plaintiffs caused by the delay: (4) the private interests of and burden on the defendants, including the extent to which the defendant's Fifth Amendment rights are implicated; (5) the interests of the courts, including the efficient use of judicial resources; and (6) the public interest. S.W. v. Clayton Cty. Pub. Sch., No. 1:16-CV-0126-TCB, 2016 WL 2755607, at *1-3 (N.D. Ga. May 12, 2016). S.E.C. v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003).

Finally, a district court should be "sensitive to the difference" between civil rules of discovery and those restrictions imposed by the criminal rules. Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit.").

A.     **The Instant Action Substantially Overlaps with the Ongoing Criminal Investigation and Resulting Criminal Charges.**

This court has recognized the dangers of parallel proceedings where the same underlying circumstances are subject to both civil and criminal proceedings. The overlap between the issues in the criminal and civil cases is of paramount importance **because absent overlap, there is no need for a stay. S.W. v. Clayton

Cty. Pub. Sch., 2016 WL 2755607, at *1-3; see also Doe 1 v. City of Demopolis, No. CIV A 09-0329-WS-N, 2009 WL 2059311, at *2 (S.D.Ala. July 10, 2009) ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."), *quoting* Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F.Supp.2d 902, 906-07 (S.D.Tex. 2008). Further, "[o]ther than where there is specific evidence of agency bad faith or malicious government tactics, the ***strongest case for deferring civil proceedings*** until the completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." S.E.C. v. Dresser, 628 F.2d 1368, 1375-76, citing United States v. Henry, 491 F.2d 702 (6th Cir. 1974) (emphasis added).

In this case, there is a clearly substantial (if not entire) overlap between the civil claims against Defendant Burns and the criminal charges he faces, and the factual issues in the civil and criminal matter are essentially the same. Defendant Burns' actions at the time of the incident resulting in the Decedent's death form the basis for all of Plaintiff's claims against him. That same conduct, as described in his indictment, is also the basis for the criminal charges against Defendant Burns, including the charge for felony murder. Given the identical facts, it is patent that adjudication of this civil case would not implicate many of the factual issues underlying the criminal action. In short,

this case and the pending criminal case will turn on the same questions concerning the circumstances and Defendant Burns' actions that night on June 22, 2016.

As such, Defendant Burns' Fifth Amendment rights are directly implicated by the issues in this case, and no remedy exists that will allow him to both preserve these rights and defend this action, except a stay of the civil proceedings.

### B.   Defendant Burns Has Been Indicted in the Criminal Action

This Court has found that "[t]he mere possibility of a criminal prosecution is usually insufficient to warrant a stay." S.E.C. v. Zimmerman, 854 F.Supp. 896, 899 (N.D.Ga. 1993). However, a stay has been granted where criminal and civil cases overlapped, there were already guilty pleas arising out of the criminal investigation, and the indictment of the defendant was considered "anything but an eventuality." S.E.C. v. Healthsouth Corp., 261 F.Supp. 1298, 1327. An indictment already issued clearly weighs in favor of the issuance of a stay. Frierson v. City of Terrell, No. Civ.A.3:02CV2340-H, 2003 WL 21355969, at *3 (N.D. Tex. 2003).

Here, the Fulton County grand jury indicted Defendant Burns on August 31, 2016, on 5 counts, including felony murder, and his criminal prosecution is currently pending. A copy of the indictment is attached hereto as Exhibit "2" and incorporated herein by reference. As he has been indicted and will stand for criminal prosecution, Defendant Burns' is in a situation unique from the other Co-Defendants

herein as his participation in this civil action will necessarily implicate, and risk waiver of, his Fifth Amendment rights.

### C. Plaintiffs will not be Significantly Prejudiced by the Stay

The interests of Plaintiff will not be prejudiced if a stay is granted, and any prejudice she does suffer is greatly outweighed by that of Defendant Burns, who will be forced to choose between fully defending in this civil action or waiver of his Fifth Amendment rights.

Defendant Burns' has already been indicted by the Fulton County grand jury. There is no inconvenient delay in this matter, and the civil action does not involve any emergency issues. Where the only burden on plaintiff is the inconvenience of delay, the Defendant's Fifth Amendment interests or other undue hardship should prevail. Corbin v. Federal Deposit Ins Corp., 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) (court finding that a stay may cause some inconvenience or delay, but protection of the defendant's constitutional rights against self-incrimination is "the more important consideration"). Moreover, courts have noted that "in evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in her right to expeditiously pursue her claim." Maloney v. Gordon, 328 F.Supp.2d 508, 512 (D. Del. 2004),

*citing* In re Adelphia Commons. Secs. Lit.. 2003 U.S. Dist. LEXIS 9736 at 10 (E.D. Pa. May 14, 2003).

