**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MELVA ROGERS, Natural Parent of              :
DERAVIS CAINE ROGERS, Deceased            :
                                                                         :
     Plaintiff,                                                     :
                                                                         :    CIVIL ACTION FILE
v.                                                                         :    NO: 1:16-cv-02578-TCB
                                                                         :
CITY OF ATLANTA, a municipal                   :
corporation of the State of Georgia;             :
GEORGE N. TURNER, individually and      :
and in his official capacity as Chief of Police  :
of the City of Atlanta Police Department; and :
JAMES BURNS, individually and in his        :
official capacity as a Police Officer of the     :
City of Atlanta Police Department                 :
                                                                         :
     Defendants.                                              :
_____:

**PLAINTIFF'S RESPONSE TO DEFENDANT JAMES BURNS'
MOTION TO STAY CIVIL ACTION PENDING RESOLUTION
OF CRIMINAL PROCEEDINGS**

      COMES NOW, Plaintiff Melva Rogers, Natural Parent of Deravis Caine

Rogers, Deceased, by and through her attorneys of record and files this Response to

Defendant James Burns' Motion to Stay Civil Action Pending Resolution of

Criminal Proceedings and shows the Court as follows:

## I.    INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 for violations of civil rights arising out of the June 22, 2016, officer-involved fatal shooting of Deravis "Caine" Rogers (hereinafter referred to as "Caine" or "Caine Rogers") by Defendant Officer James Burns (hereinafter referred to as "Defendant Burns.").  Specifically, Caine Rogers, an unarmed 22-year-old young man, was shot in the back of the head by Defendant Burns as he was driving away in his vehicle on Monroe Drive.

The physical evidence, witness testimony, and live video of the shooting unequivocally shows that Defendant Burns shot and killed Caine without legal justification.  In fact, the investigations conducted by the Atlanta Police Department concluded that Caine Rogers was neither a threat to Defendant Burns nor anyone else prior to and at the time of the shooting.  As a result of the overwhelming evidence and the live video of the shooting, on August 31, 2016, a Fulton County Grand Jury indicted Defendant James Burns for murder, aggravated assault, violation of oath of office, and two counts of making a false statements.

This lawsuit was filed on July 15, 2016.  Defendant Burns was personally served on July 21, 2016, and filed an Answer to this lawsuit on September 19, 2016, after being granted an extension of time by Plaintiff to file an Answer.  Defendant

City of Atlanta was personally served on July 18, 2016, and filed a motion to dismiss on August 1, 2016, which is still pending a decision from this Court.

On September 19, 2016, Defendant Burns moved this Court for an order staying this case on the grounds that it is "necessary to protect Defendant Burns' Fifth Amendment rights in connection with the criminal proceedings," and that "he will be greatly prejudiced by his inability to meaningfully defend himself in this civil action if forced to proceed prior to resolution of his criminal case."  In his motion, Defendant Burns seeks to stay the whole case against all defendants indefinitely until after completion of the criminal proceedings, which could arguably take two to three years.  See *Burns' Motion for Stay Order at pp. 2-3.*

Plaintiff submits that the instant motion for an order staying this case for an approximately *two-year to three-year period of time* is unreasonable and unjustified. Furthermore, Defendant Burns' request for a stay is a thinly veiled attempt to frustrate Plaintiff's efforts to prosecute this case in an efficient and timely manner, and will effectively deny Plaintiff her day in court.  Defendant Burns has failed to show any justification for the imposition of an extremely lengthy stay in this case. For the reasons set forth below, Defendant Burns' motion to stay should be denied.

## II.   <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Defendant Burn's motion is based in large part on the general assertion that he will be greatly prejudiced if he is forced to defend himself in a civil and criminal action because it would implicate his Fifth Amendment rights. However, "a blanket assertion of the privilege is an inadequate basis for the issuance of a stay." <u>See</u> *United States v. Lot* 5, 23 F. 3d 359 (11th Cir. 1994) citing *United States v. 6250 Ledge Rd.,* 943 F. 2d 721, 729 n. 9 (7th Cir. 1991).

Federal courts have long recognized that "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution."); *See also Securities & Exch. Comm'n v. Dresser Indus.,* 202 U.S. App. D.C. 345, 628 F. 2d. 1368, 1375 (D.C. Cir). Simply put, "the very fact of a parallel criminal proceedings, however, does not alone undercut [a claimant's] privilege against self-incrimination". <u>See</u> *United States v. Lot 5*, at 364 citing *Little Al,* 712 F. 2d at 136.

