IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELVA ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGE N. TURNER, and JAMES BURNS,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NUMBER 1:16-cv-2578-TCB |

## **O R D E R**

This case comes before the Court on Defendants the City of Atlanta and George Turner's (the "City Defendants") motion to dismiss [5] and Defendant James Burns's motion to stay [17].

## I.   Factual Background

In June 2016, Deravis Caine Rogers ("Rogers"), the son of Plaintiff Melva Rogers ("Plaintiff"), was shot and killed by Burns, an officer with the Atlanta Police Department ("APD"). Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against Burns, the City of Atlanta, and APD Chief of Police George Turner. The factual recitation below is taken from the averments in Plaintiff's complaint, which are presumed

to be true and viewed in a light most favorable to Plaintiff for purposes of the City Defendants' motion to dismiss. *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011).

On the night of the shooting, Burns was called to assist an off-duty APD officer who saw a suspicious person breaking into vehicles in the parking lot of an apartment complex. As Burns drove into the apartment complex, he observed a car driven by Rogers heading toward him. Burns activated his car's blue lights, chirped the siren, and positioned his patrol car in an attempt to stop Rogers's car. When the vehicle did not stop, Burns jumped out of his patrol car and fired his weapon into Roger's vehicle, fatally striking Rogers in the head. Rogers was unarmed at the time. An APD investigation into the shooting determined that Burns shot into Rogers's vehicle without knowing if the driver was the same person suspected of breaking into cars at the apartment complex. The investigation further concluded that Burns violated APD policies and used excessive force by shooting into the vehicle.

In count one of the complaint, Plaintiff seeks compensatory damages for Defendants' violation of Rogers's rights under the Fifth and Fourteenth Amendments to the United States Constitution. Count two seeks exemplary damages for the same violations, which Plaintiff alleges were done with actual malice and with willful and wanton indifference to and deliberate disregard for Rogers's constitutional rights. Count three, captioned "violation of statutory civil rights (claim for compensatory damages)," alleges that Burns's shooting of Rogers was done with actual malice and with willful and wanton indifference to and deliberate disregard for Rogers's unspecified "statutory rights."

Count four asserts a § 1983 claim against the City of Atlanta pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In support of this claim, Plaintiff alleges that the City maintains "persistent and widespread practice[s]" of (1) allowing APD officers to "cover up the use of excessive force despite the lawful authority to use such force," "use unreasonable and deadly force without justification," and "violate the [APD]'s own policies and procedures"; (2) "failing to properly train and supervise [APD] officers"; and (3) "ratifying and

condoning the unlawful and illegal activity of [APD] officers." She further avers that the City was "aware of and deliberately indifferent to" these various problems, "thus creating a culture within the [APD] wherein violating citizen's [sic] civil rights was not only tolerated, but also encouraged." Finally, count five asserts a claim for attorneys' fees pursuant to 42 U.S.C. § 1988.

On August 31, 2016—after the filing of Plaintiff's complaint—Burns was indicted on charges (including felony murder) stemming from the shooting.

## II. The City Defendants' Motion to Dismiss

### A. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). This pleading standard does not require "detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Under Rule 12(b)(6), a claim will be dismissed for failure to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As noted above, when considering a motion to dismiss, the allegations in the pleading must be accepted as true and construed in the light most favorable to the pleader. *Powell*, 643 F.3d at 1302. But the Court need not accept as true "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," nor legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50; *Chaparro*, 693 F.3d at 1337. Thus, evaluation of a motion to dismiss requires two

5

steps: (1) eliminate any allegations in the pleading that are merely legal conclusions, and (2) where there are well-pleaded factual allegations, "assume their veracity and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

B. Analysis

1. Plaintiff's Claims Against Turner

Plaintiff does not oppose the motion to dismiss insofar as it seeks dismissal of the individual-capacity claims against Turner, but she indicates that she would like to dismiss those claims without prejudice by motion. *See* [13] at 2. If that remains the case, Plaintiff is ordered to file a notice, stipulation, or motion—as appropriate under Rule 41(a)—by October 31, 2016. If she does not do so, the Court will treat the claims against Turner as having been abandoned and will dismiss those claims without prejudice. *See* LR 7.1(B); *Holland v. Dep't of Health & Human Servs.*, 51 F. Supp. 3d 1357, 1376 (N.D. Ga. 2014).

