IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS, Natural Parent of DERAVIS CAINE ROGERS, Deceased<br>　　Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, a municipal corporation of the State of Georgia; GEORGE N. TURNER, individually and in his official capacity as Chief of Police of the City of Atlanta Police Department; and JAMES BURNS, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department<br>　　Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br>1:16-CV-02578-TCB |

**CITY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

COME Defendants City of Atlanta ("City") and Police Chief George N. Turner[1], individually and in his official capacity as Chief of Police of the City of Atlanta ("City Defendants") and file their Answer and Affirmative Defenses in the above-captioned matter as follows:

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

---

[1] Chief Georgia N. Turner is appearing by special appearance as he has not yet been served.

1

City Defendants assert that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

City Defendants assert that they took no action to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## THIRD AFFIRMATIVE DEFENSE

City Defendants assert that they engaged in no custom, policy, pattern or practice that gave rise to a violation of Plaintiff's constitutional or statutory rights.

## FOURTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable for the *ultra vires* acts of its officers and employees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant City of Atlanta are barred by the doctrine of sovereign and/or governmental immunity.  Defendant City of Atlanta is entitled to sovereign and/or governmental immunity from Plaintiff's state law claims pursuant to O.C.G.A.§§ 36-33-1 and 36-33-3.  Defendant City of Atlanta has not waived such immunity/immunities.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of the City Defendants, said City Defendants' actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant City of Atlanta is not liable under the theory of *respondeat superior* for the acts and/or omissions of its employees, officers or agents.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant Turner is entitled to qualified immunity from Plaintiff's federal law claims.

### NINTH AFFIRMATIVE DEFENSE

Defendant Turner is entitled to official immunity from Plaintiff's state law claims.

### TENTH AFFIRMATIVE DEFENSE

City Defendants are not liable for punitive damages, nor are any such damages warranted in this case.

### ELEVENTH AFFIRMATIVE DEFENSE

City Defendants respond to each and every allegation of Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.

City Defendants state that Paragraph 1 constitutes a conclusion of law to which an admission or denial is not required.

2.

City Defendants state that Paragraph 2 constitutes a conclusion of law to which an admission or denial is not required.

3.

City Defendants state that Paragraph 3 constitutes a conclusion of law to which an admission or denial is not required.

4.

City Defendants state that Paragraph 4 constitutes a conclusion of law to which an admission or denial is not required. To the extent that Plaintiff seeks to impose or imply liability against City Defendants by asserting the same, these allegations are denied.

## IDENTIFICATION OF PARTIES

5.

City Defendants assert that Paragraph 5 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 5, they are denied.

6.

City Defendants admit the City of Atlanta is a municipal corporation and organized and existing under the laws of the State of Georgia. City Defendants further admit that the City may be served by serving Mayor Kasim Reed through the City of Atlanta Department of Law, 55 Trinity Avenue, Suite 5000. Atlanta Georgia 30303. City Defendants finally state that the remainder of Paragraph 6 constitutes a conclusion of law to which an admission or denial is not required.

7.

City Defendants admit that Chief Turner is the Chief of Police for the City of Atlanta Police Department. City Defendants further admit Chief Turner is a resident and citizen of the State of Georgia and may be served with process at his place of employment, 226 Peachtree Street, Atlanta, Fulton County, Georgia 30303. City Defendants finally state that the remainder of Paragraph 7 constitutes a conclusion of law to which an admission or denial is not required.

8.

City Defendants assert that Paragraph 8 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 8, they are denied.

9.

City Defendants deny the allegations in Paragraph 9 of the Complaint to the extent asserted against City Defendants.

FACTUAL ALLEGATIONS

10.

City Defendants assert that Paragraph 10 contains no factual allegations against City Defendants; therefore, no response is required.  To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 10, they are denied.

11.

City Defendants state that Paragraph 11 constitutes a conclusion of law to which an admission or denial is not required.  To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 11, they are denied.

12.

City Defendants assert that Paragraph 12 contains no factual allegations against City Defendants; therefore, no response is required.  To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 12, they are denied.

13.

City Defendants assert that Paragraph 13 contains no factual allegations

against City Defendants; therefore, no response is required.  To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 13, they are denied.

14.

City Defendants assert that Paragraph 14 contains no factual allegations against City Defendants; therefore, no response is required.

15.

City Defendants assert that Paragraph 15 contains no factual allegations against City Defendants; therefore, no response is required.

16.

City Defendants assert that Paragraph 16 contains no factual allegations against City Defendants; therefore, no response is required.

17.

