**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MELVA ROGERS and DERAVIS THOMAS, Natural Parents of DERAVIS CAINE ROGERS, Deceased; and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE ROGERS  :<br>:<br>Plaintiffs,  :<br>:<br>v.  :<br>:<br>CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JAMES BURNS, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department  :<br>:<br>Defendants.  : | CIVIL ACTION<br>FILE: 1:16-CV-02578-TCB |

**FIRST AMENDED COMPLAINT**

**NOW COMES** Plaintiffs, MELVA ROGERS and DERAVIS THOMAS, Natural Parent of DERAVIS CAINE ROGERS, Deceased; and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE ROGERS, and hereby file their First Amended Complaint against Defendants CITY OF ATLANTA and JAMES BURNS, as follows:

## *JURISDICTION AND VENUE*

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

2.

Venue is proper in the Northern District of Georgia, Atlanta Division, as all acts complained of occurred in Fulton County, Georgia.

3.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1391.

4.

Plaintiffs, MELVA ROGERS and DERAVIS THOMAS, Natural Parent of DERAVIS CAINE ROGERS, Deceased; and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE ROGERS (hereinafter "Plaintiffs"), seek general and compensatory damages, punitive damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or malicious, intentional, and reckless acts of all Defendants, CITY OF ATLANTA

and JAMES BURNS.

### *3IDENTIFICATION OF PARTIES*

5.

Plaintiffs are the natural parents of DERAVIS CAINE ROGERS. Plaintiffs are, and at all relevant times were, citizens of the United States and residents of the County of DeKalb, State of Georgia, and are entitled to bring this action under Georgia law for all general, special, compensatory, punitive and permissible damages.

6.

Defendant CITY OF ATLANTA is, and at all relevant times was, a municipal corporation organized and existing under the laws of the State of Georgia and is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department. Said Defendant may be served by serving Mayor Kasim Reed through the City of Atlanta Department of Law, 55 Trinity Avenue, Suite 5000, Atlanta, Georgia 30303.

7.

Defendant JAMES BURNS (hereinafter referred to as "Defendant BURNS") is, and at all relevant times was, a sworn police officer of the City of Atlanta and/or

the City of Atlanta Police Department. In his capacity as a police officer, said Defendant was responsible for policing the City of Atlanta under the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department. Said Defendant is sued both in his official and individual capacities. Said Defendant is a resident and citizen of the State of Georgia and may be served with process at his personal residence, 626 DeKalb Avenue SE, Apt. 1425, Atlanta, Fulton County, Georgia 30312.

8.

Plaintiffs plead and state that Defendant CITY OF ATLANTA and its agents and employees, including but not limited to Defendant BURNS, acted willfully and wantonly toward DERAVIS CAINE ROGERS, proximately causing his death. Therefore, no immunity applies in this matter. Moreover, Defendant CITY OF ATLANTA has exhibited a pattern and practice of ignoring and violating the rights of the citizens of Georgia, including the decedent, which proximately caused the death of DERAVIS CAINE ROGERS and, furthermore, negligently supervised and trained their employees despite their knowledge of the need to do so.

## *FACTUAL ALLEGATIONS*

9.

At all relevant times, Defendant BURNS was a sworn member of the City of Atlanta Police Department, and was acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department and under the authority of its office and within the scope of his employment as a police officer.

10.

At all relevant times, Defendant CITY OF ATLANTA was vested with the obligation of ensuring that the police officers of the City of Atlanta Police Department, including Defendant BURNS, complied with the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department.  Defendant CITY OF ATLANTA was also responsible for the hiring, training, supervision and discipline of agents, employees and police officers of the City of Atlanta Police Department, including Defendant BURNS.

11.

At the time of his death on June 23, 2016, DERAVIS CAINE ROGERS was a citizen and resident of the County of DeKalb, in the State of Georgia and in the

United States of America. At all times relevant herein, DERAVIS CAINE ROGERS had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

12.

On June 22, 2016, Defendant BURNS was called to the Monroe Place Apartments at 2160 Monroe Dr., NE, to assist an off-duty Atlanta Police Department officer who was patrolling the parking lot of the apartment and saw a suspicious person breaking into vehicles.

13.

As Defendant BURNS drove into the Monroe Place Apartments, he observed a car that was being driven towards his patrol car, at which point he activated his blue lights, chirped his siren, and positioned his patrol car in an attempt to stop the car, which was being driven by DERAVIS CAINE ROGERS.

14.

As DERAVIS CAINE ROGERS was driving, Defendant BURNS jumped out of his patrol car and fired his weapon into the car being driven by DERAVIS CAINE ROGERS, striking him in the head and killing him.

15.

