## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS and DERAVIS THOMAS | § | |
| Natural Parent of DERAVIS CAINE ROGERS, | § | |
| Deceased; and MELVA ROGERS and DERAVIS | § | |
| THOMAS, as Administrators of the Estate of | § | |
| DERAVIS CAINE ROGERS | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:16-CV-02578-TCB |
| CITY OF ATLANTA, a municipal | § | |
| corporation of the State of Georgia; | § | |
| and JAMES BURNS, individually and in his | § | |
| in his official capacity as a Police Officer | § | |
| of the City of Atlanta Police Department | § | |
|     Defendants. | § | |

## THE CITY OF ATLANTA'S AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** Defendant City of Atlanta ("City") and files its Amended

Answer and Affirmative Defenses in the above-captioned matter as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The City took no action to deprive Plaintiffs of any right, privilege, freedom

or immunity secured by the Constitution and laws of the United States of America,

1

the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

## THIRD AFFIRMATIVE DEFENSE

The City did not engage in any custom, policy, pattern or practice that gave rise to a violation of Plaintiffs' constitutional or statutory rights.

## FOURTH AFFIRMATIVE DEFENSE

The City is not liable for the *ultra vires* acts of its officers and employees.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the City are barred by the doctrine of sovereign and/or governmental immunity.   The City is entitled to sovereign and/or governmental immunity from Plaintiffs' state law claims pursuant to O.C.G.A.§§ 36-33-1 and 36-33-3.  The City has not waived such immunity/immunities.

## SIXTH AFFIRMATIVE DEFENSE

Insofar as Plaintiffs have been affected by the conduct of the City, said City's actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of its duties and responsibilities imposed by law.

## SEVENTH AFFIRMATIVE DEFENSE

The City is not liable under the theory of *respondeat superior* for the acts and/or omissions of its employees, officers or agents.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The City is not liable for punitive damages, nor are any such damages warranted in this case.

The City responds to each and every allegation of Plaintiffs' Complaint as follows:

<u>JURISDICTION AND VENUE</u>

1.

Paragraph 1 constitutes a conclusion of law to which an admission or denial is not required.

2.

Paragraph 2 constitutes a conclusion of law to which an admission or denial is not required.

3.

Paragraph 3 constitutes a conclusion of law to which an admission or denial is not required.

4.

Paragraph 4 constitutes a conclusion of law to which an admission or denial

is not required. To the extent that Plaintiffs seek to impose or imply liability against the City by asserting the same, these allegations are denied.

<u>IDENTIFICATION OF PARTIES</u>

5.

Paragraph 5 contains no factual allegations against the City, therefore no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 5, they are denied.

6.

The City of Atlanta admits it is a municipal corporation and organized and existing under the laws of the State of Georgia.  The City further admits that it may be served by serving Mayor Kasim Reed through the City of Atlanta Department of Law, 55 Trinity Avenue, Suite 5000. Atlanta Georgia 30303.  The remainder of Paragraph 6 constitutes a conclusion of law to which an admission or denial is not required.

7.

Paragraph 7 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiff seeks to impute or imply liability against the City by asserting the allegations contained in Paragraph 7, they are

denied.

8.

The City denies the allegations in Paragraph 8 of the Complaint to the extent asserted against the City.

## FACTUAL ALLEGATIONS

9.

Paragraph 9 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 9, the allegations are denied.

10.

Paragraph 10 constitutes a conclusion of law to which an admission or denial is not required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 11, the allegations are denied.

11.

Paragraph 11 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 10, the

allegations are denied.

12.

Paragraph 12 contains no factual allegations against the City. Therefore, no response is required. To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 12, the allegations are denied.

13.

Paragraph 13 contains no factual allegations against the City. Therefore, no response is required. To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 13, the allegations are denied.

14.

Paragraph 14 contains no factual allegations against the City. Therefore, no response is required. To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 14, the allegations are denied.

15.

Paragraph 15 contains no factual allegations against the City. Therefore, no response is required. To the extent that Plaintiffs seek to impute or imply liability

against the City by asserting the allegations contained in Paragraph 15, the allegations are denied.

16.

Paragraph 16 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 16, the allegations are denied.

17.

Paragraph 17 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 17, the allegations are denied.

18.

City Defendants assert that Paragraph 18 contains no factual allegations against City Defendants; therefore, no response is required.  To the extent that Plaintiff seeks to impute or imply liability against City Defendants by asserting the allegations contained in Paragraph 18, they are denied.

19.

The City admits the allegations contained in Paragraph 19.

20.

Paragraph 20 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 20, the allegations are denied.

