## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS and DERAVIS THOMAS | ) | |
| Natural Parents of DERAVIS CAINE ROGERS | ) | |
| Deceased; and MELVA ROGERS AND | ) | |
| DERAVIS THOMAS, as Administrators of the | ) | |
| Estate of DERAVIS CAINE ROGERS, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 1:16-CV-02578- MLB |
| CITY OF ATLANTA *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT CITY OF ATLANTA'S RESPONSE TO PLAINTIFFS'
CORRESPONDENCE TO THE COURT RE: DISCOVERY AND
THE CITY'S MOTION FOR A RULING ON ITS OBJECTIONS TO
PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant CITY OF ATLANTA (the "City"), by its attorneys and pursuant

to Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2), hereby files its Response

to Plaintiffs' Correspondence to the Court Re: Discovery and The City's Motion

for A Ruling on its Objections to Plaintiffs' Third Request For Production of

Documents.

## INTRODUCTION

Before the Honorable Michael L. Brown are two *Monell* cases against the

City of Atlanta, *Payne-Brown v. City of Atlanta,* Civil Action No: 1:17-CV-04850

and *Rogers v. City of Atlanta*, Civil Action No: 1:16-CV-02578.  Plaintiffs are represented by the same firm. On April 18, 2018 each individual Plaintiff emailed the Court claiming that the City has unreasonably delayed the discovery process and informed the Court that Plaintiff Rogers may need endless depositions of witnesses in order to prove her case.

## FACTS

### I.   Payne-Brown v. City of Atlanta

On April 18, 2018 Plaintiff Payne-Brown sent an email to the Court expressing concerns about discovery and complained that the City was non-compliant when it came to scheduling depositions *Payne/Brown v. City of Atlanta*, Civil Action No: 1:17-CV-04850.   Specifically, on March 28, 2018 Plaintiff requested discovery dates to depose nine City police officers.   Responding to Plaintiff on that same day, the City provided Plaintiff with three dates, April 19th, 26th, and May 3rd, along with three time slots each day to take their depositions.  The following day, May 29, 2018, the City provided Plaintiff with three officers for Plaintiff to Notice for deposition. On April 4, 2018, the City provided Plaintiff with a fourth officer to be Noticed. (Docs. 16-23). As illustrated, the City did in fact comply with Plaintiffs' requests.

However, on April 18, 2018 Officer Soeldner, whose deposition was scheduled for the next day, asked that her deposition be rescheduled to April 26th due to

medical reasons.  Officer Soeldner offered to bring a medical excuse with her showing that she was under doctor's care. The City's request to reschedule Officer Soeldner's deposition prompted Plaintiff to email the Court with claims that the City is unreasonably delaying this case.

Contrary to Payne-Brown's assertion, the City has made every effort to accommodate her request.  Notwithstanding and in the interest of resolving Plaintiff's scheduling concerns, the City will stipulate that Plaintiff may Notice the depositions of the remaining 5 officers, on the agreed-upon dates without any further need to confer.  The City also agrees that it will set asidee May 4th as an additional day for Plaintiff to take their depositions.

## II.   <u>Rogers v. City of Atlanta</u>

By way of a separate email to the Court also dated April 18, 2018 Plaintiff Rogers stated concerns with the City's objections to Plaintiffs' Third Request For Production of documents in  *Rogers v. City of Atlanta* a case also assigned the his Honor. The City has concerns too. Namely, that it is Plaintiff who has been unreasonable throughout this case. Not the City.

In *Rogers*, Plaintiff alleged a *Monell* claim against the City for the fatal shooting of an unarmed male by a former City police officer, James Burns.  Plaintiff has made discovery requests in this case that seems to ask for all but every document related

3

to every officer that has ever been in the City of Atlanta.  In a prior hearing with Judge Batten, who was previously assigned this case, Plaintiff requested a no-limit deposition privilege.  However, after considering the objections of counsels for the City and Burns, the Court limited Plaintiff to 30 depositions, with costs imposed to Plaintiff for the remaining depositions and leave the seek more if needed.  In a telephone hearing with this Court, Plaintiff's counsel represented that he needed  only 7 or 8 more depositions beyond those that were already taken.  In the April 18th email however, Plaintiff counsel conversely asserted to the Court that he cannot state how many depositions he may need or how many more depositions may "grow out of" the other.  Plaintiff has two more depositions before reaching its limit of 30. The City asks that this Court enforce Plaintiffs limit of 30.

Most importantly, the City hereby requests that this Court put an end to Roger's fishing expedition discovery course by limiting the requests to documents relevant to Plaintiff's claim and proportional to the needs of the case. FRCP 26(b)(1). Discovery has been ongoing since November 2016 and to date Plaintiff has propounded over 100 Requests for Production of Documents.   The City has responded with over 7,000 documents, tapes, video, audio, and ESI. (*Exhibits A-E).*

Currently at issue is the City's five objections in Plaintiff's Third Request for Production of Documents. *(Exhibit E).*  RPD's # 5, 6, 7, 13, and 14 are representative of  Plaintiff's overreaching requests, to which the City objected. A brief example is

4

found in RPD #5, where Plaintiff seeks all documents for a five year period related to proposed discipline for all officers who were charged for any reason whatsoever during that period and  RDP#6 which requests all documents from every appeal to the Civil Service Board related to any adverse action for all disciplined officers. These excessive discovery requests are not constructed to prove the claims alleged.  Rather they are constructed in hopes of finding a claim.

WHEREFORE,  the City requests the following:

1) That this Court rule on its objections to Plaintiff's Requests for Production of Documents # 5, 6, 7, 13, and 14.

2) That this Court allow no further depositions beyond the 30 depositions which Plaintiff has been permitted, with the exception of  James Burns; and

3) The Court Order a stay in this case after the close of discovery, which is June 16, 2018, until such time as James Burns may be deposed.

## III.   CONCLUSION

For the foregoing reasons, the City requests a ruling in its favor on the its Objections to Plaintiff Rogers Third Request For Production of Documents.


## CERTIFICATION

Counsel for the City Defendants certifies that is brief has been prepared with Time New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 20th day of April, 2018.


/s/ Rita Cherry
Rita Cherry
Sr. Assistant City Attorney
Georgia Bar No. 123398


CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
Direct: (404) 546-4134
Main: (404) 546-4100
Law-rmcherry@atlantaga.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MELVA ROGERS and DERAVIS THOMAS | ) | |
| Natural Parents of DERAVIS CAINE ROGERS | ) | |
| Deceased; and MELVA ROGERS AND | ) | |
| DERAVIS THOMAS, as Administrators of the | ) | |
| Estate of DERAVIS CAINE ROGERS, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | 1:16-CV-02578- MLB |
| CITY OF ATLANTA *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on April 20, 2018, I served a true and correct copy of the foregoing, **DEFENDANT CITY OF ATLANTA'S RESPONSE TO PLAINTIFFS' CORRESPONDENCE TO THE COURT RE: DISCOVERY AND THE CITY'S MOTION FOR A RULING ON ITS OBJECTIONS TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** with the Clerk of Court using the CM/ECF system, which will automatically send notification to counsel of record.

                                  */s/ Rita Cherry*
                                  Rita Cherry
                                  Sr. Assistant City Attorney
                                  Georgia Bar No. 123398

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
Direct: (404) 546-4134
Main: (404) 546-4100
Law-rmcherry@atlantaga.gov