# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MELVA ROGERS, Natural Parent of ) <br> DERAVIS CAINE ROGERS, Deceased ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ATLANTA, et al. ) <br> ) <br> Defendant. ) | CIVIL ACTION <br> FILE NO.1:16-cv-2578 |

## DEFENDANT JAMES BURNS' SUPPLEMENTAL BRIEF
## IN SUPPORT OF
## MOTION TO STAY CIVIL ACTION
## PENDING RESOLUTION OF CRIMINAL PROCEEDINGS

COMES NOW Defendant James Burns, by and through his attorney of record, and files this his SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS, and shows the Court as follows:

### I.     INTRODUCTION

The family of Dervais Cain Rogers (the "Deceased") brought this civil action for his death arising from an incident involving former Atlanta Police Officer Defendant James Burns. In addition to the instant civil action, Burns was indicted by the Fulton County grand jury in August 2016, after the civil Complaint was filed. A

few months later, this Court granted Defendant Burns' motion to stay the proceedings against him pending the outcome of the criminal investigation. Due to constitutional procedural issues with the indictment and an intervening United States Supreme Court decision, which will be discussed further herein, the Fulton County District Attorney's office dismissed the indictment against Defendant Burns during the summer of 2018, indicating the procedural reason for the dismissal within the *Nolle Prosequi* dismissal, and issued public statements promising an indictment in the future. The dismissal of the indictment is attached hereto as Exhibit A.

Defendant Burns' reported the *Nolle Prosequi* in a bi-monthly status report. At a scheduled telephone status conference, Defendant Burns counsel contended that the stay of all matters as to Defendant Burns should remain the order of this Court. The Court then requested a supplemental brief on Defendant Burns' stay. Unfortunately, because the *nolle pros* was a result of procedural and constitutional and not evidentiary reasons and will be refiled, the situation has not changed for Defendant Burns from when he filed his original Motion for Stay. Defendant Burns will soon be forced to defend two identical actions, jeopardizing his Fifth Amendment right against self-incrimination and his ability to defend himself in the civil action. Defendant Burns respectfully requests that this Court continue the stay until the criminal action is fully and finally resolved.

## II.     STATEMENT OF FACTS

The Atlanta Police Department investigated the incident and the death of the Decedent and obtained statements from its employee, Officer Burns, during the course of its investigation.  The investigations into the incident continued by the Fulton County District Attorney's Office and the Georgia Bureau of Investigation ("GBI").  The statements collected by Officer Burns' employer, the Atlanta Police Department, and the results of the D.A. and GBI's investigations, were presented to the grand jury.  After review of that evidence, a five-count indictment was issued on August 31, 2016, which includes a count for felony murder.  In Georgia, felony murder carries a mandatory sentence of death or imprisonment for life with or without parole. O.C.G.A. §16-5-1(d). The August 2016 indictment is attached hereto as Exhibit B.

The Complaint in this civil action was filed on July 18, 2016 based on the same facts relevant to and out of which the criminal action arises.  Plaintiff, recognizing at least some portion of Defendant Burns' Fifth Amendment rights, consented to a stay of discovery to him.  This Court, however, recognizing the full ramifications of this civil litigation while a criminal matter was in process, granted Defendant Burns a stay as to the entire on October 17, 2016.

As this Court may be aware, during the stay and the State's investigation against Burns, constitutional criminal procedure law evolved, which ultimately has affected the case against Defendant Burns (not to mention criminal cases across the country). These criminal procedural changes developed from a case in Kansas where a police officer was offered a job on a condition that he disclose illicit possession of a weapon to his current employer. Vogt v. City of Hays, No. 15-3266 (10th Cir. 2017). The disclosure triggered an investigation, which culminated in felony possession charges against him. The Kansas police officer brought an action against the police department alleging that the use of the statements made to and during his employer's investigation resulting in criminal charges violated his Fifth Amendment right against self-incrimination. Id.

The Kansas police department argued that the use of his employment statements in a pre-trial probable cause hearing did not violate his Fifth Amendment rights because the probable cause hearing did not constitute a "criminal case." Id. The district court agreed, but the 10th Circuit Court of Appeals reversed, holding that "criminal case" does include probable cause hearings, and therefore the Kansas police officer's self-incrimination rights were violated. Id. Attached hereto as Exhibit C is the decision of the 10th Circuit Court of Appeals for the Court's convenience.

