IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MELVA ROGERS and DERAVIS THOMAS, :
Natural Parents of DERAVIS CAINE ROGERS, :
Deceased; and MELVA ROGERS and DERAVIS :
THOMAS, as Administrators of the Estate of :
DERAVIS CAINE ROGERS :
:
    Plaintiffs, :
:
:  CIVIL ACTION
v. :  FILE: 1:16-CV-02578-TCB
:
:
CITY OF ATLANTA**,** a Municipal :
Corporation of the State of Georgia; and :
JAMES BURNS, individually and in his :
official capacity as a Police Officer of the City :
of Atlanta Police Department :
:
:
    Defendants. :
_____:

**PLAINTIFFS RESPONSE TO DEFENDANT JAMES BURNS'
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY CIVIL
ACTION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**

COME NOW, Plaintiffs, MELVA ROGERS and DERAVIS THOMAS, Natural Parent of DERAVIS CAINE ROGERS, Deceased, and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE ROGERS, and hereby file this response to *Defendant James Burns' Supplemental Brief in Support of Motion to Stay Civil Action Pending Resolution of Criminal*

1

*Proceedings*, and shows the Court as follows:

## I. **INTRODUCTION**

At the outset of this case, Plaintiffs opposed Defendant Burns' initial request to stay this action. However, the trial court ruled that the case against Defendant Burns would be stayed in its entirety, and further, that no discovery could be directed to Defendant Burns. As such, the Plaintiffs have been unable to conduct any discovery regarding the claims against Defendant Burns.

Since the last conference with the Court where the matter of continuing the stay against Defendant Burns was addressed, and briefing requested by the Court, the Plaintiffs have been notified by the Fulton County District Attorney's office that the case against Defendant Burns giving rise to this lawsuit is scheduled to be presented to the grand jury on September 5, 2018.

Because of the relationship between the claims asserted against Defendant Burns individually, and the Monell claims asserted against Defendant City of Atlanta, near all Plaintiffs' discovery that is directed towards Defendant Burns will likewise be relevant to Plaintiffs' claims against Defendant City of Atlanta. Accordingly, Plaintiffs will be prejudiced if unable to conduct discovery as to Defendant Burns.

While Plaintiffs would like a resolution of this case without substantial

delay, Plaintiffs believe that it is essential for the parties to have a complete and fair opportunity to conduct discovery. The current limitation of discovery prevents Plaintiffs from conducting adequate and complete discovery regarding the claims against both Defendants Burns and the City of Atlanta. In addition, the stay of discovery impacts Plaintiffs' ability to prepare and disclose experts, and to effectively respond to motions for summary judgement.

As shown herein, Plaintiffs believe that at this stage of discovery, continuing the stay of discovery as to Defendant Burns, while it will result in a delay of the proceedings, is nevertheless the most orderly and efficient way to complete discovery as to all parties and all claims. Considering the complexity of this litigation, and the burden that Plaintiffs must meet, Plaintiffs believe that it is in the best interest of justice to continue the stay of the discovery as to Defendant Burns until the resolution of his criminal trial.

### A. Current Stay of Discovery Regarding Defendant Burns

The scope of the current stay regarding Defendant Burns, precludes the Plaintiff from submitting any discovery to Defendant Burns, to include taking his deposition or submitting written discovery to Defendant Burns. The impact of the stay of discovery on Plaintiffs' claims, was addressed with the trial court, Judge Timothy Batten, Sr., at a discovery conference on June 27, 2017.

MR. WILLIAMS: To piggyback off of defendant Burns, one of the things that we have used previously in this courthouse regarding proving our Monell claims is taking the deposition of the defendant officer and going through obviously prior disciplinary issues or prior incidents that are relevant to the Monell claim that; that officer's training, supervision, that officer's opinions or testimony regarding whether his or her actions at the time of this incident was consistent with what he was told in training to do. They are always – those things are considered, in my view, relevant to the Monell issue.

We respect the Court's ruling on the stay with defendant Burns, but if this continues to go forward and the 120 days run out and we have not had the chance to depose defendant Burns, one of my issues of concern is not only with me getting an expert in this case that would not only address the issues of defendant Burns, but also the Monell issues. I would not have had the full opportunity of having the full discovery before I suspect the city of Atlanta will file their motion for summary judgment.

THE COURT: You are going to get to depose Mr. Burns before the city gets a ruling on any dispositive motion.

(Transcript of Motions Hearing, Document #74, Pages 22-23).

