```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
 2                      ATLANTA DIVISION

 3   MELVA ROGERS, et al.,          )
                                    )
 4               Plaintiffs,        )
           v.                       )   CIVIL ACTION FILE
 5                                  )   NO. 1:16-CV-2578-MLB
     CITY OF ATLANTA, et al.,       )
 6                                  )   ATLANTA, GEORGIA
                 Defendants.        )
 7   _____)
                                    )
 8   ZABORA BROWN,                  )
                                    )
 9               Plaintiff,         )   CIVIL ACTION FILE
                                    )   NO. 1:17-CV-4850-MLB
10   CITY OF ATLANTA, et al.        )
                                    )   ATLANTA, GEORGIA
11               Defendants.        )
     _____)
12
                    TRANSCRIPT OF PROCEEDINGS
13          BEFORE THE HONORABLE MICHAEL L. BROWN,
                 UNITED STATES DISTRICT JUDGE
14
                    DISCOVERY TELECONFERENCE
15               Thursday, September 6, 2018

16   APPEARANCES OF COUNSEL:

17   For the Plaintiffs:       THE COCHRAN FIRM
                               (By:  Shean D. Williams
18                                   Samuel L. Starks)

19   For the Defendant         CITY OF ATLANTA LAW DEPARTMENT
     City of Atlanta:          (By:  Rita M. Cherry
20                                   Staci J. Miller)

21   For the Defendant         PREBULA & ASSOCIATES, LLC
     Burns:                    (By:  Mary A. Prebula)
22

23         Proceedings recorded by mechanical stenography
              and computer-aided transcript produced by
24                WYNETTE C. BLATHERS, RMR, CRR
                        (404) 215-1547
25
```

```
 1                    Thursday Afternoon Session

 2                      September 6, 2018

 3                         3:35 p.m.

 4                         -   -   -

 5                 P R O C E E D I N G S

 6          THE COURT:  Good afternoon, everyone.

 7          MS. PREBULA:  Good afternoon, Judge.

 8          MR. WILLIAMS:  Good afternoon, your Honor.

 9          THE COURT:  So we're here on Rogers v. City of

10   Atlanta, 16-CV-2578.  Could I get everyone to announce their

11   appearances, starting with the plaintiff and then the City and

12   then Mr. Burns.

13          MR. WILLIAMS:  Yes.  Shean Williams here on behalf of

14   the plaintiff.

15          MR. STARKS:  And Sam Starks, your Honor, for the

16   plaintiff.

17          THE COURT:  Ms. Cherry?

18          MS. CHERRY:  Rita Cherry and Staci Miller for the

19   City of Atlanta.

20          MS. PREBULA:  And Mary Prebula for Mr. Burns.

21          THE COURT:  All right.  So I recognize everybody's

22   voices because we've had so many of these calls, and so I

23   understand this one arose because plaintiffs' counsel filed a

24   30(b)(6) notice with what looks to be a large number of

25   topics, totaling 36.  The City saw it and decided that that
```

1   was too much or some of them are inappropriate, and the
2   initial reaction was let's get back on the line with the
3   judge.  Is that right?  Is that where we are?
4          MS. CHERRY:  Yes, your Honor.  However -- this is
5   Rita Cherry.  However, I did first send an email to
6   plaintiffs' counsel letting them know that I believe that a
7   discussion would be appropriate, and plaintiffs' counsel
8   responded and recommended that I file objections with the
9   Court.  And instead, I said, let's just talk with the Court
10  first.  So that's where we are, your Honor.
11         MR. WILLIAMS:  Your Honor, this is Shean Williams
12  speaking on behalf of the plaintiff.  Specifically, your
13  Honor, I don't know what the issue is because I've never had a
14  discussion with Ms. Cherry as specifically what topic or what
15  specific issue she or the City had with plaintiffs' notice,
16  30(b)(6) notice.  And so I assume that we're here because
17  certain aspects of the notice, but I don't know exactly which
18  specific topics are at issue or what the legal basis for the
19  argument under the federal rules are.
20         THE COURT:  I think I'm in the same spot,
21  Mr. Williams.  I think it would have been better for the City
22  to have laid out their issues with you all and tried to come
23  to an agreement and then come to the Court, but we are close
24  to the end of discovery in this case.  I have looked back.  I
25  think this is our fifth or maybe sixth teleconference on a