Plaintiff herein will not suffer from the loss of evidence and fading memory because the government in the ongoing criminal action has been collecting and preserving evidence on this investigation for preparation of the criminal trial. Witnesses for the two proceedings are likely to include many of the same people providing much of the same testimony, which should reduce the danger that any testimony will be lost as a result of the stay. Moreover, witnesses have their memories preserved in grand jury testimony provided before the indictment. The government will surely continue to preserve its evidence through the course of its prosecution, and there is little to no risk that evidence will dissipate during the pendency of a stay in this civil action. Documents and tangible evidence will also be similar and will necessarily be preserved.

Accordingly, in view of the absence of the necessity to proceed expeditiously with this litigation and the absence of any potential significant prejudice to Plaintiff, the Court should grant Defendant Burns' Motion for Stay of this action.

**D.     Defendant Burns will be Prejudiced by the Implication of his Fifth Amendment Rights**

Defendant Burns' interest in presenting a full and complete defense to the allegations in the civil Complaint while also preserving his Fifth Amendment rights must take priority over any inconvenience of the delay to Plaintiff.

"[T]he Fifth Amendment 'not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" Baxter v. Palmigiano, 425 U.S. 308, 316, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)). Moreover, "the Fifth Amendment does not forbid adverse inferences against parties to **civil** actions when they refuse to testify in response to probative evidence offered against them." Id. at 318, 96 S.Ct. 1551.

It is fundamentally unfair to force Defendant Burns to choose between invoking his Fifth Amendment rights and defending himself in this civil action, as Plaintiff will try to use Defendant Burns' invocation of the Fifth Amendment as a tool to prevail in the civil suit. For example, if the parties proceed without a stay and Plaintiff deposes Defendant Burns, and he invokes the Fifth Amendment, Plaintiff will automatically be entitled to a presumption against Burns. His invocation of the Fifth Amendment would be severely prejudicial in the civil action, may well compel

an adverse judgment against Defendant Burns, and such violation warrants a stay. United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 34 (11th Cir. 1994) ("The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant.").

"[T]he Fifth Amendment is violated when a person, who is a defendant in both a civil and a criminal case, is forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment." United States v. Premises Located at Route 13, 946 F.2d 749, 756-57 (11th Cir. 1991), as amended (Nov. 5, 1991); citing Pervis v. State Farm Fire & Casualty Co., 901 F.2d 944, 946-47 (11th Cir. 1990). Participating fully in civil discovery could cause irreparable harm and prejudice to Defendant in his criminal defense, and Defendant Burns will be unduly prejudiced if he has to choose between invoking his Fifth Amendment right and waiving it in order to defend in this action. If Defendant decides to waive his Fifth Amendment Rights, the decision is irrevocable. While this will enable Defendant to rebut the civil charges, any statements made in a deposition or in court can and will be used by the prosecution in the criminal proceedings.

Without waiver, Defendant Burns' defense in this case will substantially implicate his Fifth Amendment rights. See S.W v. Clayton Cty. Pub. Sch., 2016 WL 2755607, at *1-3 (where court found, in the interests of justice and economy, that it is

appropriate for the case to be stayed with respect to defendant whose defense would substantially implicate his Fifth Amendment rights, and he was the only other witness to interactions between himself and the victim).

Defendant will suffer a significant burden by having to defend both the criminal and civil actions at the same time, and he will be unable to devote his full time and attention towards the criminal trial where he faces serious allegations. Further, Defendant will be forced to litigate the civil suit without the ability to prepare or mount a defense to the equally serious civil allegations. The civil discovery phase alone could cause substantial and irreparable harm to the Defendants, as every pleading, document and shred of evidence compelled from Defendant Burns in the civil action might serve to reveal his defense strategy for the criminal action. This threat is particularly significant if there is on-going communication between Plaintiff's counsel and government counsel.

If a defendant successfully demonstrates that he bears the risk of having evidence from the civil trial used against him in the criminal proceeding and/or the risk of being forced to expose the basis of his criminal defense to the government before the criminal trial, courts are inclined to grant a stay unless there are countervailing interests that compel the court to proceed expeditiously in the civil action. United States v. U.S. Currency, 626 F.2d 11, 17 (6th Cir. 1980). As shown

above, there are no emergent issues that require the parties to expeditiously litigate the civil action.