In determining whether a civil action should be stayed, the Eleventh Circuit and other federal courts generally consider the following factors: "(1) the extent to

4

which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; 3) the private interest of the plaintiffs in proceeding expeditiously weighted against the prejudice to plaintiffs caused by the delay; 4) the private interest of and burden on the defendants; 5) the interest of the courts; and 6) the public interest." *Whitaker v. Miami-Dade Cty.*, No. 13-24450, 2014 U.S. Dist. LEXIS 189246, at *6 (S.D. Fla. Apr. 23, 2014).

"Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not compel stay" of the civil the matter. <u>See</u> *Doe 1 v. City of Demopolis*, No. CIV A 09-0329-WS-N, 2009 U.S. Dist. LEXIS 59160, 2009 WL 2059311, at *2 (S.D. Ala July 10, 2009). As discussed extensively below, Defendant Burns has failed to show that special circumstances exist in this case that warrants a stay of this case and thus Defendant Burn's motion should be denied.

**A.    The Issues in the Civil Case Do Not Substantially Overlap with those Presented in the Criminal Case.**

Defendant Burns contends that a stay is warranted in this case because the "factual issues in the civil and criminal matter are essentially the same". <u>See</u> *Burns' Motion for Stay Order* at p. 6. Although the criminal prosecution and civil case are both based on the tragic shooting of Caine Rogers, the legal elements necessary to

prevail in the civil case are totally different from the issues presented in the criminal prosecution of Defendant Burns.  In the criminal prosecution, the Fulton County District Attorney's Office has the overwhelming burden of proving beyond a reasonable doubt that Burns committed the offense of murder "with malice aforethought."  Plaintiff's civil case is not focused on the intentions of the Burns at the time of the shooting, but instead "whether the officer's conduct is objectively reasonable in light of the facts confronting the officer."  See *O.C.G.A.* 16-5-1; *Graham v. Connor*, 490 U.S. 386, 396 (1989).

In the determining whether Burns' actions at the time of the shooting were "objectively reasonable" in the civil case, Plaintiff will use the physical evidence from the scene, the testimony of witnesses, video of the shooting, and testimony of the City of Atlanta Police Chief and other City of Atlanta police officers to establish that Defendant Burns' actions were not "objectively reasonable".  In fact, Plaintiff does not need the testimony of Burns to prove her case, and thus will not infringe on Defendant's Fifth Amendment right, as he claims in his motion for stay.  Since the elements of proof for the civil case are totally different from the criminal case, Defendant Burns will not be required to testify in the civil case and thus his "Fifth Amendment rights are not directly implicated by the issues in this case" as he claims in his motion.  See *Burns' Motion for Stay Order* at p. 7.  As such, Defendant Burns'

motion for stay should be denied because he can preserve his rights and still aggressively defend this civil action without the need to testify.

### B.   Burns Indictment Still Does Not Warrant a Stay

On August 31, 2016, the Fulton District Attorney's Office presented evidence surrounding the shooting death of Caine Rogers to a Fulton County Grand Jury.  At that time, Burns made the decision not to testify to the Fulton County Grand Jury before their deliberation, even though he had the unique and special legal right as a police officer to speak to them.  After reviewing the physical evidence, and the live video of the shooting, the Fulton County Grand Jury indicted Defendant Burns on August 31, 2016, for felony murder, aggravated assault, violation of oath of office, and two counts of making false statements.

Immediately following the indictment, defense counsel for Burns filed numerous motions with the Fulton County Superior Court regarding the criminal case.   (See the Docket of Fulton County Superior Court attached as Exhibit "A"). None of these motions filed by Burns' defense counsel relate to or have any bearing on the legal issues on this civil case.  However, the motions filed by Burns in Fulton County Superior Court show that the criminal case will most likely take a significant amount of time before it proceeds to trial.  Therefore, it is not unreasonable to expect

and anticipate that the criminal case might not go to trial for at least two to three years.

For the reasons set forth in detail, a delay of the civil case until completion of the criminal prosecution of Defendant Burns would be highly prejudicial to the Plaintiff, and runs afoul of the great public interest in this case. But even beyond that, a stay in the civil case is not warranted because it is not essential for Defendant Burns to give testimony in the civil case regarding what happened in the shooting since the parties can rely on the physical evidence, testimony of witnesses, and the live video of the shooting in the prosecution and defense of this case.