In light of Plaintiff's representation that she does not intend to pursue any claims against Turner in his individual capacity at this time, and further because any official-capacity claims against Turner

are tantamount to claims against the City, *see Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991), the Court will address the remainder of the motion only insofar as it pertains to the City.

### 2. Plaintiff's Claim for Punitive Damages Against the City

The motion to dismiss Plaintiff's claim for exemplary damages against the City is both unopposed and meritorious. *See Rollison v. Gwinnett County*, 865 F. Supp. 1564, 1570 (N.D. Ga. 1994) ("Municipalities cannot be liable for punitive damages under 42 U.S.C. § 1983."). That aspect of the motion will therefore be granted.

### 3. The City's *Monell* Liability

The balance of the motion seeks dismissal of the claims against the City on the ground that Plaintiff's complaint fails to meet "the rigorous standard set forth in *Monell* . . . ." [5] at 7. "As a municipality, the City cannot be held vicariously liable under § 1983 for constitutional violations committed by its officers." *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). Instead, a municipality is liable under § 1983 and *Monell* only where it "had a policy, custom, or practice that caused the deprivation" complained of. *Id.* Such liability

may be established, among other ways, by showing that (1) the municipality's legislative body enacted an official policy on point, (2) final policymakers for the municipality "have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure," or (3) someone with final policymaking authority adopts or ratifies the unconstitutional act or decision of a subordinate. *Id.*

The City's motion appears to conflate the differing standards governing motions to dismiss and motions for summary judgment. Indeed, the vast majority of the cases relied upon by the City involve a plaintiff's failure to adduce evidence to support a § 1983 claim, not a failure to adequately plead such a claim in the first instance.[1] At the pleading stage, as noted above, the burden is on the plaintiff not to conclusively prove the municipality's liability, but only to come forward

---

[1] *See, e.g., Riley v. Newton*, 94 F.3d 632, 638 (11th Cir. 1996) (reversing the district court's denial of summary judgment to county and sheriff on excessive-force claim where "Plaintiffs . . . failed to come forward with facts from which a jury could find the existence of any policy or custom leading to a violation of plaintiffs' constitutional rights"); *Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012) (reversing denial of summary judgment to officer on excessive-force claim where record conclusively demonstrated that the use of lethal force was objectively reasonable); *Gold v. City of Miami*, 151 F.3d 1346, 1350–52 (11th Cir. 1998) (reversing judgment entered on jury verdict against city where the plaintiff failed to present evidence of prior similar incidents of police misconduct).

with factual averments that are specific enough to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. It is well settled that these pleading standards apply in all civil cases and that § 1983 complaints need not satisfy any heightened pleading standard. *Hoefling*, 811 F.3d at 1276–77; *see also Leatherman v. Tarrant Cty. Narcotics & Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).

The complaint in this case adequately pleads facts that, if true, would allow a jury to conclude that Burns's use of deadly force was not justified under the circumstances. Although the City correctly points out that Rogers's vehicle was driving in Burns's general direction on the night in question, the averments in the complaint do not compel the conclusion that Burns reasonably perceived Rogers to be a serious threat to him or to others.

To determine whether an officer's use of force was excessive or justified, "three key factors" are whether the officer (1) had probable cause to believe that a fleeing suspect posed a threat of serious physical

harm or had committed a crime involving actual or threatened serious physical harm; (2) reasonably believed that the use of deadly force was necessary to prevent escape; and (3) gave a warning, if feasible, about the possible use of deadly force. *Terrell v. Smith*, 668 F.3d 1244, 1251 (11th Cir. 2012) (citing *Tennessee v. Garner*, 471 U.S. 1 (1985)). The crime at issue in this case, while not insignificant, did not involve physical harm to anybody, and the complaint expressly avers that Rogers was operating his vehicle in a manner that "posed no significant threat of death or serious injury to either Defendant Burns or the public." [1] at ¶ 18.