City Defendants assert that Paragraph 17 contains no factual allegations against City Defendants; therefore, no response is required.  To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 17, they are denied.

18.

City Defendants assert that Paragraph 18 contains no factual allegations against City Defendants; therefore, no response is required.  To the extent that

Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 18, they are denied.

19.

City Defendants assert that Paragraph 19 contains no factual allegations against City Defendants; therefore, no response is required.

20.

City Defendants assert that Paragraph 20 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 20, they are denied.

21.

City Defendants assert that Paragraph 21 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 21, they are denied.

22.

City Defendants deny the allegations contained in Paragraph 22.

23.

City Defendants deny the allegations contained in Paragraph 23.

## COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR COMPENSATORY DAMAGES)

24.

City Defendants incorporate Paragraphs 1 through 23 as if fully set forth herein.

25.

City Defendants assert that Paragraph 25 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 25, they are denied.

## COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR EXEMPLARY DAMAGES)

26.

City Defendants incorporate Paragraphs 1 through 25 as if fully set forth herein.

27.

City Defendants assert that Paragraph 27 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 27, they are denied.

## *COUNT THREE: VIOLATION OF STATUTORY CIVIL RIGHTS*

### (CLAIM FOR COMPENSATORY DAMAGES)

28.

City Defendants incorporate Paragraphs 1 through 27 as if fully set forth herein.

29.

City Defendants assert that Paragraph 29 contains no factual allegations against City Defendants; therefore, no response is required. To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 29, they are denied.

## *COUNT FOUR:  42 U.S.C. §1983 – MONELL LIABILITY*

### (CLAIM FOR COMPENSATORY DAMAGES)

30.

City Defendants incorporate Paragraphs 1 through 29 as if fully set forth herein.

31.

City Defendants deny the allegations contained in Paragraph 31.

32.

City Defendants deny the allegations contained in Paragraph 32.

33.

City Defendants deny the allegations contained in Paragraph 33.

34.

City Defendants deny the allegations contained in Paragraph 34.

35.

City Defendants deny the allegations contained in Paragraph 35.

36.

City Defendants deny the allegations contained in Paragraph 36.

37.

City Defendants deny the allegations contained in Paragraph 37.

38.

City Defendants deny the allegations contained in Paragraph 38.

## *COUNT FIVE: ATTORNEY'S FEES*

39.

City Defendants incorporate Paragraphs 1 through 38 as if fully set forth herein.

40.

City Defendants deny the allegations contained in Paragraph 40.

**WHEREFORE,** any other allegation contained in Plaintiff's Complaint and any subparagraph or subpart, whether numbered or unnumbered, which is not

specifically responded to in this Answer, is specifically denied by City Defendants. City Defendants deny that they are liable to Plaintiff in any manner or that Plaintiff is entitled to any relief as prayed for in paragraphs (a) through (d) of Plaintiff's prayer for relief.

**WHEREFORE**, having fully answered Plaintiff's Complaint within the time allowed by law, City Defendants respectfully request:

a.  that all of Plaintiff's prayers for relief be denied;

b.  that the action against the City Defendants be dismissed;

c.  that all costs incurred by the City Defendants to defend this action be cast upon the Plaintiff; and

d.  any such other relief as the Court deems proper.

## **CERTIFICATION**

Counsel for City Defendants certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted, this 20th day of October, 2016.

                                        */s/ Tamara N. Baines*
                                      **ROBERT N. GODFREY**
                                      Chief Counsel
                                      Georgia Bar No. 298550
                                      **TAMARA N. BAINES**
                                      Sr. Assistant City Attorney
                                      Georgia Bar No. 032460

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia  30303-3520
(404) 546-4115 (telephone)
(404) 546-8366 (facsimile)
tbaines@atlantaga.gov

13

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MELVA ROGERS, Natural Parent of § <br> DERAVIS CAINE ROGERS, Deceased § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> CITY OF ATLANTA, a municipal § <br> corporation of the State of Georgia; § <br> GEORGE N. TURNER, individually and § <br> in his official capacity as Chief of Police § <br> of the City of Atlanta Police Department; and § <br> JAMES BURNS, individually and in his § <br> official capacity as a Police Officer of the § <br> City of Atlanta Police Department § <br>     Defendants. § | CIVIL ACTION NO. <br> 1:16-CV-02578-TCB |

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2016, I electronically filed **CITY DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

                                                      */s/Tamara N. Baines*
                                                      Tamara N. Baines
                                                      Sr. Assistant City Attorney
                                                      Georgia Bar No. 032460