DERAVIS CAINE ROGERS was pronounced dead at Grady Memorial

Hospital as a result of being shot in the head by Defendant BURNS.

16.

Prior to and at the time Defendant BURNS discharged his firearm, Defendant BURNS did not know if DERAVIS CAINE ROGERS was the suspect who prompted the off-duty Atlanta Police Department officer's call for additional officers.

17.

Prior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS was unarmed and posed no significant threat of death or serious injury to either Defendant BURNS or the public.

18.

Prior to and at the time Defendant BURNS discharged his firearm, DERAVIS CAINE ROGERS had not engaged in any illegal or criminal activity that justified Defendant BURNS' use of his firearm.

19.

An investigation into this shooting by the Atlanta Police Department determined that Defendant BURNS shot into the vehicle being driven by DERAVIS CAINE ROGERS without knowing if the person who was driving the vehicle was the person suspected of breaking into cars at Monroe Place Apartments. This

investigation also concluded that Defendant BURNS violated the policies of the Atlanta Police Department and that by shooting into the vehicle he used unnecessary and excessive force.

20.

Defendant BURNS violated DERAVIS CAINE ROGERS' civil rights under both the United States Constitution and the United States Code, including excessive and deadly force and violation of due process.

21.

Upon information and belief, the Defendant CITY OF ATLANTA, to include the City of Atlanta Police Department and its supervisors, have maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable excessive and deadly use of force by police officers.

22.

The acts, omissions, systemic flaws, policies, and customs of Defendant CITY OF ATLANTA, to include the City of Atlanta Police Department, and its supervisors, caused police officers of the City of Atlanta to believe that the excessive, deadly, and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers were

more likely to use excessive or unreasonable force against DERAVIS CAINE ROGERS and others in the future.

## *COUNT ONE:  VIOLATION OF CONSTITUTIONAL RIGHTS*

**(CLAIM FOR COMPENSATORY DAMAGES)**

23.

Plaintiffs re-alleges and incorporates paragraphs 1-22 of the Complaint as though they were fully set forth herein.

24.

Per U.S.C. § 1983, the intentional shooting of DERAVIS CAINE ROGERS, without legal justification by Defendant BURNS, violated the rights of DERAVIS CAINE ROGERS as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, for which all named Defendants are individually liable.

## *COUNT TWO:  VIOLATION OF CONSTITUTIONAL RIGHTS*

**(CLAIM FOR EXEMPLARY DAMAGES)**

25.

Plaintiffs re-alleges and incorporates paragraphs 1-24 of the Complaint as though they were fully set forth herein.

26.

Per 42 U.S.C. § 1983, the intentional shooting of DERAVIS CAINE

ROGERS by Defendant BURNS, when DERAVIS CAINE ROGERS was unarmed, did not pose a threat of death or grievous bodily injury to Defendant BURNS or others. Therefore, Defendants had no lawful authority to use deadly force against DERAVIS CAINE ROGERS. Said force was done with actual malice toward DERAVIS CAINE ROGERS, and with willful and wanton indifference to, and deliberate disregard for the constitutional rights of, DERAVIS CAINE ROGERS. Plaintiffs are thus entitled to exemplary damages.

### *COUNT THREE: VIOLATION OF STATUTORY CIVIL RIGHTS*
### (CLAIM FOR COMPENSATORY DAMAGES)

27.

Plaintiffs re-alleges and incorporate paragraphs 1-26 of the Complaint as though they were fully set forth herein.

28.

The intentional shooting of DERAVIS CAINE ROGERS by Defendant BURNS when DERAVIS CAINE ROGERS was unarmed, did not pose a threat of death or grievous bodily injury to Defendant BURNS or others. Therefore, Defendants had no lawful authority to use deadly or non-deadly force against DERAVIS CAINE ROGERS. Said force was done with actual malice toward DERAVIS CAINE ROGERS and with willful and wanton indifference to, and

deliberate disregard for the statutory rights of, DERAVIS CAINE ROGERS.

## *COUNT FOUR:  42 U.S.C. § 1983 – MONELL LIABILITY*

### (CLAIM FOR COMPENSATORY DAMAGES)

29.

Plaintiff re-alleges and incorporates paragraphs 1-28 of the Complaint as though they were fully set forth herein.

30.

At all times prior to the incident complained of, it was the policy and practice of Defendant CITY OF ATLANTA and the City of Atlanta Police Department to employ certain police officers, including Defendant BURNS described in the foregoing paragraphs.

31.

For a significant period leading up to the shooting of DERAVIS CAINE ROGERS, Defendant CITY OF ATLANTA, to include the City of Atlanta Police Department have had a persistent and widespread practice of authorizing certain officers, including Defendant BURNS, to cover-up the use of excessive force despite the lawful authority to use such force.  Further, Defendant CITY OF ATLANTA and the City of Atlanta Police Department were aware of and deliberately indifferent to this widespread and systemic corruption within the Atlanta Police Department.