21.

Paragraph 21 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 21, the allegations are denied.

22.

The City denies the allegations contained in Paragraph 22.

## COUNT ONE: VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR COMPENSATORY DAMAGES)

23.

The City incorporates Paragraphs 1 through 22 as if fully set forth herein.

24.

Paragraph 24 contains no factual allegations against the City. Therefore, no

response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 24, the allegations are denied.

### COUNT TWO: VIOLATION OF CONSTITUTIONAL RIGHTS

### (CLAIM FOR EXEMPLARY DAMAGES)

25.

The City incorporates Paragraphs 1 through 24 as if fully set forth herein.

26.

Paragraph 26 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability against the City by asserting the allegations contained in Paragraph 26, the allegations are denied.

### COUNT THREE: VIOLATION OF STATUTORY CIVIL RIGHTS

### (CLAIM FOR COMPENSATORY DAMAGES)

27.

The City incorporates Paragraphs 1 through 26 as if fully set forth herein.

28.

Paragraph 28 contains no factual allegations against the City. Therefore, no response is required.  To the extent that Plaintiffs seek to impute or imply liability

against the City by asserting the allegations contained in Paragraph 28, the allegations are denied.

### COUNT FOUR:  42 U.S.C. §1983 – MONELL LIABILITY

### (CLAIM FOR COMPENSATORY DAMAGES)

29.

The City incorporates Paragraphs 1 through 28 as if fully set forth herein.

30.

The City denies Paragraph 30 as alleged. The City admits that it employs police officers.

31.

The City denies the allegations contained in Paragraph 31.

32.

The City denies the allegations contained in Paragraph 32.

33.

The City denies the allegations contained in Paragraph 33.

34.

The City denies the allegations contained in Paragraph 34.

35.

The City denies the allegations contained in Paragraph 35.

36.

The City denies the allegations contained in Paragraph 36.

37.

The City denies the allegations contained in Paragraph 37.

38.

The City denies the allegations contained in Paragraph 38.

## *COUNT FIVE: ATTORNEY'S FEES*

39.

The City incorporates Paragraphs 1 through 38 as if fully set forth herein.

40.

The City denies the allegations contained in Paragraph 40.

**WHEREFORE,** any other allegation contained in Plaintiffs' Complaint and any subparagraph or subpart, whether numbered or unnumbered, which is not specifically responded to in this Answer, is specifically denied by the City.  The City denies that it is liable to Plaintiffs in any manner or that Plaintiffs are entitled to any relief as prayed for in paragraphs (a) through (d) of Plaintiffs' prayer for relief.

**WHEREFORE**, having fully answered Plaintiffs' Complaint within the time allowed by law, the City respectfully requests:

a.      that all of Plaintiffs' prayers for relief be denied;

b.      that the action against the City be dismissed;

c.      that all costs incurred by the City to defend this action be cast upon the

Plaintiff; and

d.      any such other relief as the Court deems proper.

## CERTIFICATION

Counsel for the City hereby certifies that this pleading has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted, this 19th day of January, 2018.

.

*/s/ Rita M. Cherry*
**RITA M. CHERRY**
Senior Assistant City Attorney
Georgia Bar No. 123398
Phone: 404-546-4134
Email:Law-rmcherry@AtlantaGa.gov
**STACI J. MILLER**
Associate City Attorney
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov
***Attorneys for Defendant***

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Telephone: (404) 546-4100

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MELVA ROGERS and DERAVIS THOMAS | § | |
| Natural Parent of DERAVIS CAINE ROGERS, | § | |
| Deceased; and MELVA ROGERS and DERAVIS | § | |
| THOMAS, as Administrators of the Estate of | § | |
| DERAVIS CAINE ROGERS | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:16-CV-02578-TCB |
| CITY OF ATLANTA, a municipal | § | |
| corporation of the State of Georgia; | § | |
| and JAMES BURNS, individually and in his | § | |
| in his official capacity as a Police Officer | § | |
| of the City of Atlanta Police Department | § | |
|      Defendants. | § | |

## CERTIFICATE OF SERVICE

     I hereby certify that on January 19, 2018 I electronically filed the forgoing

Amended Answer to Plaintiffs' First Amended Complaint with the Clerk of Court

using the CM/ECF system with service on all attorneys of record electronically.

                          */s/ Rita M. Cherry*
                          **RITA M. CHERRY**
                          Senior Assistant City Attorney
                          Georgia Bar No. 123398
                          Phone: 404-546-4134
                          Email:Law-rmcherry@AtlantaGa.gov

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Telephone: (404) 546-4100

14