Prosecutors across the nation urged the reversal of the 10th Circuit and many banked on a reversal when the United States Supreme Court granted *cert* on September 28, 2017. However, after oral argument the Supreme Court dismissed the *certiorari* because it was "improvidentially granted." See City of Hays, Kansas v. Vogt, 584 US. _____(May 29, 2018). Attached here to as Exhibit D is the Supreme Court Docket reflecting these events.

The impact of this case means that prosecutors in all jurisdictions must adjust and re-evaluate Fifth Amendment considerations in pre-trial proceedings. Which is exactly what Fulton County District Attorney Paul Howard did in the felony murder case against Defendant Burns. On July 25, 2018, Mr. Howard dismissed the indictment against Defendant Burns because, "the State's position in pending matters before the Court under this indictment relied in part upon resolution expected in the Supreme Court's Vogt decision, and because that resolution can no longer be expected." Exhibit A. Because the Supreme Court did not reverse and allowed the 10th Circuit decision to stand, statements used in pre-trial proceedings can now implicate Fifth Amendment concerns, and Defendant Burns' indictment was subject to attack. Rather than spending taxpayer money and staff energy litigating a constitutional issue before the 11th Circuit, Mr. Howard dismissed the

indictment, so he could correct the unconstitutional basis of the first attempted prosecution and try again.

To further underscore his point that the dismissal was purely <u>Vogt</u> based, the *Nolle Prosequi* order specifically states that there was probable cause for Burns' arrest and indictment and that "the State's position in the current case remains strong." Exhibit A.  It is clear from the face of the dismissal that the State dismissed the indictment purely because of procedural issues and constitutional issues.

Indeed, Paul Howard has repeatedly assured the public that the dismissal was procedural, that the case against Defendant Burns will be re-indicted and that the investigation against him will resume. In a public statement, Mr. Howard said, "We are NOT dropping our commitment to fully prosecute the case against Burns. The *nolle prosequi* is a procedural matter."  Exhibit E.  News coverage confirms that Mr. Howard dismissed the case because of <u>Vogt</u> and will seek to re-indict the case soon.

While the indictment has been temporarily, procedurally dismissed, the same bases for granting Defendant Burns' initial Motion to Stay are still applicable and appropriate and entitle him to a continued stay.  Defendant is still faced with choosing between his Fifth Amendment rights and his defense of this civil case.

### III.   ARGUMENT AND CITATION OF AUTHORITY

This Court previously exercised its "broad discretion to stay [these] proceedings," and appropriately did so because the "interests of justice seem to require such action." Clinton v. Jones, 520 U.S. 681, 706 (1997); Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995). "Special circumstances" were present when the original Motion to Stay was filed, and these "special circumstances" remain. United States v. Lot 5, Fox Grove, Alachua Cnty. Fla., 23 F.3d 359, 364 (11th Cir. 1994) (quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1990)).

As this Court is aware, the relevant factors to determine whether special circumstances are present to justify a stay include: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiffs caused by the delay: (4) the private interests of and burden on the defendants, including the extent to which the defendant's Fifth Amendment rights are implicated; (5) the interests of the courts, including the efficient use of judicial resources; and (6) the public interest. S.W. v. Clayton Cty. Pub. Sch., No. 1:16-CV-0126-TCB, 2016 WL 2755607, at *1-3 (N.D. Ga. May 12, 2016). S.E.C. v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003).