### B. Impact of Stay on Experts and Summary Judgment

Based on the previous ruling of Judge Batten, as described above, Plaintiffs have proceeded with an understanding that Plaintiff would be allowed to depose Defendant Burns prior to disclosing an expert, and prior to being required to respond to a motion for summary judgment filed by Defendant City of Atlanta. Judge Batten's ruling is consistent with Plaintiffs right to conduct adequate and thorough discovery, even as to the claims against Defendant City of Atlanta.

At this juncture, given the guidelines and framework for discovery set by Judge Batten, there are several reasons why Plaintiff believes it would be more orderly and efficient to continue the stay of discovery as to Defendant Burns, until the criminal matter against him is resolved.

There is no question that the Court and the parties would benefit from a thorough and complete record in this case. However, a complete record cannot be obtained without the testimony of Defendant Burns, to include testimony from him regarding this incident, prior incidents and discipline, as well as issues relating to his training and supervision. Plaintiff is concerned that if the deposition of Defendant Burns is taken prior to a resolution of his criminal charges, the Court and the parties will be forced to address and litigate disputes regarding the scope of

Defendant Burns' Fifth Amendment privilege, as to certain questions and topics.

## II. ARGUMENT AND CITATION OF AUHTORITY

Plaintiffs do not dispute the legal authority cited and relied on by Defendant Burns in support of their motion to continue the stay of discovery.  However, if this Court lifts the stay of discovery, Plaintiffs intend to submit written discovery to Defendant Burns, take the deposition of Defendant Burns, and conduct any other discovery that may arise from testimony and responses to discovery that may be offered by Defendant Burns.

As shown below, should Defendant Burns assert a Fifth Amendment privilege in response to any topics or questions submitted to him through discovery, Plaintiffs have the right to introduce any assertion of a Fifth Amendment privilege by Defendant Burns, as an adverse inference in this case, in response to a motion for summary judgment and at trial.  See *Simpson v. Simpson*, 233 Ga. 17 (1974); *Georgia v. Six Hundred Forty Thousand, seven Hundred Sixty-Eight Dollars in U.S. Currency*, 712 F. Supp 180 (1988).

### A. Fifth Amendment Privilege

The Fifth Amendment of the United States Constitution states, in relevant part, that "[n]o person … shall be compelled in any criminal case to be a witness against himself."  U.S. Const. amend V.  The privilege against self-incrimination

may be invoked in a variety of settings, including in "any proceedings, civil or criminal, administrative or judicial, investigatory or adjudicatory …" *Kastigar v. United States*, 406 U.S. 441, 444 (1972).

Pursuant to Fed. R. Evid. 501, federal courts are instructed to apply either common law, or state law on privileges in which state law supplies the rule of decision as to an element of a claim or defense. See F.R.E. 501. Under Georgia law, while Defendant Burns has the right to assert a Fifth Amendment privilege to questions that may incriminate him, he does not have the right to make a blanket invocation of the privilege, but, must justify the assertion of the privilege as to each question.

In *Jett v. State*, the Georgia Court of Appeals explained the scope and manner of a proper assertion of a Fifth Amendment privilege.

> Although our courts have recognized that the privilege against self-incrimination is applicable in civil cases, "there is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings. The privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." (Citations and punctuation omitted.) *Tennesco v. Berger*, 144 Ga. App. 45, 48 (240

> S.E.2d 586) (1977). The burden is on the individual claiming the privilege "to state the general reason for his refusal to answer and to specifically establish that a real danger of incrimination existed with respect to each question." (Citations and punctuation omitted.) *Petty v. Chrysler Credit Corp.*, 169 Ga. App. 418 (312 S.E.2d 874) (1984). <u>See also</u> *Chambers v. McDonald*, 161 Ga. App. 380, 381 (288 S.E.2d 641) (1982).

*Jett v. State*, 230 Ga. App. at 655.

Here, Plaintiffs do not dispute that Defendant Burns has a Fifth Amendment privilege as to certain questions that would be relevant to the issues presented in this case. However, Plaintiff will object to any blanket assertion of a Fifth Amendment privilege, where Defendant Burns cannot establish that there is a real danger in responding to particular questions or requests for specific discovery.

Federal courts within the 11th Circuit recognize that "[a] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *Regions Bank v. Kaplan*, 2015 U.DS. Dist. LEXIS 119410, *6-7 (September 8, 2015) (citing *S.E.C. v. Wright*, 261 Fed. Appx. 259 (11th Cir. 2008). In *Regions*, the trial court held that "[t]he Court may deny a stay so long as the privilege's invocation does not

8

compel an adverse judgment against the claimant." *Id.*

> Where the invocation of the Fifth Amendment privilege merely results in the loss of a defendant's most effective defense, not the automatic entry of summary judgment, the exception to the general rule does not apply. In determining whether the invocation of the Fifth Amendment privilege would result in an adverse judgment, the Court considers: 1) the extent to which issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously against the prejudice to the plaintiffs caused by the delay; 4) the private interests and burden on the defendants; 5) the interest of the courts; and 6) the public interest. *Coquina Investments v. Rothstein*, 2011 U.S. Dist. LEXIS 67968, 2011 WL 2530945 at *1 (S.D. Fla. 2011).