1  discovery issue, which I think is more than I've had on all of
2  the other cases I have in the same period of time.  So part of
3  me thinks that that meant y'all should be talking more, but,
4  on the other hand, I'm just going to do whatever I can do to
5  get y'all to the end of discovery.
6           MR. WILLIAMS:  Thank you, your Honor, and that is
7  fine.  I just don't even know what I'm prepared to address
8  because I don't know what the issues are.  So the only point I
9  was making when the Court said you believe this is how we got
10 here, I was letting the Court know that on the plaintiffs'
11 perspective I couldn't agree with it because I don't know how
12 we got here.  All I know is she, Ms. Cherry, said that she
13 had -- the direct quote I got was that our 30(b)(6) exceeded
14 the scope of the 30(b)(6).
15          And then I specifically sent an email asking what
16 specific topics are you objecting to and what the basis is,
17 then the only response I got was duplicative, which I still
18 had never heard as an objection.  So I don't know what the
19 issue is and I'm -- I'll wait to hear from the City and then
20 try my best to address it.
21          THE COURT:  Okay.  All right.  Ms. Cherry, it's up to
22 you.
23          MS. CHERRY:  All right, your Honor.  Thank you very
24 much.  Judge, first of all, I'd like to say that I did send
25 plaintiffs' counsel an email stating that the City contends

1   that the topics in there, in Exhibit A of their 30(b)(6)

2   notice, exceeded the scope of a 30(b)(6) under the federal

3   rules, as well as many of them were duplicative.  And so

4   that's where we are.

5           THE COURT:  Okay.

6           MS. CHERRY:  Well, first of all, your Honor, the City

7   has concerns about the 30(b)(6) notice, specifically Exhibit

8   A, both procedurally and substantively.  For starters, in our

9   last conference on August 2nd of 2018 the Court made it clear

10  that discovery has gone on a long time.  It has just taken

11  plaintiffs a long time to notice the 30(b)(6), and plaintiffs'

12  counsel represented to the Court that he could notice the

13  30(b)(6) deposition right now.  Those were his words.  He said

14  that it was 95 percent complete, and he is in a position to

15  notice it now.  That was on August 2nd.

16          The deposition was not noticed until the end of

17  August, specifically August 31st.  The reason that that is

18  important is relative to the scope, your Honor.  The scope of

19  the deposition we anticipate would require somewhere between

20  seven to nine designees, and the testimony could go on for

21  days given the breadth of the topics and the information

22  requested.

23          As to our concerns with the substance of these

24  topics, many of the topics where plaintiff seeks testimony

25  have already been provided to plaintiff in the form of a fact

1    witness.  And looking at the topics, the City would in all

2    likelihood designate the same individual who provided

3    testimony as a fact witness or as a 30(b)(6) witness because

4    there's no difference between that individual's knowledge and

5    the City's knowledge.  So that's number one.  They are

6    duplicative in that the topics cover matters which have been

7    covered and would be covered by the identical same person.

8           The second thing, your Honor, is that several of the,

9    quote unquote, topics seem to be nothing more than a request

10   for verification of an interrogatory response or document

11   request response.  As His Honor will see, that many of the

12   topics request confirmation as to whether you've produced

13   everything or whether this is everything in its entirety.

14          The other concern is that the 30(b)(6), the

15   underlying meaning and understanding and reason for the

16   30(b)(6) is to provide the corporation's knowledge and to

17   streamline this process.  Plaintiff is seeking information

18   that almost appears to be delving into matters which have --

19   should have been covered during discovery in the year and a

20   half that we've been conducting discovery and also borders the

21   mental impressions of the City.  And I'm specifically with

22   this concern referencing those topics on the Citizens Review

23   Board.

24          And I'll say this, finally, your Honor, that all of

25   those questions -- topics that are presented on the Citizens

1  Review Board have family -- the director of the Citizens

2  Review Board has been deposed by plaintiffs.  All of the

3  investigators for the Citizens Review Board have been deposed.

4  Chief Turner has been deposed at length on this, and these

5  will be the same witnesses designated again.  So the City

6  believes in that regard much of this is duplicative.  Much of

7  this seeks nothing more than a verification of submitted

8  discovery, and we believe that given the scope plaintiffs'

9  counsel just took too long to notice this, vis-a-vis his

10  representation to the Court that he was ready to move forward

11  on August 2nd.

12        THE COURT:  Well, I mean, I see what you're saying,

13  that some of these are -- they don't look like any 30(b)(6)

14  subject designations that I've ever seen before.  I'm not sure

15  how that cuts.  I mean, you know, like No. 1, as far as I'm

16  concerned, No. 1 allows for one question to be asked.  Are

17  these all the reports?  And I think the answer is yes or no.

18        MS. CHERRY:  We agree, your Honor.

19        THE COURT:  And so I'm just not sure that -- on the

20  other hand, I'm not sure that they can't do something that

21  specific.  No. 4, No. 5, confirm whether --

22        MS. MILLER:  And, your Honor, if I --

23        THE COURT:  Give me a second to read this.

24        MS. MILLER:  I'm sorry.  Okay.

25        (Brief Pause.)

1          THE COURT:  I think these are sort of requests for

2     admissions.

3          MR. WILLIAMS:  Does the Court want to hear from the

4     plaintiff or -- I just didn't know if we were asking the

5     question to us.