A stay would address the issues that burden Defendant Burns, alleviating the conflict between the implication of his Fifth Amendment rights and defending an action. Absent a stay, this case will proceed to trial parallel to the criminal case, leaving Defendant Burns with no reasonable opportunity to offer a defense that does not implicate his Fifth Amendment rights. Consequently, this factor weighs in favor of a stay where the prejudice suffered by Defendant will far outweigh the inconvenience to Plaintiff.

### E.     The Convenience of the Court Weights in Favor of a Stay

Judicial efficiency also weighs in favor of granting a stay, as this is not just an instance where criminal prosecution is merely conjectural, but a criminal indictment was issued. This action would not be stayed indefinitely, but rather merely for a brief period of time during the pendency of the criminal proceedings.

If the civil action is stayed until the conclusion of the criminal proceedings, then it obviates the need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. Maloney v. Gordon, 328 F. Supp. 2d 508, 513 (D. Del. 2004), citing Cognex Corp. v. Nat'l. Instruments Corp. 2001 U.S. Dist. LEXIS 25555 (D. Del. June 29, 2001); Javier H v. Garcia Botello,

218 F.R.D. 72, 75 (W.D. N.Y. 2003) ("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination").

The evidence that is likely to be sought by the parties in this civil action is largely in the hands of the government, and it is unlikely that either party will be able to obtain the necessary evidence and have access to the necessary government witnesses until the conclusion of the criminal proceedings.  If a complete stay is not granted, the parties will be before this Court on a regular basis trying to address on-going discovery disputes and potential protective orders which may implicate the pending criminal matter and defense.

In fact, the outcome of the criminal proceedings may relieve this Court from having to adjudicate ultimate issues in the criminal proceedings, may narrow or eliminate factual issues, and may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in the case.  In re Grand Jury Proceedings (Williams), 995 F.2d 1013, 1018 N.11 (11th Cir. 1993); Maloney v. Gordon, 328 F. Supp. 3d at 513 (D. Del. 2004).  Further, the Court can alleviate concerns about an indefinite stay by allowing parties to petition the Court to lift or modify the stay if there is a change in circumstances warranting it.  Walsh

Securities, Inc. v. Cristo Prop. Mgmt. Ltd., 7 F.Supp. 523, 529 (D. N.J. 1998), citing Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y. 1985).

Here, the Court's valuable time and resources may be preserved by the resolution of the criminal proceedings, and it is in the interest of the Court and judicial economy to grant the relief requested.

### F.   No Public Interest will be Negatively Affected by a Stay

The public interest would best be served by a Stay of the civil proceedings pending the resolution of the criminal proceedings.  The court's consideration in evaluating the public interest requires the balancing of the public's interest in the protection of constitutional rights and the public's interest in the swift administration of justice.  This balance weighs in favor of granting a stay, as a stay would "allow for constitutional resolution of the concurrent disputes while protecting [the defendant] from unnecessary adverse consequences.  Frierson v. City of Terrell, 2003 WL 21355969, at *4.  Any delay in considering the swift administration of justice is minimal, and the public's interest weighs in favor of a stay where the protection of constitutional rights is afforded by it.  Id.

The compelling public interest in facilitating enforcement of the criminal laws and the fundamental differences between civil and criminal

proceedings give rise to the need for a stay of this civil action.  As stated by the Fifth Circuit in Campbell v. Eastland 307 F.2d 478 (5th Cir. 1962),

> The very fact that there is a clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first.  Administrative policy gives priority to the public interest in law enforcement.  This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

See also Jones v. Conte, 2005 WL 1287017, *2 (N.D. Cal. Apr. 19, 2005) ("the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant"), quoting Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D. N.Y. 2003).

Aside from the public's interest in "ensuring that the criminal process is not subverted by ongoing civil cases," there is no other significant, identifiable public interest in this proceeding that risks damage by a stay in the civil suit.  Douglas v. United States, 2006 WL 2038375 (N.D. Cal. July 17, 2996).  Moreover, the public is not at risk of danger, if any, from Defendant Burns acting as an Atlanta police officer, because he has since been terminated from such employment.  Compare United States v. Kordel, 397 U.S. 1 (1970) (court found significant public interest where both the civil and criminal investigations addressed charges that a company was misbranding drugs that placed the public at risk); compare also Westrick v. Second Chance, 2007 U.S. Dist. LEXIS 23917, at *4 (where claims pursued were based upon defendants' false

claims in selling defective body armor which could have put both military and law enforcement in danger).