Frankly, the only stay that would be necessary to protect Defendant Burns' Fifth Amendment rights in the civil case, would be a stay of his deposition, and obligation to respond to certain interrogatories and request for admission that would potentially implicate his Fifth Amendment rights. Accordingly, if the Court were to grant a limited stay as to discovery from Defendant Burns that implicates his Fifth Amendment rights, which Plaintiff does not oppose, the parties could proceed with all other discovery, and reserve any ruling on whether any further or broader stay is necessary or justified. As such, this Court should deny Defendant's motion for a stay as currently requested.

### C.     Plaintiff will be Severely Prejudiced by the Stay.

In his motion, Defendant Burns erroneously argues that "the interest of Plaintiff will not be prejudiced if a stay is granted". <u>See</u> *Burns' Motion for Stay Order* at p. 8.  However, if this Court grants Defendant's motion for stay, Plaintiff will suffer severe prejudice and harm due to the delay.  In determining whether a stay should be ordered in this case, the Court must consider Plaintiff's interest in "proceeding expeditiously with this litigation," as well as any potential prejudice to Plaintiff which would result from a delay.  <u>See</u> *Keating v. Office of Thrift Supervision*, 45 F.3d  322, 325 (9th Cir. 1995).

It is well settled that "a civil plaintiff has an interest in having [his] case resolved quickly."  *Roberts v. Brown*, 2014 U.S. Dist. LEXIS 95597, 2014 WL 3503094, at *7 (citing *S.E.C. v. Loomis*, 2013 U.S. Dist. LEXIS 122116, 2013 WL 4543939, at *2 (E.D. Cal. Aug. 27, 2013)).  Moreover, "[p]otentially criminal conduct should not serve as a 'shield against a civil law suit and prevent plaintiff from expeditiously advancing [his] claim.'"  *Ebay, Inc. v. Digital Point Solutions, Inc.*, 2010 U.S. Dist. LEXIS 23253, 2010 WL 702463, at *17.

Granting Defendant Burn's request for a stay of this case would have exactly that effect.  It is widely known that a criminal prosecution of a case pending in a Fulton County Superior court can take as long as two to three years.  Since Burns

was recently indicted, it is reasonable to assume that his criminal case will not be prosecuted for at least two to three years. It is clear that such a delay would be harmful and unfairly prejudiced to Plaintiff for several reasons.

First, granting a stay will cause irreparable harm to the Plaintiff because vital evidence will be spoiled. The federal courts have recognized that a lengthy "passage of time would be prejudicial because '[w]itnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.'" *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, 1995 U.S. Dist. LEXIS 22540, 1995 WL 261451, at *6-7.

In the case at hand, issue of spoliation is significant because witnesses' testimony, physical evidence from the scene, testimony of the City of Atlanta Police Chief and other officers, and the video footage is all necessary in order for the Plaintiff to prove the element of her claims. The more times passes without the Plaintiff securing this highly relevant evidence for the Court's record; the higher likelihood that relevant witnesses and evidence will either not remember, be unavailable, lost, or destroyed.

Moreover, Defendant Burns does not appear to be seeking to stay this case only as to himself, but rather seeking to stay it as to all parties, including Defendants Burns and the City of Atlanta. Plaintiff has brought independent *Monnell* claims

against the City of Atlanta.  Once again, it is not necessary for Defendant Burns to be forced to waive or assert his Fifth Amendment rights regarding the claims against Defendant City of Atlanta, since his testimony is not needed to prove the elements of the *Monell* claims against the Defendant City of Atlanta.  Counsel for Defendant City of Atlanta has informed Plaintiff's counsel that the City of Atlanta has no position on Defendant Burns' motion to stay at this time.  Regardless of Defendant City of Atlanta's position, there is no legal basis to stay the case against the City of Atlanta since the *Monell* issues are not affected by whether Defendant Burns waives or asserts his Fifth Amendment rights.

Finally, it is unjustly unfair to the Plaintiff for Defendant Burns to kill her son and then use said criminal act as a shield from Plaintiff's civil suit.  Undoubtedly, Defendant Burns and counsel will collect evidence and testimony in the criminal case and use this information to later against the Plaintiff in a civil case.  If a stay is granted, it would be highly prejudicial for Defendant Burns to get a head start on the preservation and securing of the evidence, while Plaintiff is precluded from doing anything in this case while the criminal case is proceeding.  For obvious reasons, it would run afoul of the principle s of "fairness" and "justice" to allow Defendant Burns to benefit in the civil at the expense of killing the Plaintiff's son.  In sum, Plaintiff has a significant interest in proceeding with this case is an expeditious

fashion, and will certainly be prejudiced by a stay being granted for any period of time.