In addition to adequately alleging that Burns's use of force was excessive, Plaintiff also sufficiently avers that any such excessive force was the result of policies, customs, and/or practices of the City, including but not limited to (1) "maintain[ing] a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable excessive and deadly use of force by police officers," [1] at ¶ 22; (2) "allowing [APD] officers to use

unreasonable and deadly force without justification," *id.* at ¶ 33; and (3) failing to train and supervise APD officers, *id.* at ¶ 35.

Plaintiff's complaint does not seek to impose vicarious liability on the City for the allegedly unconstitutional actions of Burns; it alleges that the City's own policies and practices led to those actions. That is sufficient to allege municipal liability under *Monell*. Whether Plaintiff will ultimately prevail on her claims is not a question before the Court on a motion to dismiss. The motion to dismiss will be denied with respect to the *Monell* claims against the City.

### III.  Defendant Burns's Motion to Stay

Burns has now filed a motion [17] to stay this action pending resolution of the criminal charges against him. Plaintiff opposes a stay of the entire case but does not oppose "a limited stay as to discovery from Defendant Burns that implicates his Fifth Amendment rights." [19] at 8.

A district court has the discretion to stay civil proceedings pending resolution of criminal matters, to control its docket and manage its cases, and under other circumstances "if the interests of justice so

require." *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (citing *United States v. Kordel*, 397 U.S. 1, 12 (1970)); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing court's "broad discretion to stay proceedings as an incident to its power to control its own docket"); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) ("When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action.").[2]

Without a doubt, the pending criminal charges against Burns warrant a stay of discovery with respect to him, as Plaintiff effectively concedes by not opposing such a limited stay. The Court will therefore stay the case in its entirety as to Defendant Burns. Burns's counsel shall file a status report regarding the criminal proceedings against him

---

[2] While a court has the discretion to stay proceedings, a stay is mandated only under limited circumstances. *See United States v. Lot 5*, 23 F.3d 359, 364 (11th Cir. 1994) (noting that a stay is mandated "only when 'special circumstances' so require in the 'interests of justice'") (quoting *Kordel*, 397 U.S. at 12); *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1301 (S.D. Fla. 2014) ("The mere existence of parallel criminal and civil proceedings does not compel a stay of the civil proceeding.").

on December 1, 2016 and every two months thereafter, and any party may file a motion to lift or modify the stay if they believe such a motion to be warranted based on proceedings in Burns's criminal case.

But that is not to discount Plaintiff's interest in diligently pursuing her claim or the interests of the Court and the public in seeing civil lawsuits brought to just and efficient resolutions. Thus, in light of the denial of portions of the City's motion to dismiss, the Court will not stay discovery between Plaintiff and the City, which may proceed on the timeline set forth in Section IV below. Nothing in this Order relieves any party of the obligation to preserve evidence relevant to this lawsuit.

## IV.    Conclusion

For the foregoing reasons, the City Defendants' motion to dismiss [5] is granted in part and denied in part. It is denied with respect to Plaintiff's *Monell* claims against the City but granted as to Plaintiff's request for punitive damages from the City. The Court does not at this time rule on the motion to dismiss insofar as it pertains to the individual-capacity claims against Defendant Turner, but if Plaintiff fails to dismiss or move to dismiss those claims without prejudice

pursuant to Rule 41(a) by October 31, 2016, the Court may at any time thereafter dismiss the claims against Turner without prejudice.

Defendant Burns's motion to stay [17] is granted in part and denied in part. The case against Burns is hereby stayed in its entirety. The City shall respond to Plaintiff's complaint by October 24, 2016, and discovery except with respect to Defendant Burns shall commence on November 1 and last for four months, expiring on February 28, 2017. Dispositive motions, if any, relating to the City's liability shall be filed by March 31.

Finally, the Court denies Plaintiff's request [20] for oral argument on the motion to stay.

IT IS SO ORDERED this 17th day of October, 2016.

_____
Timothy C. Batten, Sr.
United States District Judge