Further, their deliberate indifference allowed said corruption to flourish and increase in the years leading up to the shooting death of DERAVIS CAINE ROGERS. Such custom, policy, and practice were the driving forces leading to the violation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint.

32.

Defendants have a persistent and widespread practice of allowing the City of Atlanta Police officers to use unreasonable and deadly force without justification. Further, these Defendants were deliberately indifferent to this practice and custom within the Atlanta Police Department, thereby allowing the deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Counts through Three of this Complaint.

33.

Defendants have a persistent and widespread practice of allowing the City of Atlanta Police officers to violate the City of Atlanta Police Department's own policies and procedures. Further, these Defendants were deliberately indifferent to this practice and custom within the Atlanta Police Department by failing to enforce policies; failing to properly train; failing to properly discipline; thus creating a culture within the City of Atlanta Police Department wherein violating citizens' civil

rights was not only tolerated, but also encouraged; thereby allowing the deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint.

34.

Defendants have a persistent and widespread practice of failing to properly train and supervise the City of Atlanta Police officers, thereby allowing the deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Counts One through Three of this Complaint.

35.

Defendant CITY OF ATLANTA have a persistent and widespread practice of ratifying and condoning the unlawful and illegal activity of the City of Atlanta Police officers, thereby allowing the deprivation of DERAVIS CAINE ROGERS' civil rights, as described in Count One through Three of this Complaint.

36.

Defendant CITY OF ATLANTA, in failing to properly train, monitor, and supervise the City of Atlanta Police officers, deprived DERAVIS CAINE ROGERS' of his civil rights, as described in Count One through Three of this Complaint.

37.

As a direct and proximate result of the above-referenced conduct of

Defendants BURNS and CITY OF ATLANTA, Plaintiffs have suffered damages as outlined in detail in this Complaint, including damages for the wrongful death of their son DERAVIS CAINE ROGERS, which entitles Plaintiffs to recover for the full value of their son's life as defined under O.C.G.A. § 51-4-2(a).

38.

As the direct and proximate result of the above-referenced conduct of Defendants BURNS and CITY OF ATLANTA, Plaintiffs, as Administrators of the Estate of DERAVIS CAINE ROGERS, are entitled to receive damages for any conscious pain and suffering that he experienced prior to his death, along with punitive damages, his funeral and burial expenses.

## *COUNT FIVE:  ATTORNEYS' FEES*

39.

Plaintiffs re-alleges and incorporates paragraphs 1-38 of the Complaint as though they were fully set forth herein.

40.

Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiffs, MELVA ROGERS and DERAVIS THOMAS, Natural Parent of DERAVIS CAINE ROGERS, Deceased; and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE

ROGERS, pray as follows:

a) That process issue and that Defendants be served according to the law;

b) That Plaintiffs have a trial by jury;

c) That Plaintiffs have and recover a verdict and judgment against Defendants, jointly and severally, in their official and individual capacities for all compensatory, general, and punitive damages, and for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact; and

d) That Plaintiffs have such other and further relief as this Court deems just and proper under the circumstances.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE]

Respectfully submitted this 30<u>th</u> day of November, 2017.

              THE COCHRAN FIRM – ATLANTA

              <u>/s/ SHEAN D. WILLIAMS</u>
              Georgia Bar No. 764139
              Samuel L. Starks
              Georgia Bar No. 676515
              Peter A. Brogdon, II
              Georgia Bar No. 399961
              *Attorneys for the Plaintiff*

The Equitable Building
100 Peachtree Street, NW
Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
Email: swilliams@cochranfirmatl.com
    sstarks@cochranfirmatl.com
    pbrogdon@cochranfirmatl.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MELVA ROGERS and DERAVIS THOMAS, Natural Parents of DERAVIS CAINE ROGERS, Deceased; and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE ROGERS <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JAMES BURNS, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department <br><br> Defendants. | CIVIL ACTION <br> FILE: 1:16-CV-02578-TCB |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed *First Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Rita M. Cherry, Esq.
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520

Mary A. Prebula, Esq.
Prebula & Associates LLC
3483 Satellite Blvd., NW
Suite 200, The Crescent Building
Duluth, Georgia 30096

Respectfully submitted this 30th day of November, 2017.

/s/ SHEAN D. WILLIAMS
Shean D. Williams
Georgia State Bar No.: 764139
Samuel L. Starks
Georgia State Bar No.: 676515
*Attorneys for Plaintiffs*

THE COCHRAN FIRM – ATLANTA
The Equitable Building
100 Peachtree Street, Suite 2500
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com