### A.     The Criminal and Civil Cases Still Overlap Completely.

As previously demonstated in Defendant Burns' Brief in Support of Motion for Stay (Document 17-1), the bases for the criminal and civil cases are exactly the same.  Further, the procedurally dismissed indictment has not changed the bases for the actions.  Indeed, Mr. Howard specifically stated that probable cause for the arrest and indictment still exist. Exhibit A.  There is no reason to think that the District Attorney will not seek in the forthcoming, renewed indictment will be for any different same charges against Burns, but only that the DA cannot seek such indictment based on unconstitutional evidence prohibited by Vogt.  This Court has recognized the dangers of parallel proceedings where the same underlying circumstances are subject to both civil and criminal proceedings.  As discussed in Defendant's first motion, the overlap of issues is the **top concern** for reviewing courts.  S.W. v. Clayton Cty. Pub. Sch., 2016 WL 2755607, at *1-3; see also Doe 1 v. City of Demopolis, No. CIV A 09-0329-WS-N, 2009 WL 2059311, at *2 (S.D.Ala. July 10, 2009) ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."), *quoting* Dominguez v. Hartford Fin. Servs. Grp., Inc., 530 F.Supp.2d 902, 906-07 (S.D.Tex. 2008).  See also S.E.C. v. Dresser, 628 F.2d 1368, 1375-76, *citing* United States v. Henry, 491 F.2d 702 (6th Cir. 1974) (emphasis added).

### B. The DA Will Imminently Seek a Second Indictment.

There is no doubt that the DA will seek a second indictment against Defendant Burns, thus, his Fifth Amendment rights remain in jeopardy if the Court lifts the stay. Although, "[t]he mere possibility of a criminal prosecution is usually insufficient to warrant a stay," S.E.C. v. Zimmerman, 854 F.Supp. 896, 899 (N.D.Ga. 1993), in this case there is a *certainty* of another criminal prosecution if the DA has his way. This is merely not speculation, rather Mr. Howard has repeatedly publicly said he will renew the prosecution and specifically included in the *Nolle Prosequi* Dismissal that the reason was procedural pursuant to Vogt. See Exhibit F & Exhibit G. Mr. Howard went so far as to state that the case against Defendant Burns is "strong." Exhibit A.

Moreover, where other co-defendants have pled guilty and the civil defendant would likely face prosecution, courts have held that the mere threat of prosecution is real enough to warrant a stay. See S.E.C. v. Healthsouth Corp., 261 F.Supp. 1298, 1327. While there are no other potentially relevant defendants to take a plea, other steps in the prosecution for the incident have occurred, namely that an indictment has already been issued once against Defendant Burns, and the DA has publicly promised a second indictment. An indictment already issued and a second

forthcoming, clearly weighs in favor of a continued stay.  Frierson v. City of Terrell, No. Civ.A.3:02CV2340-H, 2003 WL 21355969, at *3 (N.D. Tex. 2003).

### C.  The Prejudice to the Defendant Still Far Outweighs the Potential Prejudice to the Plaintiffs.

There is no change to this factor from Defendant's first brief.  Plaintiffs have expressed no sudden undue hardship that outweighs Defendant Burns' Constitutional rights. See Corbin v. Federal Deposit Ins Corp., 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) (court finding that a stay may cause some inconvenience or delay, but protection of the defendant's constitutional rights against self-incrimination is "the more important consideration").

Because the criminal investigation by the District Attorney's Office and the GBI is ongoing, the Plaintiff will not suffer a loss of evidence.  The testimony of many witnesses has been preserved in the first grand jury proceedings, and additional witness testimony will be recorded and preserved in the next round of grand jury proceedings.  Further, the Plaintiffs in this case have taken approximately 30 depositions with more to come and innumerable documents have been produced. There is no risk evidence will be lost in this case due to delay.

As there is no specific, identifiable need for the Plaintiff to proceed with this case against Defendant Burns immediately and the evidence has and will continue to

be preserved by the criminal investigations and eventually available to the Plaintiff, the Plaintiff is unlikely to suffer much, if any, prejudice if the stay is continued.

### D. **Defendant Burns will be Prejudiced by the Implication and Cost of his Fifth Amendment Rights**

Because Defendant Burns' criminal prosecution is forthcoming, he will continue to assert his Fifth Amendment privilege as he has done from the beginning of this action when criminal charges were a possibility, but not a guarantee. He faces life imprisonment or death in the criminal action and is therefore forced to assert his privilege at the risk of civil liability in this case. And while he has the right to assert his privilege, he is not shielded from the consequences of asserting privilege in this civil case. This is because, "the Fifth Amendment does not forbid adverse inferences against parties to **civil** actions when they refuse to testify in response to probative evidence offered against them." Baxter v. Palmigiano, 425 U.S. 308, 316, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)). Id. at 318, 96 S.Ct. 1551. While a criminal defendant is protected from adverse inference from refusing to proffer any evidence, a civil defendant is not so protected. Such an inference will unfairly prejudice Defendant Burns.