*Rostein*, *8.

The standard for granting a stay was also applied in *Hilliard v. Black*, 2000 U.S. Dist. LEXIS 20329 (2000), where the Court summarized the standard as follows:

> In this Circuit, the Fifth Amendment does not prohibit adverse

inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. See id.(citing *United States v. Single Family Residence*, 803 F.2d 625, 629 n.4 (11th Cir. 1986); *Baxter v. Palmigiano*, 425 U.S. 308, 317-18, 96 S. Ct. 1551, 1557-58, 47 L. Ed. 2d 810 (1976)). An exception exists where a defendant in both a civil and criminal case is forced to choose between waiving his privilege against self- incrimination or losing the civil case. See 936 F. Supp. at 956 n.4 (citing *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir. 1990), cert. denied, 498 U.S. 899, 111 S. Ct. 255, 112 L. Ed. 2d 213 (1990)). To trigger the exception, the invocation of the Fifth Amendment privilege must result in automatic summary judgment. See id. *Hilliard*, *10.

As stated above, Plaintiffs have the right to use and argue that any assertion of a Fifth Amendment privilege by Defendant Burns provides an adverse inference that can be used against him, and Defendant City of Atlanta, in support of any legal claims that relate to Plaintiffs burden of proof with respect to the constitutional claims that have brought against these Defendants. Specifically, Plaintiffs intend to use and rely on any assertion of a Fifth Amendment privilege by Defendant

Burns in opposition to any motions for summary judgement that are filed seeking to dismiss any or all of Plaintiffs' claims.

## **CONCLUSION**

For the reasons argued above, the stay of discovery as to Defendant Burns should remain in effect until the criminal matter against him is resolved.

Respectfully submitted, this  27th  day of August, 2018.

                                             /s/ Shean D. Williams
                                            Shean D. Williams, Esq.
                                            Georgia State Bar No. 764139
                                            Samuel L. Starks, Esq.
                                            Georgia State Bar No. 676515
                                            *Attorneys for Plaintiff*

THE COCHRAN FIRM – ATLANTA
100 Peachtree Street, Suite 2600
Atlanta, Georgia 30303
Telephone: 404-222-9922
Fax: 404-222-0170
Email: SWilliams@cochranfirmatl.com
        SStarks@cochranfirmatl.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MELVA ROGERS and DERAVIS THOMAS, Natural Parents of DERAVIS CAINE ROGERS, Deceased; and MELVA ROGERS and DERAVIS THOMAS, as Administrators of the Estate of DERAVIS CAINE ROGERS | : : : : : : : | |
| Plaintiffs, | : : : | |
| v. | : : | CIVIL ACTION FILE: 1:16-CV-02578-TCB |
| CITY OF ATLANTA, a Municipal Corporation of the State of Georgia; and JAMES BURNS, individually and in his official capacity as a Police Officer of the City of Atlanta Police Department | : : : : : : : : | |
| Defendants. _____ | : : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing *Plaintiffs Response to Defendant James Burns' Supplemental Brief in Support of Motion to Stay Civil Action Pending Resolution of Criminal Proceedings* to all counsel of record via the CM/ECF fling system which will send electronic notification to the following:

12

Rita M. Cherry, Esq.  
Staci J. Miller, Esq.  
City of Atlanta Law Department  
55 Trinity Avenue, Suite 5000  
Atlanta, Georgia 30303-3520  

Mary A. Prebula, Esq.  
Prebula & Associates, LLC  
3483 Satellite Boulevard NW  
Suite 200 The Crescent Building  
Duluth, Georgia 30096  

James E. Dearing, Jr., Esq.  
James E. Dearing, Jr., P.C.  
730 Peachtree Street NE – Suite 460  
Atlanta, GA 30308  

This  27th  day of August, 2018.

                                   _/s/ Shean D. Williams_____  
                                    Shean D. Williams, Esq.  
                                    Georgia State Bar No. 764139  
                                    Samuel L. Starks, Esq.  
                                    Georgia State Bar No. 676515  
                                    *Attorneys for Plaintiff*

THE COCHRAN FIRM – ATLANTA  
100 Peachtree Street, Suite 2600  
Atlanta, Georgia 30303  
Telephone: 404-222-9922  
Fax: 404-222-0170  
Email: SWilliams@cochranfirmatl.com  
         SStarks@cochranfirmatl.com