6          THE COURT:  I'm just looking at them for a minute.  I

7     mean, the City hasn't given any more specific we don't agree

8     with this number or that number.

9          MS. CHERRY:  Your Honor, we do have them itemized,

10    but just for brevity sake, I sort of did an overall, you know,

11    overview.

12         THE COURT:  I get it.  I get it.  I mean, let's hear

13    from the plaintiff.  I mean, I think that one -- I think that

14    4, 5, 6, 7, I don't think you're going to get more than a

15    one-word answer.  I know it says to include an explanation of

16    the adverse actions pertaining to the following officers, but

17    do you really expect somebody to come in with knowledge of

18    every one of these officers and all of the level of detail

19    that you've requested?

20         MR. WILLIAMS:  So which -- to answer the Court's

21    question regarding that particular thing, yes, we do

22    specifically request somebody pursuant to what the civil --

23    the Federal Rules of Civil Procedure says the scope of a

24    30(b)(6) allows us to do.  Sometimes the question would be

25    just a yes or no question but under the rules -- and I have

1  cases that support this.  That's why I really would have liked

2  to know what specifically their position is, because I would

3  have liked to have briefed it and given the Court the law on

4  this.  But the bottom line is, your Honor, is Rule 30(b)(6) --

5  and I will cite this.  2013 U.S. District Lexis 202343.  It's

6  a northern district court --

7          THE COURT:  202343?

8          MR. WILLIAMS:  2013 U.S. District Lexis 202343, your

9  Honor.

10          THE COURT:  What's the name of the case?

11          MR. WILLIAMS:  It is the *Monopoly Hotel Group LLC v.*

12  *Hyatt Hotels Corp.*  And this issue about the scope of a

13  30(b)(6) came up, and the relevant law that I think that I

14  want to address, what Mrs. Cherry said about duplicative and

15  those things and opinions and beliefs, it says the designated

16  witness must testify not only about the facts within the

17  corporation's collective knowledge but also about the

18  corporation's position, beliefs, and opinions.  Designee

19  presents corporate position and subjective beliefs and

20  opinions in interpretation of documents and events.

21          And so what we've done, your Honor, is -- one aspect

22  of our questions is to, in fact, get a corporate

23  representative, which we have a right under 30(b)(6), to

24  confirm that they have, in fact, produced all of the documents

25  that we have requested in certain aspects of discovery, which

1  is going to be -- is an important thing.  So you're right.  It

2  is in a sense like a request for admissions, but we have a

3  right to ask a corporate representative to be present on the

4  record on behalf of the company, which is the City of Atlanta,

5  to provide.

6        It also, as relates to duplicative, this is a

7  30(b)(6).  The fact witnesses are speaking on behalf of their

8  individual knowledge and information as fact witnesses.  As

9  relates to the 30(b)(6) and the purpose of a 30(b)(6), as I

10  just set forth, is to get the position of the company, which

11  is the City of Atlanta.  And so it is duplicative in a sense

12  we might have asked those questions to fact witnesses, but we

13  have a right under 30(b)(6) to have a corporate position on

14  those same questions, which is going to be relevant in the

15  potential motions for summary judgment.

16        The case of the *City of Atlanta v. Brown*, which is a

17  summary judgment case where the City filed a motion for

18  summary judgment and Judge Pannell denied that motion, he

19  actually used the testimony of the City 30(b)(6) witnesses in

20  support of denying the motion.  And so these topics that

21  Ms. Cherry said are duplicative are just questions that we

22  believe under the Federal Rules of Civil Procedure in the

23  Northern -- in the case law in the Eleventh Circuit we have a

24  right to ask the corporate representative.

25        I don't know any case that Ms. Cherry can cite to me

1  that I've seen where duplicative -- that the fact that we ask

2  the fact witness that question precludes us asking the

3  corporate representative that question so we can have a

4  corporate position on that same question.

5          THE COURT:  I don't --

6          MS. CHERRY:  I can cite to several, if the Court

7  would like for me to do so.

8          THE COURT:  I will tell you, man -- I don't -- I will

9  tell both of y'all this:  I think this is not right for me to

10  get involved in, and I don't think that this is my highest and

11  best use right now.  I think that these requests are far

12  different from what is required or what is authorized by

13  30(b)(6).  I don't think that a 30(b)(6) deposition is an

14  opportunity for you -- for a party to ask every fine-toothed

15  question that they want to ask that they didn't ask by way of

16  an interrogatory or a document request.  On the other hand, I

17  think they have a right to have a designee of a corporate or

18  of a party representative testify to some extent even if it's

19  duplicate because they have a right to know what the parties'

20  position is.