"If delay of the non-criminal proceeding would not seriously injure the public interest, a court may be justified in deferring it." S.E.C. v. Dresser, 628 F.2d 1368, 1375-76.  There is no significant public interest to be damaged here, and the claims in this civil action runs to the Plaintiff and not to the public.  To deny the stay will leave Defendant with no reasonable opportunity to offer a defense, which does not further the public's interest in a justice system that provides a viable means of securing the fair resolution of civil and criminal matters.  Conversely, a stay would enable the Defendant to defend both the criminal and civil cases vigorously, and would promote the public interest by providing Defendant with a meaningful opportunity to exercise his constitutional rights *and* present a full and complete defense to the allegations in the civil Complaint.  Thus this factor weighs in favor of the stay.

### G. Civil Discovery will Prejudice Defendant During the Pendency of the Criminal Proceedings

The substantially different rules that apply to discovery in civil and criminal cases are important reasons for staying civil discovery in cases where there are parallel criminal proceedings.  This court has recognized that "the scope of civil

discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial," while criminal "discovery" under the Federal Rules, in contrast, is highly restricted.  S.E.C. v. Zimmerman, 854 F. Supp. 896, 899 (N.D. Ga. 1993); citing Hickman v. Taylor, 329 U.S 495, 507, 67 S.Ct. 385, 391-92, 91 L.Ed. 451 (1947); Fed.R.Crim.P. 15 and 16.  "The broad scope of [civil] discovery presents a risk that parties may be irresistibly tempted to use that discovery to an advantage in a criminal case."  S.E.C. v. Zimmerman, 854 F. Supp. 896, 899.

If a stay is not granted in this civil action, depositions of witnesses and other forms of civil discovery will undoubtedly provide information not discoverable in the criminal case, and shed light on Defendant Burns' strategies in defense of the criminal matter.  The requested stay of discovery, on the other hand, would mitigate against the possibility of such unfair outcomes.  Further, courts have held that in the example of "[a] Rule 26(c) protective order, no matter how broad its reach, provides no guarantee that compelled testimony will not somehow find its way into the government's hands for use in the subsequent criminal prosecution."  Andover Data Services Division of Players Computer, Inc. v. Statistical Tabulating Corp.. 876 F.2d 1080, 1083 (2nd Cir. 1989).

Thus, there is no way to ensure that Defendant's constitutional rights are protected if the civil action is allowed to continue.  Coupled with all of the other

factors weighing in the same direction, this important consideration supports the granting of a stay pending the duration of the criminal proceedings.

### III.    CONCLUSION

The civil action, if not deferred, may very well undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery, expose the basis of the defense to the prosecution in advance of the criminal trial, and otherwise prejudice the case. S.E.C. v. Dresser, 628 F.2d 1368, 1375-76, citing United States v. Henry, 491 F.2d 702 (6th Cir. 1974). For all of the foregoing reasons, Defendant Burns respectfully requests that this civil action be stayed, as to himself, pending the conclusion of the criminal proceedings against him.

Respectfully submitted this 19th day of September, 2016,

/s/     Mary A. Prebula
Mary A. Prebula
Georgia Bar No. 586743
PREBULA & ASSOCIATES LLC
Suite 200 The Crescent Building
3483 Satellite Boulevard, N.W.
Duluth, Georgia 30096
(770) 495-9090
(770) 497-2363 fax
mprebula@prebulallc.com
**Attorney for Defendant**
M:\Documents\Burns\MOB\2016 0919 Brief in Support of Motion to Stay Proceedings.docx

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed **DEFENDANT JAMES BURNS' BRIEF IN SUPPORT OF MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Shean D. Williams, Esquire
Samuel L. Starks, Esq.
The Cochran Firm Atlanta
The Equitable Building
100 Peachtree Street, Ste. 2500
Atlanta, GA 30303
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com

Robert N. Godfrey, Esq.
Tamara N. Baines, Esq.
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
Tbaines@atlantaga.gov

This 19th day of September, 2016.

/s/ Mary A. Prebula
Mary A. Prebula
Georgia Bar No. 586743
PREBULA & ASSOCIATES LLC
Suite 200 The Crescent Building
3483 Satellite Boulevard, N.W.
Duluth, Georgia 30096-5800
(770) 495-9090 phone
(770) 497-2363 fax
ATTORNEY FOR DEFENDANT
mprebula@prebulallc.com
M:\Documents\Burns\MOB\2016 0919 Brief in Support of Motion to Stay Proceedings.docx