**D.      Defendant Burns will not be Prejudice**

In support of his motion, Defendant Burns argues that he will be prejudiced because he will be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege.  See *Burns' Motion for Stay Order* at pp. 9-10. However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* at 326; *see also Roberts v. Brown*, 2014 U.S. Dist. LEXIS 95597, 2014 WL 3503094, at \*3-4 (C.D. Cal. July 14, 2014).  It is constitutionally permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that requires defendant to assert his Fifth Amendment privilege.  *Baxter v. Palmigiano*, 425 US 308, 318 (1976).

The Eleventh Circuit has consistently refused to issue a stay in cases where the defendant is facing potential criminal charges or been indicted.  See *Whitaker v. Miami*, Dade, 2014 U.S. Dist. LEXIS 189246, at \*6 (S.D. Fla. Apr. 23, 2014) *Banks v. Yokemick*, 144 F.Supp.2d 272, 275-276 (S.D. Nv. 2001) *Harris v. City of Boyhton Beach*, 2016 U.S. Dist. LEXIS 90978, at \*8-10 (S.D. Fla. July 3, 2016).  For example, in the case of *Young v. Perez,* 2015 U.S. Dist. LEXIS 101844, \*4-6 (S.D.

Fla Aug. 4, 2015), the Southern District Court of Florida denied a motion for stay by a police officer who has shot and killed a victim.  In citing reasons for the denying the stay, the Court stated the following:

> "Further, Peraza [defendant police officer] does not discuss any specific factual issue of his defense herein that he would forfeit by invoking his Fifth Amendment privilege. To the contrary, it appears at this early stage of litigation that Peraza may be able to present his defense with evidence other than his own testimony, such as testimony from the multiple witnesses to the shooting or expert testimony. <u>See</u> *Coquina Investments*, 2011 WL 2530945 at *2 (denying stay where defendant "failed to show why it cannot substantiate its defense by using the testimony of other parties, expert testimony, or other evidence").

*Id.*  Lastly, the Court denied the stay on the grounds that the plaintiff would suffer prejudice if a stay was granted because witnesses may disappear or lose memory, and that the public had a compelling interest in the speedy resolution of a civil case involving the death of a citizen which occurred as the result of allegedly excessive force by a police officer.  *Id*.

Like the *Young* defendant, Defendant Burns has made a blanket claim of prejudice but has not set forth specific issues of his defenses that would be forfeited

by asserting his Fifth Amendment right.  Burns, like the officer in *Young*, can also present a defense to this civil case through witness statements, the physical evidence, the live video of the shooting, and the expert witnesses.  As such, his testimony is not needed.  Furthermore, the potential of the spoliation of evidence and the great public interest in this case clearly outweighs any alleged prejudice to the Defendant Burns.

Finally, a stay of a civil proceeding is an "extraordinary" remedy which is not warranted where a defendant's Fifth Amendment rights can be protected 'through less drastic means, such as asserting the privilege on a question-by-question basis.'" *Roberts*, 2014 U.S. Dist. LEXIS 95597, 2014 WL 3503094, at *4-5 (citing and quoting *Doe v. City of San Diego*, 2012 U.S. Dist. LEXIS 174773, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012).  Here, Defendant Burns will not be prejudiced because his testimony is not needed for the prosecution and defense of this case.  In fact, Plaintiff is willing to forego the deposition of Defendant Burns to ensure that the he does not have to invoke his Fifth Amendment privilege.  By not taking the deposition of Defendant Burns, the Plaintiff is allowed to move forward with the prosecution of the civil case against City of Atlanta and Burns; while Defendant Burns can defend the civil and criminal cases without the threat of having to choose whether to invoke the Fifth Amendment.  Since there is no threat in this

case that Defendant Burns' Fifth Amendment rights will be implicated; the motion for stay is not necessary and should be denied.