While asserting his Fifth Amendment Privilege has not compelled a judgment against him thus far in this case, it has and will continue to prevent any meaningful defense whatsoever in this civil action.  See United States v. Lot 5, Fox Grove, Alachua County, Fla., 23 F.3d 359, 34 (11th Cir. 1994) ("The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant.").  Defendant has been wholly unable to assert any meaningful defenses in the action.  In Defendant Burns' Answer, he invoked his Fifth Amendment protection for 22 out of 30 factual allegations.  He could only respond to jurisdictional or basic factual allegations to in a substantive way.

Because of the pending or future criminal charges, Defendant Burns has been unable to plead any affirmative defenses in this case.  This is because affirmative defenses admit some of the factual bases of the allegations but provide a legal excuse for that conduct.  If Defendant Burns were to raise any affirmative defenses I this case, it is a certainty that such would be used against him in the criminal case.  Specifically, the following affirmative defenses *could* be considered and perhaps utilized in this civil action if the criminal proceedings were actually resolved first and the fear of self-incrimination was not present:

1. Self-defense;

2. Defense of others, specifically the duty officer who called for assistance;

3. Defense of property;

4. Defense available to Law Enforcement Officer that the Decedent failed follow instructions to halt or stop;

5. Defense available to Law Enforcement Officer that the Decedent was an immediate threat to officers and the public by failing to stop his vehicle;

6. Justification because the Decedent was driving a vehicle towards him to harm him;

7. Justification because a search revealed that the stop was legal coupled with Decedent's act of driving towards Defendant Burns;

8. Last clear chance;

9. Assumption of Risk by Decedent;

10. Necessity;

11. Exigent circumstances;

12. Officer acted reasonably under circumstances, and

13. Officer acted consistent with training.

Defendant Burns cannot plead or even consider any of these defenses at this time without sacrificing his Fifth Amendment privilege.

A jury could find that any one of these defenses applies and thus absolves Defendant Burns of civil liability for Decedent's death. However, because affirmative defenses necessarily require admission of certain facts, Defendant Burns has been totally unable to available himself of these recognized civil tort defenses or even consider if they are applicable in this case. Forcing Defendant Burns to litigate this civil case in the face of criminal prosecution, requires that he would he ultimately have to forfeit these defenses entirely and assert his Fifth Amendment privilege. Justice certainly requires that Defendant Burns be able to consider and avail himself of all applicable affirmative defenses and not be forced to choose his hope of personal freedom over monetary liability.

E. **The Convenience of the Court and Judicial Economy still Weigh in Favor of a Stay**

This factor was discussed at length in Defendant Burns' original brief. But it is made even more relevant because if the stay is lifted during the limbo period before the next indictment is sought, Defendant Burns will be forced to file another motion for stay after the next indictment is filed. Lifting the stay briefly in between

these indictments will result in additional motions in the future, while maintaining the status quo of the stay will conserve judicial and party resources. And as discussed previously, the resolution of the criminal case could completely eliminate the need to litigate the instant case. See In re Grand Jury Proceedings (Williams), 995 F.2d 1013, 1018 N.11 (11th Cir. 1993); Maloney v. Gordon, 328 F. Supp. 3d at 513 (D. Del. 2004). The Court can continue to monitor the progress of the criminal case to ensure that the stay is lifted when the Fifth Amendment privilege is no longer a concern. See Walsh Securities, Inc. v. Cristo Prop. Mgmt. Ltd., 7 F.Supp. 523, 529 (D. N.J. 1998), *citing* Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y. 1985).

### F. No Public Interest will be Negatively Affected by Continuing the Stay

This factor was discussed extensively in Defendant's original Brief in Support of his Motion to Stay and nothing has changed by the temporary dismissal of the indictment. The priority is still to allow the law enforcement case to be prioritized over this civil case. See Campbell v. Eastland 307 F.2d 478 (5th Cir. 1962). The current "integrity of the criminal case," has, if anything, decreased in the eyes of the public because the indictment was dismissed, and allowing this case to negatively impact the criminal case could serve to rock the public's confidence that the civil justice system will respond appropriately when police incidents occur. Jones v. Conte, 2005 WL 1287017, *2 (N.D. Cal. Apr. 19, 2005) ("the public's interest in the integrity of the

criminal case is entitled to precedence over the civil litigant"), *quoting* Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D. N.Y. 2003).  District Attorney Paul Howard recognizes the gravity of the criminal case to the public and the ripple effect it will have across the country, which is undoubtedly why he chose to start fresh and seek a new indictment, and not continue with a constitutionally improper case.