21          So if you all want to brief this and you want to file

22  briefs for me on Monday, you can do that, and then we will

23  have a hearing next week about it.  But I'm going to expect

24  the plaintiff to provide me some case law that says you can go

25  into this level of detail, not simply something that says

1 they're required to testify about what they know and what is

2 available to them from the collective knowledge, but that you

3 can go into it into parsing this level of detail because I

4 have not seen them in this level of detail.  And if the City

5 has something that says they can't do it, I'll look at it.

6        I'm not going to extend the discovery in this case

7 except in regards to Mr. Burns and any limited follow-up that

8 is required in regards to Burns.  But it is kind of apparent

9 to me that plaintiffs' counsel and the City are not adequately

10 communicating in the way that they ought to be in order to

11 conclude this discovery.  So I really hope no one is going to

12 be coming back to this Court to ask for an extension of

13 discovery regarding Mr. Rogers' -- Rogers states allegations

14 against the City of Atlanta.

15        MR. WILLIAMS:  Your Honor, this is Shean Williams on

16 behalf of the plaintiff.  Can I get some clarity on an issue?

17 In light of the Court's direction that they're not going to

18 extend discovery, we have this notice for September 10th.

19        THE COURT:  And when does discovery expire?

20        MS. CHERRY:  September 14th, your Honor.

21        THE COURT:  When did we get notice of this?

22        MS. CHERRY:  August 31st.  This is Rita Cherry.

23        MR. WILLIAMS:  Are you saying when you got -- I'm

24 confused.

25        THE COURT:  I would hold out the 10th to the 14th.

1    Y'all are going to finish these depositions between the 10th

2    and the 14th.  You all -- I heard dates come in here that are

3    a lot more of what I believed, which was August 2nd to

4    August 31st.  That's a lot of time for nothing to have

5    happened, for you all to have raised this issue on August 31st

6    when discovery is fixing to run out.

7        So I hope I have been clear that I am not

8    anticipating any extensions of discovery in this case given

9    the way discovery has gone so far.  I have been with you all

10   in this for quite some period of time and am wholly

11   unimpressed with how much you all have done to advance

12   discovery.  I don't want long things.  I'll take five pages

13   each.  I want this very precise.  I don't need to know what

14   the general law is on 30(b)(6).

15       I want to know if you think there is something, the

16   plaintiff thinks there is something, that allows this level of

17   detail, and I'd like the City to tell me if there's something

18   they think prevents them from having to present a witness to

19   give an official 30(b)(6) answer because some other individual

20   has given that answer.

21       MR. WILLIAMS:  Your Honor, this is Shean Williams.

22   So I'm clear on what we are to provide -- because the typical

23   concept is that they file a protective order saying which

24   specific topics they take issue to and I respond to that, but

25   I understand that we're not doing that -- what specifically

1   are we to respond to?  Which issue?  Because is it the
2   duplicative one or is it the verification of documents one?  I
3   don't know because we have to obviously make a record to make
4   sure we're on point.  So I don't know -- like I said, I've
5   still never gotten, besides this call, what Ms. Cherry is
6   taking issue with.  I can address whether or not we have a
7   right to, in the brief for the Court, whether we have a right
8   to, under the law, to ask a fact witness questions, then ask a
9   corporate rep.  I also --
10       THE COURT:  All right.  I'll tell you what I'll do.
11  I'll give you each until tomorrow at the close of business to
12  file your respective positions, and I'll give you each by the
13  close of business on Monday to respond to each other.  That
14  way you'll know.
15       MR. WILLIAMS:  Okay.  Thank you, your Honor, because
16  I'm not clear on what the issue is other than what you just
17  said, and I don't know if that's what Ms. Cherry is saying.
18  So I appreciate that so I can know, since this is kind of
19  going out of what is normal.  Normal course, as the Court
20  knows, is a protective order would have been filed.  We would
21  have been able to respond to the particular issue, but I just
22  don't really know -- other than the duplicative things, I
23  think, and I don't know --
24       MS. CHERRY:  Your Honor, this is Rita Cherry.  If it
25  would make things easier, the City will be more than happy to

1   go first, and we'll have everything provided tomorrow, filed

2   with the Court, served on plaintiff, and then Monday they can

3   respond if that would make it easier.

4          THE COURT:  That's fine.

5          MS. MILLER:  Your Honor, this is Staci Miller.  I

6   just have one point to add to that.  If we're having briefs

7   and stuff due on Monday and we have until the 14th to complete

8   discovery, as Rita has said, there are at least eight

9   depositions that will need to occur, based upon the breadth of

10  the notice that we received, at least eight.  So, I mean, the

11  City is going to have to prepare these witnesses for their

12  depositions.  And plaintiffs' counsel, this idea is not lost

13  upon them.  They know that there's going to be multiple

14  depositions that need to make place all next week, all after

15  briefings.