### E.    The Convenience of the Court Requires a Denial of the Stay

The determination of whether a civil action should be stayed pending the outcome of a criminal proceeding also takes into account "the convenience of the court in the management of its cases" and the "efficient use of judicial resources." *Keating*, 45 F.3d at 325; *see also Ebay, Inc.*, 2010 U.S. Dist. LEXIS 23253, 2010 WL 702463, at *18 ("The Court has an interest in managing its cases efficiently."); *Applied Materials, Inc.*, 1995 U.S. Dist. LEXIS 22540, 1995 WL 261451, at *11-12 ("The court has an interest in the convenient and efficient administration of the case.").  If the Court orders the requested stay, this case will languish on the Court's docket for at least the next two to three years.  Granting Defendant's request for an approximately two-year to three-year long stay would therefore frustrate this Court's interest in the efficient management of the cases on its docket, and its interest in the timely resolution of those cases, whatever the ultimate outcome. As a result, this weighs heavily in favor of a denial of Defendant's request for a stay.

### F.    The Public's Interest Requires a Denial of the Stay

The final factor that the Court should consider in determining whether to grant a stay in this case is the interest of the public in the pending civil and criminal

litigation.  "The public has a demonstrated interest in having the Court as an institution quickly and effectively resolve the disputes before it," and the staying of a civil action pending the outcome of a criminal proceeding "run[s] counter to that interest." *Roberts,* 2014 U.S. Dist. LEXIS 95597, 2014 WL 3503094, at *9. Moreover, "proceeding with the civil case will best serve the interests of the public by 'ensuring that aggrieved parties are made whole as rapidly as possible.'" *Ebay, Inc.*, 2010 U.S. Dist. LEXIS 23253, 2010 WL 702463, at *18.

As this Court knows, there is currently a significant debate and public interest in cases involving police violence, and great public skepticism about the fairness of the judicial system when it comes to the treatment of police officers involved in case concerning the use of deadly and excessive force.  Georgia and metro Atlanta are not immune from this criticism, and a delay in this case would serve to contribute to the already heightened public mistrust of the judicial system's treatment of police officers, which many believe is biased in favor the police and against citizens who are victims of police violence.

In sum, the interests of Plaintiff, the Court, and the public in allowing this case to proceed outweigh that interest. Defendant's motion for an order staying this case should therefore be denied.

## III.   <u>CONCLUSION</u>

"[A] stay is an 'extraordinary remedy that should be granted only when justice so requires.'" *Roberts*, 2014 U.S. Dist. LEXIS 95597, 2014 WL 3503094, at *4. The interests of justice do not require the imposition of this extraordinary remedy in this case. Defendant Burns' motion for an order staying this action should therefore be denied in its entirety. If, however, the Court is inclined to grant a stay, Plaintiff respectfully requests that the Court issue an order staying the deposition of Officer Burns.

This 3rd day of October, 2016.

/s/Shean D. Williams_____
Shean D. Williams, Esq.
Georgia State Bar No.: 764139
Samuel L. Starks, Esq.
Georgia State Bar No.: 676515
***Attorneys for Plaintiff***

THE COCHRAN FIRM ATLANTA
The Equitable Building
100 Peachtree Street, Suite 2600
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MELVA ROGERS, Natural Parent of      :
DERAVIS CAINE ROGERS, Deceased    :
                                   :
      Plaintiff,                        :
                                   :    CIVIL ACTION FILE
v.                                   :    NO: 1:16-cv-02578-TCB
                                   :
CITY OF ATLANTA, a municipal       :
corporation of the State of Georgia;     :
GEORGE N. TURNER, individually and   :
and in his official capacity as Chief of Police :
of the City of Atlanta Police Department; and :
JAMES BURNS, individually and in his   :
official capacity as a Police Officer of the   :
City of Atlanta Police Department      :
                                   :
      Defendants.                 :
_____:

**<u>CERTIFICATE OF SERVICE</u>**

     This is to certify that I have this day served a copy of the foregoing *Plaintiff's Response to Defendant James Burns' Motion to Stay Civil Action Pending Resolution of Criminal Proceedings* to the Clerk of Court via the CM/ECF system which will send notification to registered counsel of record as follows:

Robert N. Godfrey, Esq.         Mary A. Prebula, Esq.
Tamara N. Baines, Esq.         Prebula & Associaes, LLC
City of Atlanta Law Department   3483 Satellite Boulevard NW
55 Trinity Avenue, Suite 5000     Suite 200 The Crescent Building
Atlanta, Georgia 30303-3520      Duluth, Georgia 30096

18

This 3rd day of October, 2016.

/s/Shean D. Williams_____
Shean D. Williams, Esq.
Georgia State Bar No.: 764139
Samuel L. Starks, Esq.
Georgia State Bar No.: 676515
*Attorneys for Plaintiff*

THE COCHRAN FIRM ATLANTA
100 Peachtree Street, Suite 2600
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com