Because the "delay of the non-criminal proceeding [will] not seriously injure the public interest, [this] court may be justified in deferring it."  S.E.C. v. Dresser, 628 F.2d 1368, 1375-76.  The public interest aligns with the criminal prosecution and the civil action should not stand in the way of it, especially in light of the significant popular interest in police officer cases.

### G. Civil Discovery will Prejudice Defendant During the Pendency of the Criminal Proceedings

As discussed in Defendant's first brief on this topic, civil discovery is much broader than in criminal cases.  If Plaintiff is permitted to a conduct a thorough civil discovery right now as to Defendant Burns, information far beyond what the Government is entitled to in the criminal case will be obtained and of course shared with the Government, thus providing an unfair advantage to the Government and a serious disadvantage to Defendant Burns in his criminal case.  Even a Rule 26 Order is insufficient to protect against this; the only result that protects the integrity of the

criminal process for all involved and the integrity of this civil proceeding, is a continued stay.  See Andover Data Services Division of Players Computer, Inc. v. Statistical Tabulating Corp.. 876 F.2d 1080, 1083 (2nd Cir. 1989).

### IV.   CONCLUSION

Because of the current political and social climate, this case is bigger than the few parties involved.  And what is at stake is bigger than the monetary damages Plaintiff seeks. Indeed, this case and underlying incident has national consequences and ramifications.  People are watching the parallel criminal and civil cases closely.  And nothing has changed since this Court granted the stay originally.  While the indictment has been procedurally dismissed, it is only a matter of time before the DA feels the eyes of nation on him and brings the indictment again.  District Attorney Paul Howard, an elected official, has publicly and repeatedly vowed to bring the criminal case again.

In such circumstances, the Defendant will be handicapped to defend himself if stay is lifted or the Government will learn of his defenses in advance of the criminal trial. Defendant Burns' personal liberty and freedom is at stake in the criminal case, so he is forced to protect himself from that at all costs.  Defendant Burns respectfully requests that he be allowed to protect and defend his *physical person* and then address the claim of any civil liability, as the law permits this Court to do.

Defendant Burns asks that the stay remains in effect as originally ordered until the criminal case against him is actually and finally resolved.

Respectfully submitted this _____<sup>th</sup> day of August, 2018,

/s/     Mary A. Prebula
Mary A. Prebula
Georgia Bar No. 586743
PREBULA & ASSOCIATES LLC
3400 Peachtree Rd. NE
Suite 1250 Lenox Towers North
Atlanta, GA 30326
(770) 495-9090 phone
(770) 497-2363 fax
mprebula@prebulallc.com
**Attorney for Defendant Burns**

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed **DEFENDANT JAMES BURNS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Shean D. Williams, Esq.
Samuel L. Starks, Esq.
The Cochran Firm Atlanta
The Equitable Building
100 Peachtree Street, Ste. 2500
Atlanta, Georgia 30303
SWilliams@cochranfirmatl.com
SStarks@cochranfirmatl.com

Robert N. Godfrey, Esq.
Rita Cherry, Esq.
Stacy J. Miller, Esq.
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
law-rmcherry@AtlantaGa.gov
SJMiller@AtlantaGa.gov

James E. Dearing, Jr., Esq.
James E. Dearing, Jr., P.C.
1596 W. Cleveland Avenue
Suite 102
East Point, GEORGIA 30344
jdearing@jed-law.com

This 20th day of August, 2016.

/s/     Mary A. Prebula
Mary A. Prebula
Georgia Bar No. 586743

PREBULA & ASSOCIATES LLC
3400 Peachtree Rd. NE
Suite 1250 Lenox Towers North
Atlanta, GA 30326
(770) 495-9090 phone
(770) 497-2363 fax
mprebula@prebulallc.com
**Attorney for Defendant Burns**