16         MR. WILLIAMS:  Your Honor, can I just -- I'm very

17  respectful.  I was actually speaking for the record, and I

18  hadn't finished and I was interrupted.  So, first of all, I

19  wanted to finish what I was saying.  But to address exactly

20  what Ms. Cherry said, if she wants to file something tomorrow

21  that sets forth those issues, which is the same thing I asked

22  even before we got on this call, we can address that so that

23  we are properly in order so that we have a proper record

24  beyond just this issue in this case.

25         Number two, I was going to ask the Court, in light of

1  the deposition being scheduled on the 10th, right now do you

2  want us to just hold off on the 10th until the Court rules on

3  these issues or did you want us to go forward to the extent

4  that we could?  That's what I was trying to get clarity on,

5  your Honor.

6        THE COURT:  I thought I made it clear that I'm not

7  extending the discovery period.  You all can decide scheduling

8  around that.  There's going to be a 30(b)(6) deposition in

9  this case.  I don't think that the City going to object to

10  every one of these.  Perhaps by the end of the day tomorrow

11  you will know where there is no objection and maybe that

12  deposition -- I don't know how you all want to do it.  But you

13  all having wasted between August 2nd and August 31st is not a

14  basis for an extension of discovery.  And I have been actively

15  involved with the parties on this call over the last seven

16  months or so, and I do not see how this discovery could not

17  finish by the September deadline.

18        And what I'm hearing on today's call and what I'm

19  seeing in the other calls that we have make me believe that

20  there could be no good cause for needing an extension of the

21  discovery.  I can't imagine what it would be having lived

22  through this with you all.  So I would suggest that you do

23  whatever you all need to do to get depositions done by the

24  14th.  And then discovery will be over, and we'll do whatever

25  we can.

1          And then when or if something occurs with Mr. Burns,

2   we will have the limited discovery that is required there.  By

3   the way, Ms. Prebula, what is the status?  Have we gotten to

4   the day that you anticipated a potential indictment?

5          MS. PREBULA:  Yes, your Honor.  Mr. Burns has been

6   reindicted.

7          THE COURT:  Okay.  So we will have to figure out what

8   that means now and how long there will be a stay of this.

9   Plaintiffs' counsel agreed to a stay.  If there comes a time

10  when they challenge the need for continued stay, somebody will

11  tell me that, but until then discovery is going to end as

12  scheduled.

13         MR. WILLIAMS:  Last thing, your Honor.  As relates to

14  discovery ends on the 14th as scheduled, I assume that does

15  not include the expert reports of witnesses in light of the

16  fact of the stay with Mr. Burns; is that correct?

17         THE COURT:  I have not looked at the discovery order

18  in this case recently enough to know that.  Does it indicate

19  one way or the other?

20         MR. WILLIAMS:  What happened is before your Honor got

21  involved Judge Batten stated on the record that he understood

22  the significance of the need of the depth of discovery

23  involving the officer and any follow-up of that discovery

24  before we could proceed with expert testimony, as well as

25  finalization of motions.  So, my expert, part of his opinions

1  would obviously rely on the testimony of Burns, as well as any

2  follow-up witnesses that may flow from Burns's testimony.

3       THE COURT:  If that's what Judge Batten ruled, then

4  I'm not changing what Judge Batten ruled.

5       MR. WILLIAMS:  I just wanted clarity because you said

6  discovery will end in this case on the 14th, so I just wanted

7  for the record that what you're saying for discovery is

8  discovery as relates to the factual discovery regarding the

9  City of Atlanta case.  That was the clarity I was trying to

10 get from the Court.

11      THE COURT:  I understand.  I'm not trying to do

12 anything today other than keep us on the glide slope that

13 we've been on.  You've told me that Judge Batten ruled or told

14 you that discovery, expert discovery, would occur after the

15 stay regarding to Burns was over with.  If that's the case and

16 if there's nothing else that says to the contrary, that's

17 still the case.  I haven't looked at the scheduling order or

18 anything to confirm that.

19      MR. WILLIAMS:  Okay.

20      MS. PREBULA:  Your Honor, this is Mary Prebula.  I

21 don't believe that is included in Judge Batten's order, but I

22 obviously want to review it again.  We'll all have to review

23 it, but I do not believe that was within his final order.

24      THE COURT:  We can all review it.  We can talk about

25 it next week when we talk about the scope of this discovery --

1  of this deposition.

2      MS. CHERRY:  Your Honor, may I remind the Court of

3  one thing?  My leave has been submitted to the Court for

4  September 12th, 13th, and 14, which is next Wednesday through

5  Friday.  And that leave was submitted prior to Plaintiffs'

6  counsel noticing the deposition, so I want to remind the Court

7  of that.

8      MR. WILLIAMS:  Your Honor, so that we're clear, I

9  will tell, for the record, what our position is going to be.

10  We're just going to move forward with the deposition on the

11  10th, and they can provide whatever witnesses they deem

12  regarding these topics since the Court has ordered that all

13  discovery is on the 14th.  If there's any questions that are

14  objected or not responded to, we can take that up with the

15  Court either in that hearing or at any other motions.

16      As relates to the point that I was talking about

17  Judge Batten, Mary is right.  Judge Batten didn't specifically

18  say about experts.  What he said was he appreciated an

19  understanding that the plaintiff could not complete and

20  conclude his case against the City regarding the establishment

21  of this case regarding motion for summary judgment and to

22  complete the discovery.  What I said in that is reasonably

23  assuming in that is our expert report because our expert is

24  going to rely on the testimony of Mr. Burns as well as those

25  other witnesses.

1          So for me to provide the City or to do a report now

2     would be premature because we have not been allowed to

3     complete the discovery regarding Mr. Burns that we believe is

4     relevant to the City's -- our claims against the City.  That's

5     why I brought that up.  But Mary is right.  Judge Batten never

6     got to the point of the expert issue because we never got that

7     far.

8          So I just wanted to clarify to make sure that I

9     wasn't misleading the Court or saying anything.  I just wanted

10    it clear that the reason we have not identified an expert,

11    because we haven't been able to complete the discovery on

12    certain issues regarding Burns and those follow-up witnesses

13    that our expert would need and be relevant for the report that

14    would also be relevant to the motion for summary judgment

15    which Judge Batten did address in that formal order.

16         THE COURT:  I hear you.  How long do you all

17    anticipate discovery would be stayed?  I mean, I would assume

18    that -- is it Sergeant Burns?  I don't know if he goes by a

19    title now or not.

20         MS. PREBULA:  Not any longer, your Honor.  He was

21    Officer Burns.  I don't think we know that yet.  I think that

22    there are -- because everything, you know, restarted with this

23    new indictment and I do not have a timetable.  I know that --

24    I understand there are still motions pending, motions that

25    were filed that will be reasserted in this case, but I do not

```
 1   have a time frame.  I'm happy -- I think it's too new.  It's
 2   my understanding the indictment came down yesterday, your
 3   Honor, but I could be incorrect about that.  And so I think
 4   it's too new for me to know that, but I'm happy to talk to
 5   criminal counsel and see if I can get a feel for that before
 6   we reconvene next week.  I don't know that they will know that
 7   I --
 8           MR. WILLIAMS:  I can add some insight to that, as I
 9   met with the district attorney's office yesterday after the
10   indictment.  The case, your Honor, is going to be reassigned
11   to the judge it previously was assigned to, and obviously it's
12   a new case because it's a reindictment.  But the issues --
13   because some of those issues in discovery have already been
14   exchanged, the district attorney felt like the process should
15   go quicker.  And I anticipate, hopefully, some type of trial
16   in this case, hopefully, in the next six to nine months, based
17   on what the district attorney told us, told the family
18   yesterday.
19           THE COURT:  Okay.  All right.  So we're all clear
20   about what's going to happen over the next week or so?
21           MS. CHERRY:  This is Rita Cherry.  The Court has
22   instructed us to brief this issue.  However, Mr. Williams said
23   he plans to go forward with the 30(b)(6) on Monday, so we just
24   wanted to in light of, I guess, my leave next week Wednesday,
25   Thursday, and Friday --
```

1            MR. WILLIAMS:  No, I said Tuesday, is the 10th.  I

2   don't think you're on leave on the 10th -- no, it's actually

3   Monday, I think.  It is Monday.  You're right.

4            MS. CHERRY:  It's Monday, yes.

5            MR. WILLIAMS:  But I was going to go forward based on

6   what the Court directed us to do.  The Court wouldn't extend

7   it past the 14th.  You have a leave on the 12th through the

8   14th as well, so I was going to move forward.  If there is any

9   issue, from our perspective I just want to create a record,

10  and the Court can then rule on the briefs.  But at least I

11  have record.  I need to create a record of whatever questions

12  I ask and what the position is of the City and the Court to

13  rule on them.

14            But I think for the purposes of preserving the record

15  for my client and the Court's directions, if they're not

16  extending discovery by the -- past the 14th, I have no choice

17  but to move forward with the depo on the 10th, which I'm

18  prepared to do.

19            MS. CHERRY:  So, Judge, in light of that, what would

20  you like for us to do because if Mr. Williams says he's moving

21  forward on the 10th, and at this -- we're looking at

22  potentially, based on this, this notice, a minimum of eight

23  witnesses, a minimum, based on my reasonable calculation, of

24  maybe three, four days of testimony.

25            THE COURT:  And that goes into your vacation?

1          MS. CHERRY:  Yes.  Not only that, your Honor, but

2    even if I were not on leave, Mr. Williams has given us what I

3    consider to be somewhat of a last minute notice of a very

4    large number of testimony deposition hours.  This would take

5    most of the week even if I were not on leave.

6          THE COURT:  Are you going anywhere fun?

7          MS. CHERRY:  Well, the Gate City Bar Association has

8    a humanitarian trip to Cuba.  So I've never been to Cuba, so I

9    don't know if it will be fun.  But I will be participating

10   with the Bar Association in their efforts.

11         THE COURT:  Well, look, Ms. Cherry, I've had you in

12   this and other matters.  I'm not going to jam you up on that.

13   I'm going to do something I said a minute ago I wasn't going

14   to do, and that is I'm going to give you two more weeks of --

15   I mean, if we were to say that we would rule on this on

16   Tuesday, that gives you -- and then you could do the week of

17   the 17th to prepare and do depositions on the week of the

18   24th.  Does that work?

19         MS. CHERRY:  That would -- I think that would work

20   for the City, yes.

21         THE COURT:  Mr. Williams?

22         MR. WILLIAMS:  I have no problem with that, your

23   Honor.  The only thing I ask is whatever the schedule is on

24   her filing because --

25         THE COURT:  She's filing tomorrow, filing something

1  tomorrow.  You're filing something on Monday.  Sometime on

2  Tuesday we're going to talk about it, and then you're going to

3  have depositions the week of the 24th, as many as it takes the

4  week of the 24th.  But I'm not going to make Ms. Cherry miss

5  what she's doing, and I'm not going to make the City get

6  jammed up and rushed because there was a delay between the 2nd

7  and the 31st of August.

8        MR. WILLIAMS:  I have no problem with that, your

9  Honor.  I wasn't trying to delay anything or cause the City

10  any problems.  The only question is I assume this motion that

11  she's filing tomorrow -- because I'm trying to make sure I'm

12  procedurally right, and the Court is with the federal rules --

13  I'm assuming it's a motion for protective order.

14        THE COURT:  I don't think it is.  All I've asked her

15  to do is file something short that tells me what her position

16  is.  I don't want it to be more than five pages.  But I would

17  like her to identify the ones that she's objecting to and the

18  basis with any case law, and then you can do exactly the

19  same.  I'm going on -- I think it is Rule 1 that says that I

20  should try to do this the most efficient way that I can.

21  So --

22        MR. WILLIAMS:  Rule 1 of the federal rules?

23        THE COURT:  Yeah, something like that.  There's a

24  rule in there that talks about making it easy and making it

25  efficient.  Okay?

```
1            MR. WILLIAMS:  Okay.  I will look at that, and I will
2    address that within our briefing.  Thank you, your Honor.
3            THE COURT:  No, I don't mean -- I don't mean you need
4    to address it.
5            MR. WILLIAMS:  No, your Honor.  All I'm saying is
6    this, your Honor --
7            THE COURT:  Listen to what Rule 1 says.  Rule 1 says
8    that the rules should be construed, administrated, and
9    employed by the Court to secure the just, speedy, and
10   inexpensive determination of every action and proceeding.  So
11   I'm going to accept whatever she tells me tomorrow as well as
12   what she has said today to be a motion for protective order
13   that is going to give you the time you need, according to what
14   you've told me you can do today on this call, to make sure
15   that we can make a thoughtful, correct determination as to the
16   proper scope of the 30(b)(6) depositions.
17           MR. WILLIAMS:  And, your Honor, I wasn't trying to
18   suggest that I didn't agree with what you're saying.
19           THE COURT:  Okay.
20           MR. WILLIAMS:  I'm more for clarity because I have a
21   duty to my client to just protect the record.  I was making
22   sure I understood what we were proceeding under so that when
23   I'm starting my research and briefing and I respond on Monday,
24   I'm under the right course or scope because I believe there is
25   case law regarding this issue that -- how this proceeds and
```

1  what her vehicle of getting to you.  That's why I asked the

2  question.

3       THE COURT:  Are you telling me that what you're going

4  to brief is whether she has raised the issue the right way

5  with a protective order?

6       MR. WILLIAMS:  I believe there's case law, your

7  Honor, that says a protective order is not proper in a

8  30(b)(6) until you ask the question and the topic comes up and

9  we're supposed to bring it back to you after that.  Well, I do

10 believe there's case law on that but I'm not -- we can address

11 it at a point.

12      I'm just -- since you asked the question, I don't

13 even believe what we're doing procedurally if -- depending on

14 what she's citing and the basis, is the reason why I started

15 this off, and I asked her to tell me what are we here for,

16 what is the basis.  And why I said to you from a second ago, I

17 need to know what her position is because my response,

18 according to the rules and protecting the interest of my

19 client and the rights in the record, my response is going

20 to be according to what she's claiming I'm not doing

21 properly.

22      THE COURT:  I understand.  But, Mr. Williams, you

23 filed your 30(b)(6) motion without enough time for us to go

24 through a long briefing schedule.  I want you to address --

25 you can address whatever you want in the limited space you

1   have, but it is my hope that you will address this question,

2   whether her specific objections, regardless of the vehicle

3   used to raise them, whether her specific objections are

4   substantively correct, whether or not you have a right to take

5   a deposition that has this type of notice or whether there are

6   some of them that are objectionable for one reason or another.

7   That's what I intend to rule upon.

8          I don't want you to come back midway through a

9   deposition and at that point want a ruling.  I'm trying to do

10  this thoughtfully so that on Tuesday we will rule, and you all

11  will hopefully know what the ground rules are for the

12  deposition.  If something comes up in the deposition, call me,

13  but I'm hopeful that that won't happen.  But I really hope you

14  will address the substantive issues that she raises as to

15  whether or not her objections are valid objections rather than

16  whether the vehicle is the right vehicle.  If you want to

17  address that too, go ahead and address that too.  But given

18  the scheduling that you all have gotten us into, I'm trying to

19  give you all an opportunity to get to the substance.  Does

20  that make sense?

21         MR. WILLIAMS:  It does, your Honor, and if -- and the

22  way I understand the law on 30(b)(6) and the objection of the

23  30(b)(6), which is why I asked Ms. Cherry this question

24  before, is whenever -- I'm assuming when she files the motion

25  tomorrow, she's going to go topic by topic and what the

 1   specific objection is.  Then I can address it each topic

 2   because the law on this issue is with reasonable particularity

 3   as relates to putting the corporate entity on notice to

 4   provide a witness.

 5          And so that's why I was just trying to make sure that

 6   we didn't have the same issue on Monday because whatever her

 7   motion is I'm going respond to that part of her motion as the

 8   record -- as I'm required to.  I'm not going to go -- I'm

 9   going to answer the Court's question, but I can only answer it

10   in the context of whatever I know the objection is and why,

11   and that's all I was saying.

12          THE COURT:  Okay.

13          MR. WILLIAMS:  I'm very clear now.

14          THE COURT:  Okay.

15          MS. PREBULA:  Judge, do we -- this is Mary Prebula.

16   I have a commitment.  And I realize I'm tangential to this,

17   but I think it's important for me to be involved.  I have a

18   commitment to be out of the office Tuesday but can arrange to

19   call in.  I wonder if we wanted to schedule a call at the same

20   time, like at 3:30 on Tuesday, just so we'd go ahead and have

21   it, you know, set or if you would like to wait.

22          THE COURT:  Does that time work?

23          MS. PREBULA:  It would be difficult for me to be

24   available before 3:30 on Tuesday.

25          THE COURT:  3:30 is fine.

1          MR. WILLIAMS:  I'm actually in a deposition, and

2    since I am part of the argument -- and I don't think Mary is

3    part of the argument -- is there another time that we can --

4    the Court said on Tuesday?

5          THE COURT:  Yes.

6          MR. WILLIAMS:  And, Mary, the first time you're

7    available is 3:30?

8          MS. PREBULA:  I figured the judge, if he's getting

9    briefs on Monday, would like to review them, and I thought we

10   might want to set it.  But I will accommodate whatever the

11   Court tells me to accommodate.

12         THE COURT:  What time will your deposition end,

13   Mr. Williams?

14         MR. WILLIAMS:  That's the part -- I don't know.  If

15   the Court -- if I could start -- I think we're taking a break

16   and starting back up.  Is 2:00 o'clock possible at all?  Mary,

17   I don't know how long this is going to take, but, Mary, is

18   2:00 o'clock possible?  Because I know that's in between the

19   two depos.

20         MS. PREBULA:  I'll make it happen if that's what the

21   Court wants to do.

22         THE COURT:  That's fine.  We'll move something here.

23         MS. CHERRY:  Okay.  2:00 o'clock works for the City

24   as well.

25         THE COURT:  All right.  Well, we'll talk to y'all.

1   Thank you.

2          MS. CHERRY:  Okay.  Thank you, Judge.

3          (Whereupon, the proceedings were adjourned at 4:25

4   p.m.)

5                          -  -  -

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORTERS CERTIFICATE

 1

 2

 3

 4         I, Wynette C. Blathers, Official Court Reporter for

 5   the United States District Court for the Northern District of

 6   Georgia, with offices at Atlanta, do hereby certify:

 7         That I reported on the Stenograph machine the

 8   proceedings held in open court on September 6, 2018, in the

 9   matter of MELVA ROGERS et al. v. CITY OF ATLANTA, et al., Case

10   No. 1:16-CV-02578-MLB; that said proceedings in connection

11   with the hearing were reduced to typewritten form by me; and

12   that the foregoing transcript (Pages 1 through 30) is a true

13   and accurate record of the proceedings.

14         This the 24th day of September, 2018.

15

16

17

18         _____

19         /s/ Wynette C. Blathers, RMR, CRR
               Official Court Reporter

20

21

22

23

24

25